FILED
2021 Dec-07  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **DAVIS PRODUCT CREATION AND CONSULTING, LLC, d/b/a BEESNTHINGS,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **CASE NO.: 1:19-cv-00848-CLM** ) |
| **BRIAN BLAZER d/b/a CARPENTER BEE SOLUTIONS,** | ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

In its February 2, 2021 complaint, Plaintiff Davis Product Creation and Consulting, LLC d/b/a BeesNThings (DPCC) sues Defendant Brian Blazer d/b/a Carpenter Bee Solutions (Blazer), seeking a declaratory judgment and injunctive relief. *See* Doc. 1 in the now-consolidated Case #1:21-cv-00166-CLM (2021 Complaint). Blazer asks this court to dismiss the 2021 Complaint for lack of subject-matter jurisdiction and for failure to state a plausible claim for relief. Doc. 95. For the reasons stated within, the court will **DENY** Blazer's Motion to Dismiss.

## STANDARD OF REVIEW

On Rule 12 motions to dismiss, the court accepts the allegations in DPCC's complaint as true and construes them in the light most favorable to DPCC. *Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). But the court need not

accept legal conclusions or unwarranted factual inferences as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The ultimate question is whether all DPCC's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Id.* at 678–79. If the facts as pleaded could entitle DPCC to relief, the court must deny Blazer's motion to dismiss. If, however, the court accepts all DPCC's pleaded facts as true, and DPCC still would not be entitled to relief, then the court must grant the motion. The court will only consider the complaints and briefs on the motion to dismiss.

## <u>SUBJECT MATTER JURISDICTION</u>

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). DPCC is asserting that the court has jurisdiction to issue a declaratory judgment under a statute—the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (the Act). For a federal court to have subject-matter jurisdiction under the Act, a party must plead facts in its Complaint sufficient to show a justiciable case or controversy. 28 U.S.C. § 2201(a); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1376 (Fed. Cir. 2012).[1] The Act provides, "In a case of actual controversy within its

---

[1] "Whether an actual case or controversy exists so that a district court may entertain an action for declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co.*, 673 F.3d at 1377.

jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "'[A] case of actual controversy' refers to the types of 'cases' and 'controversies' that are justiciable under Article III of the U.S. Constitution." *3M*, 673 F.3d at 1376 (citing *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 239–40 (1937)).

"Although there is no bright line rule to determine whether a declaratory judgment action satisfies Article III's case-or-controversy requirement, the dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interests; [must be] real and substantial[; and must] admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *MedImmune*, 549 U.S. at 127). The court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

"[T]o establish an injury in fact traceable to the patentee a declaratory judgment plaintiff must allege an affirmative act by the patentee relating to the enforcement of his patent rights." *3M Co.*, 673 F.3d at 1377 (citing *SanDisk Corp.*

*v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380–81 (Fed. Cir. 2007)). Courts should evaluate the affirmative-act requirement using a case-by-case analysis. *3M*, 673 F.3d at 1378–79. A direct claim of infringement by the patent holder need not support subject-matter jurisdiction. *See ABB, Inc. v. Cooper Indus., LLC*, 635 F.3d 1345 (Fed. Cir. 2011) ("A specific threat of infringement litigation by the patentee is not required to establish jurisdiction."); *Arrowhead Indus. Water Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1998) (recognizing that an actual controversy may be found with no communication from patent holder to declaratory judgment plaintiff).

## BACKGROUND

Blazer owns United States Patent No. RE46,421 (Patent '421) from the United States Patent and Trademark Office.[2] And Blazer has three pending lawsuits with DPCC—this one and two in the Western District of Texas—that stem from Patent '421. The 2021 Complaint is just part of the Alabama case.

1. <u>The Side-Mounted Traps</u>: Blazer submitted a notice to Amazon.com (Amazon), alleging that DPCC's Side-Mounted Carpenter Bee Traps infringed on his '421 patent. Amazon sent DPCC a copy of its "Policy Warning" and removed DPCC's Side-Mounted Carpenter Bee Traps from its website and blocked DPCC

---

[2] Patent '421 was formerly U.S. Patent No. 8,375,624.

from selling any of its products on Amazon. DPCC has been unable to sell any of its products on Amazon since March 4, 2018.

On March 2, 2018, DPCC informed Blazer that it had an absolute intervening right, under 35 U.S.C. § 252, to sell or offer to sell its remaining inventory of Side-Mounted Carpenter Bee Traps. DPCC requested that Blazer notify Amazon of DPCC's right to sell so that Amazon would re-list DPCC's Side-Mounted Traps on its website. Blazer failed to do so. This court granted partial summary judgment, acknowledging that DPCC has an absolute intervening right to sell or offer to sell its inventory of Side-Mounted Carpenter Bee Traps manufactured, paid for, and received before June 6, 2017. Doc. 71. Yet, Blazer has not removed his complaint, so Amazon continues to bar DPCC from selling ***any*** products on Amazon. *See* doc. 1 in Case #1:21-cv-00166-CLM at 5–6.

2. <u>The New Design</u>: In 2020, DPCC launched a new carpenter bee trap design (New Design), which DPCC has been selling in less-profitable markets because it cannot sell the New Design on Amazon. DPCC sent Blazer photographs and a model of the New Design to find out whether Blazer believed that the New Design infringed on Patent '421. Blazer did not respond.

# ANALYSIS

## I.     Declaratory Judgment

In Count I, DPCC asks the court to declare "that that DPCC, its retailers and its distributors, have the right to sell the New Design Bee Trap on Amazon and elsewhere." 2021 Complaint ¶27. DPCC claims that this court has subject-matter jurisdiction to make this declaration under the Federal Declaratory Judgment Act (Act), 28 U.S.C. § 2201. *Id*. Blazer counters that the court does not have subject-matter jurisdiction to issue DPCC's requested declaratory judgment because Blazer has never taken an affirmative action to assert that DPCC's New Design infringes on his '421 Patent. Doc. 95.

But under controlling case law, the court may have jurisdiction even if Blazer hasn't directly asserted that DPCC's New Design infringes on his patent. *See ABB, Inc.*, 635 F.3d 1345; *Arrowhead*, 846 F.2d 731. To make that judgment here, the court considers these factors: (1) current and prior litigation between Blazer and DPCC/others, (2) Blazer's refusal to state whether DPCC's New Design infringes on his patent, and (3) Blazer's refusal to notify Amazon that DPCC can market its products for sale on Amazon.[3]

---

[3] Neither the Supreme Court, the Federal Circuit, nor the Eleventh Circuit has identified a definitive list of factors that a district court should always consider in determining whether it has subject-matter jurisdiction to issue a declaratory judgment. Rather, in a series of cases, the Federal Circuit relied on many different factors to find that a court had subject-matter jurisdiction to issue a declaratory judgment. *See, e.g.*, *ABB Inc.*, 635 F.3d at 1346–47; *Innovative Therapies v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1381 (Fed. Cir. 2010); *Hewlett–Packard Co. v. Acceleron LLC*,

### A. Blazer's litigation history with DPCC and others supports subject-matter jurisdiction over DPCC's declaratory judgment claim.

Prior litigation on the same or related patents can be an affirmative act that supports subject-matter jurisdiction over a declaratory judgment claim. *Arkema, Inc. v. Honeywell Intern., Inc.*, 706 F.3d 1351, 1358 (Fed. Cir. 2013) (concluding that prior litigation was a "sufficient affirmative act on the part of the patentee for declaratory judgment purposes"); *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1331 (Fed. Cir. 2014) ("[A] history of patent litigation between the same parties involving related technologies, products, and patents is another circumstance to be considered, which may weigh in favor of the existence of subject matter jurisdiction."); *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007) ("[R]elated litigation involving the same technology and the same parties is relevant in determining whether a justiciable declaratory judgment controversy exists on other related patents."); *Prasco*, 537 F.3d 1329 (holding that a patent holder's history of litigation with other parties is an appropriate factor for courts to consider in determining whether subject-matter jurisdiction exists under the Act).

---

587 F.3d 1358, 1362–64 (Fed. Cir. 2009); *Micron Tech., Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 899 (Fed. Cir. 2008); *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1334, 1341 (Fed. Cir. 2008); *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d at 1374–76. This court will discuss three of the factors that the Federal Circuit Court identified.

Blazer has consistently asserted claims to protect his patent rights against DPCC and others. DPCC and Blazer have engaged in litigation spanning the past eight years, including three ongoing lawsuits about Blazer's '421 Patent. DPCC's attempt to sell the New Design may expose DPCC to significant liability if Blazer decides to pursue infringement actions against DPCC, its retailers, and its distributors. Further, DPCC still cannot offer its New Design for sale on Amazon. DPCC is seeking a determination of its legal right to sell its New Design. The current and prior litigation history between DPCC and Blazer, as well as Blazer's consistent history of asserting patent rights against third parties, support finding that subject-matter jurisdiction exists in this case.

### B. Blazer's failure to assure DPCC that he will not try to assert his patent rights against the New Design supports subject-matter jurisdiction.

Though not dispositive, a patent holder's "refusal to give assurances that [he] will not enforce [his] patent rights is relevant to the determination" of whether the court has subject-matter jurisdiction to issue a declaratory judgment. *Prasco*, 537 F.3d at 1341 (quoting *BP Chems, Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 980 (Fed. Cir. 1993). Here, DPCC asked Blazer to clarify whether he alleges that the New Design infringes on the '421 Patent. Blazer did not respond to DPCC's inquiry, which supports finding jurisdiction. Granted, the weight would be heavier if DPCC had specifically requested a covenant not to sue and Blazer refused. But Blazer's

failure to respond to DPCC's inquiry (as worded) still favors finding that subject-matter jurisdiction exists in this case.

**C. There is a substantial controversy between DPCC and Blazer of sufficient immediacy and reality to support that subject-matter jurisdiction exists on DPCC's declaratory judgment claim.**

Article III jurisdiction may be present where a patent holder takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal activity or abandoning what he claims a right to do. *See SanDisk Corp.*, 480 F.3d at 1372. DPCC cannot currently sell or offer to sell its products on Amazon, which has caused financial losses. If Blazer does not notify Amazon that DPCC can market its products on its website, DPCC cannot invoke its legal right to sell or offer to sell its New Design on Amazon. So the court finds that there is an Article III case or controversy between DPCC and Blazer regarding Blazer's '421 Patent and DPCC's New Design that is "of sufficient immediacy and reality" to support the issuance of a declaratory judgment. *MedImmune*, 549 U.S. at 127.

\*   \*   \*

For these reasons, the court finds that it has subject-matter jurisdiction to issue a declaratory judgment, so the court will deny Blazer's Motion to Dismiss Count I.

## II.     Injunctive Relief

In Count II, DPCC asks the court to issue preliminary and permanent injunctions that prohibit Blazer from barring or seeking to remove DPCC's Side-Mounted Carpenter Bee Traps and DPCC's New Design from Amazon, other online platforms, or other distribution channels. Blazer correctly notes that a request for injunctive relief is not a separate cause of action but a specific request for relief. And a party can only sustain a claim for injunctive relief in connection with an underlying cause of action. *See, e.g.*, *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097–98 (11th Cir. 2004).

Blazer argues that the court does not have subject-matter jurisdiction to issue injunctive relief because it does not have subject-matter jurisdiction to issue a declaratory judgment. But as discussed in Part I, the court has jurisdiction to issue a declaratory judgment. Because Blazer makes no other argument, the court will not dismiss this claim.

This means that DPCC can pursue injunctive relief in relation to its New Design based on the court's ruling in Part I of this opinion. Plus, DPCC can pursue injunctive relief in relation to its Side-Mounted Traps because Blazer did not ask the court to dismiss claims about the Side-Mounted Traps asserted in DPCC's Corrected Amended Complaint (doc. 34).

## CONCLUSION

The court will **DENY** Blazer's Motion to Dismiss (doc. 95) Counts I and II of DPCC's February 2, 2021 complaint. The court will enter a separate order that carries out this ruling.

The court also orders DPCC to file an amended complaint that consolidates all of its claims into one complaint by **January 7, 2022**. Blazer's response must be filed by **February 4, 2022.** Blazer may file a motion to dismiss, but the court will not (re)consider arguments for dismissal that it has already addressed.

**DONE** on December 7, 2021.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE