# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVIS PRODUCT CREATION AND CONSULTING, LLC, dba BEESNTHINGS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-00848-CLM |
| BRIAN BLAZER, dba CARPENTER BEE SOLUTIONS, | ) ) ) | Hon. Corey L. Maze |
| Defendant. | ) | |

### MOTION OF DEFENDANT AND COUNTERCLAIM
### PLAINTIFF BRIAN BLAZER FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's Local Rules and Orders, Defendant and Counterclaim Plaintiff Brian Blazer ("Blazer") respectfully moves this Court to enter summary judgment in his favor and against Plaintiff and Counterclaim Defendant Davis Product Creation and Consulting, LCC, dba BeesNThings ("DPCC") as to Counts I, II, III, IV, and V of DPCC's Consolidated Complaint (Dkt. 115) and Counts I, V, VI, and VII of Blazer's Counterclaims (Dkt. 117). Blazer submits that there is no genuine issue of material fact as to these causes of action and that he is entitled to judgment as a matter of law based on the undisputed evidence of record in this case.

In support of this Motion, Blazer states as follows:

1

1.      Blazer is entitled to summary judgment as to DPCC's claim for relief for alleged tortious interference with business and/or contractual relations as set forth in Count I of DPCC's Consolidated Complaint (Dkt. 115 at 13-14).

2.      Blazer's conduct of which DPCC complains, including his assertion that DPCC's carpenter bee traps having receptacles mounted on a side wall—i.e., on a non-horizontal wall—of their housings ("Side-Mounted Traps") infringe claims of his U.S. Patent No. RE46,421 ("the '421 patent") was in good faith and justified.

3.      The undisputed evidence of record in this case establishes that DPCC did not and does not have absolute intervening rights, pursuant to 35 U.S.C. § 252, to sell or offer for sale all of its Side-Mounted Traps because there is no evidence in the record that those traps (having the limitations of one or more of the reissued claims of the '421 patent) were manufactured before the date of reissue of Blazer's '421 patent on June 6, 2017.

4.      Thus, DPCC's sale and offer to sell its Side-Mounted Traps was unauthorized and not protected by absolute intervening rights or any other right. Blazer's enforcement of his '421 patent rights against the infringing Side-Mounted Traps justifies the conduct of which DPCC complains in Count I of its Consolidated Complaint, and Blazer is entitled to judgment as a matter of law.

5.      Blazer is entitled to summary judgment of Count II of DPCC's Consolidated Complaint asserting that Blazer violated Ala. Code §§ 8-12A-1, *et*

*seq.*, for allegedly asserting claims for infringement against DPCC's Side-Mounted Traps in bad faith.

6. The undisputed evidence of record in this case establishes that DPCC did not and does not have absolute intervening rights to sell or offer for sale all of its infringing Side-Mounted Traps.

7. Blazer's determination that DPCC's Side-Mounted Traps infringe claims of his '421 patent was reasonable based on his pre-assertion investigation and analysis, which included comparison of those traps to the claims of the '421 patent.

8. Thus, Blazer's assertion of patent infringement as to DPCC's Side-Mounted Traps was *not* in bad faith in violation of Ala. Code §§ 8-12A-1, *et seq.*

9. Blazer is entitled to summary judgment of Count III of DPCC's Consolidated Complaint asserting that certain of the carpenter bee traps that Blazer made, sold, and offered for sale infringed claims of DPCC's U.S. Patent No. 6,766,611 ("the '611 patent").

10. All of the asserted claims of the '611 patent require, among their several limitations, that the housing of the carpenter bee traps of the invention must "contain[ ] no bait." This Court has construed the term, "bait," for purposes of the claims of the '611 patent to mean "a substance that attracts bees." (Dkt. 67 at 8.)

11. The undisputed evidence of record in this case supports only the fact that each and every carpenter bee traps made, sold, or offered for sale by Blazer

contained a proprietary substance that attracted carpenter bees—i.e., "bait" according to the Court's construction—and consequently could not have infringed any of the asserted claims of the '611 patent, and Blazer is entitled to summary judgment of Count III of DPCC's Consolidated Complaint (Dkt. 115 at 14-15) and Count I of Blazer's Counterclaim (Dkt. 117 at 55-56).

12. The undisputed evidence of record in this case establishes that the claims of DPCC's asserted design patents—i.e., U.S. Design Patent No. D672,426 ("the '426 patent") and U.S. Design Patent No. D690,384 ("the '384 patent")—are invalid as indefinite pursuant to 35 U.S.C. § 112 (2).

13. As design patents, by law, each of the '426 and '384 patents include only a single claim, and because the disclosures of the inventions of those claims—i.e., the drawings of the respective single inventions of each of the '426 and '384 patents—include multiple, internally inconsistent drawing, those claims cannot be logically construed and are indefinite as a matter of law.

14. Accordingly, the undisputed evidence of record in this case establishes that DPCC's '426 and '384 patents are invalid and Blazer is entitled to summary judgment of Counts VI and V of DPCC's Consolidated Complaint (Dkt. 115 at 15-16) and of Counts V and VI of Blazer's Counterclaim (Dkt. 117 at 57-58).

15. In Count VII of his Counterclaims (Dkt. 117 at 58-61), Blazer asserted that certain of the carpenter bee traps that DPCC has made, sold or offered for sale

in the United States, and/or imported into the United States infringe claims of his '421 patent.

16. The undisputed evidence of record in this case establishes that each of DPCC's model "AST," "BM," "ST," "Carpenter Bee Natural Bee Traps," and "Bottom Receptacle" carpenter bee traps incorporate and meet each and every limitation of claims of the '421 patent, as those limitations have been construed by this Court and by the United States Court of Appeals for the Federal Circuit.

17. Moreover, there is no evidence in the record that DPCC made or acquired any of its model "AST," "BM," and "ST" carpenter bee traps prior to June 6, 2017, and thus DPCC has not demonstrated entitlement to absolute intervening rights to have sold, to sell or to have offered for sale those carpenter bee traps.

18. Accordingly, DPCC directly infringed Blazer's '421 patent and Blazer is entitled to summary judgment of Count VII of his Counterclaim (Dkt. 117 at 58-61).

19. Pursuant to this Court's Amended Scheduling Order (Dkt. 152) and Appendix II to its Initial Order (Dkt. 26-1), Blazer shall file a memorandum of fact and law in support of this Motion on January 31, 2023, identifying the undisputed evidence of record, the law, and substantive arguments on which this Motion is based. Blazer adopts and incorporates its memorandum of fact and law herein.

WHEREFORE, because there is no genuine issue of material fact with regard to the causes of action pleaded by the parties in Counts I, II, III, IV, and V of DPCC's Consolidated Complaint (Dkt. 115) and in Counts I, V, VII, and VII of Blazer's Counterclaims (Dkt. 117), Blazer respectfully requests that the Court enter and order granting summary judgment in favor of Blazer and against DPCC as to Counts I, II, III, IV, and V or DPCC's Consolidated Complaint and as to Counts I, V, VI, and VII of Blazer's Counterclaims, and for all such other and further relief as the Count deems warranted and appropriate under the circumstances.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: January 30, 2023 | /s/ *Joseph J. Jacobi* |

Joseph J. Jacobi (admitted *pro hac vice*)
Hansen Reynolds LLC
150 South Wacker Drive, 24th Floor
Chicago, Illinois 60606
Telephone: (312) 265-2252
jjacobi@hansenreynolds.com

Jeremy Adelson (admitted *pro hac vice*)
Hansen Reynolds LLC
301 North Broadway, Suite 400
Milwaukee, Wisconsin 53202
Telephone: (414) 455-7676
jadelson@hansenreynolds.com

Steven M. Brom (ASB-25410N74B)
Bachus, Brom & Taylor, LLC
3536 Independence Drive
Birmingham, Alabama 35209
Telephone: (205) 970-6747
Facsimile: (205) 970-7776
sbrom@bachusbrom.com

*Counsel for Defendant Brian Blazer*
*d/b/a Carpenter Bee Solutions*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

> C Gregory Burgess
> Jeremy A. Smith
> L. Franklin Corley, IV
> LANIER FORD SHAVER & PAYNE, P.C.
> 2101 West Clinton Avenue, Suite 102
> P O Box 2087
> Huntsville, AL 35805
> cgb@lanierford.com
> jas@lanierford.com
> lfc@lanierford.com
>
> Ambria L Lankford
> KEN PERRY LAW FIRM, LLC
> 1615 Financial Center
> 505 20th Street North
> Birmingham, AL 35203
> all@kenperrylawfirm.com

      /s/ *Joseph J. Jacobi*
      *Attorney for Defendant Brian Blazer,*
      *d/b/a Carpenter Bee Solutions*