FILED

2023 Jan-30  PM 02:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 10

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

DAVIS PRODUCT CREATION )
AND CONSULTING, LLC d/b/a )
BEESNTHINGS )
                     )
       Plaintiff, )
                     )        Case No.: 1:19-cv-00848-CLM
v. )
                     )
BRIAN BLAZER d/b/a )
CARPENTER BEE SOLUTIONS )
                     )
       Defendant. )

## DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS[1]

Plaintiff Davis Product Creation and Consulting, LLC d/b/a BeesNThings ("DPCC"), by and through its undersigned counsel, pursuant to the Scheduling Order entered by the Court on November 12, 2019 hereby provides its Disclosure of Asserted Claims and Preliminary Infringement Contentions:

1.       DPCC asserts that Defendant Brian Blazer ("Blazer") has directly or indirectly infringed claims 1, 4 and 6 (the "Asserted Claims") of U.S. Patent No. 6,766,611 (the "'611 Patent") by selling, offering for sale or importing the following

---

[1] Although typical "patent rules" do not apply to design infringement, e.g., see "Patent Rules" adopted by Senior Judge Lynnwood Smith, Jr. at Section 1-2 available at https://www.alnd.uscourts.gov/sites/alnd/files/forms/CLS%20Patent%20Rules%20Effective%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.pdf, DPCC asserts the Blazer has infringed: (i) U.S. Patent No. D672,426 by selling, offering for sale or importing The Best Bee Trap and (ii) U.S. Patent No. D 690,384 by selling, offering for sale or importing the Super Bee Condo.

products: The Best Bee Trap, The Simple Box Bee Trap and the Super Carpenter Bee Condo.

2.     DPCC Blazer has directly or indirectly infringed the Asserted Claims via the operation of the website www.carpenterbeesolutions.com which automatically redirects to www.mybeetrap.com and the sale, offer for sale or importation of the following products: Cabin Style Bee Trap, Tall Bee Trap, Large Bee Trap and Milled Bee Trap.

3.     Please see Exhibit A hereto for claim charts for each of the foregoing bee traps.

4.     DPCC asserts that each claim element of the Asserted Claims is literally present or is present under the doctrine of equivalents.

5.     Each of the Asserted Claims is entitled to a priority date of March 27, 2001.

6.     DPCC's bee traps Hanging AST Carpenter Bee Trap and BM Carpenter Bee Trap practice the Asserted Claims.

7.     Please see Exhibit B hereto for the accompanying document production labelled DPCC_000001-000325.

C. Gregory Burgess (ASB-1519-R79C)
Jeremy A. Smith (ASB-1731-J73S)
Ambria L. Lankford (ASB-2461-Q94V)

2

**Attorneys for plaintiff Davis Product Creation and Consulting, LLC d/b/a BeesNThings**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087 (35804)
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email: cgb@lanierford.com
        jas@lanierford.com
        aml@lanierford.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by depositing a copy in the United States Mail, first class, postage prepaid, or by email transmission, addressed to them this the 18th day of December, 2019.

RENÉ A. VAZQUEZ
**GARTEISER HONEA, PLLC**
119 W Ferguson
Tyler, Texas 75702
Telephone: (888) 908-4400 x105
Facsimile: (888) 908-4400
Email: rvazquez@ghiplaw.com

THOMAS G. FASONE III
**GARTEISER HONEA, PLLC**
119 W Ferguson
Tyler, Texas 75702
Telephone: (888) 908-4400 x104
Facsimile: (888) 908-4400
Email: tfasone@ghiplaw.com

VINCENT J. GRAFFEO
**GRAFFEO LAW, LLC**
2119 3rd Avenue North, Suite 203
Birmingham, Alabama  35203
Telephone: (205) 994-8249
Facsimile: (205) 994-8215
Email: vincent@graffeolaw.com

Jeremy A. Smith

4

Exhibit A to DPCC's Disclosure of Asserted Claims and Preliminary Infringement Contentions

**The Best Bee Trap**

| | |
|---|---|
| 1.   A carpenter bee trap comprising | This is a carpenter bee trap, see below.   See also https://web.archive.org/web/20160225150642/http://carpenterbeesolutions.com/trap/the-best-bee-trap-detail   |
| a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, | The bee trap has a housing with a hollow interior and a hole which permits bees to enter as shown below.  |

2

| | |
|---|---|
| said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, | The hole shown above and below is about the same size as holes normally made by carpenter bees.[1]  |
| said housing containing no bait, | The housing does not contain bait. See also https://web.archive.org/web/20160225162220/http://carpenterbeesolutions.com/how-traps-work and https://web.archive.org/web/20150512040825/http://www.carpenterbeesolutions.com:80/  |
| the interior surface of said solid wall forming the interior edge of said hole is substantially flat. | The wall forming the edge of the hole is substantially flat as shown below and above. Alternatively, this element is present under the doctrine of equivalents. |

---

[1] See also RE46,421, col. 1, 11.26-28



| | |
|---|---|
| 4.     The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth. | The interior surfaces of said housing are smooth, as shown below. |

Alternatively, this element is present under the doctrine of equivalents.

| | |
|---|---|
| 6.     The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to ½ inch. | The hole has a diameter in the range from 5/16 to ½ inches. |

**Simple Box Bee Trap**

| | |
|---|---|
| 1.    A    carpenter    bee    trap comprising | This is a carpenter bee trap, as shown below.  See also https://web.archive.org/web/20160225074320/http://carpenterbeesolutions.com/trap/the-simple-box-bee-trap-detail |
| a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, | The bee trap as shown below includes a housing with a hollow interior and a hole which permits bees to enter. |
| said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, | The hole shown above and below is about the same size as holes normally made by carpenter bees.[2] |
| said housing containing no bait, | The housing does not contain bait. See also https://web.archive.org/web/20160225162220/http://carpenterbeesolutions.com/how-traps-work https://web.archive.org/web/20150512040825/http://www.carpenterbeesolutions.com:80/ |

[2] See also RE46,421, col. 1, 11.26-28

| | |
|---|---|
| the interior surface of said solid wall forming the interior edge of said hole is substantially flat. | The wall forming the edge of the hole is substantially flat as shown below.<br><br><br><br>Alternatively, this element is present under the doctrine of equivalents. |
| | |
| 4.      The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth. | The interior surfaces of said housing are smooth.<br><br><br><br>Alternatively, this element is present under the doctrine of equivalents. |
| | |
| 6.      The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to ½ inch. | The hole has a diameter in the range from 5/16 to ½ inches. |

6



**The Super Carpenter Bee Condo**

| | |
|---|---|
| 1. A carpenter bee trap comprising | This is a carpenter bee trap as shown below. See also https://web.archive.org/web/20160225150647/http://carpenterbeesolutions.com/trap/the-super-carpenter-bee-condo-detail  |
| a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, | The bee trap as shown below includes a housing with a hollow interior and a hole which permits bees to enter.  |
| said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, | The hole shown above and below is about the same size as holes normally made by carpenter bees.[3]  |

_____

[3] See also RE46,421, col. 1, 11.26-28

8

| | |
|---|---|
| said housing containing no bait, | The housing does not contain bait. See also https://web.archive.org/web/20160225162220/http://carpenterbeesolutions.com/how-traps-work https://web.archive.org/web/20150512040825/http://www.carpenterbeesolutions.com:80/  |
| the interior surface of said solid wall forming the interior edge of said hole is substantially flat. | The interior of the solid wall is flat as shown herein.  Alternatively, this element is present under the doctrine of equivalents. |
| | |
| 4. The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth. | The interior surfaces of said housing are smooth.  Alternatively, this element is present under the doctrine of equivalents. |

| | |
|---|---|
| 6.      The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to ½ inch. | The hole has a diameter in the range from 5/16 to ½ inches.  |

## Milled Bee Trap

| | |
|---|---|
| 1.      A carpenter bee trap comprising | This is a carpenter bee trap.  See also http://mybeetrap.com/good-bye-bees/  |
| a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, | The bee trap as shown below includes a housing with a hollow interior and a hole which permits bees to enter.  |

| | |
|---|---|
| |  |
| said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, | The hole shown above and below is about the same size as holes normally made by carpenter bees.[4]  |
| said housing containing no bait, | The housing does not contain bait, see below.  Also, see http://mybeetrap.com/bio-mimicry/ wherein it is stated that this trap does not include any "dangerous chemicals"  |

---

[4] See also RE46,421, col. 1, ll.26-28

| | |
|---|---|
| the interior surface of said solid wall forming the interior edge of said hole is substantially flat. | The interior surface of the solid wall is flat as shown herein.  Alternatively, this element is present under the doctrine of equivalents. |
| | |
| 4.      The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth. | The interior surfaces of said housing are smooth as shown below.<br><br><br><br>Alternatively, this element is present under the doctrine of equivalents. |
| 6.      The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to ½ inch. | The hole has a diameter in the range from 5/16 to ½ inches.<br><br> |

**Tall Bee Trap**

| | |
|---|---|
| 1.    A carpenter bee trap comprising | This is a carpenter bee trap.  See also http://mybeetrap.com/good-bye-bees/  |
| a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, | The bee trap as shown below includes a housing with a hollow interior and a hole which permits bees to enter as shown below.  |

14



| | |
|---|---|
| said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, | The hole shown above and below is about the same size as holes normally made by carpenter bees.[5] |



---

said housing containing no bait,



The housing does not contain bait, see above.  Also, see http://mybeetrap.com/bio-mimicry/ wherein it is stated that this trap does not include any "dangerous chemicals".

the interior surface of said solid wall forming the interior edge of said hole is substantially flat.



|  | As shown above, the interior surface of the solid wall is flat. Alternatively, this element is present under the doctrine of equivalents. |
|---|---|
| 4.      The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth. | The interior surfaces of said housing are smooth. Alternatively, this element is present under the doctrine of equivalents.<br><br> |
| 6.      The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to ½ inch. | The hole has a diameter in the range from 5/16 to ½ inches.<br><br> |

17

**Large Bee Trap**

| 1.    A    carpenter    bee    trap comprising | This is a carpenter bee trap.  See also http://mybeetrap.com/good-bye-bees/  |
|---|---|
| a hole housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, | The bee trap as shown below includes a housing with a hollow interior and a hole which permits bees to enter.[6] |

---

[6] See also RE46,421, col. 1, 11.26-28

| | |
|---|---|
| said having about the same size as holes normally made by carpenter | The hole shown above and below is about the same size as holes normally made by carpenter bees.[7] |

---

[7] See also RE46,421, col. 1, 11.26-28

| | |
|---|---|
| bees so that the hole tends to attract such bees, |  |
| said housing containing no bait, | The housing does not contain bait, see below. Also, see http://mybeetrap.com/bio-mimicry/ wherein it is stated that this trap does not include any "dangerous chemicals".  |
| the interior surface of said solid wall forming the interior edge of said hole is substantially flat. | As shown below, the interior surface of the solid wall is flat. Alternatively, this element is present under the doctrine of equivalents. |



| | |
|---|---|
| 4.     The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth. | The interior surfaces of said housing are smooth as shown herein.  Alternatively, this element is present under the doctrine of equivalents. |
| 6.     The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to ½ inch. | The hole has a diameter in the range from 5/16 to ½ inches. |



**Cabin Style Bee Trap**

| | |
|---|---|
| 1.   A carpenter bee trap comprising | This is a carpenter bee trap.  See also http://mybeetrap.com/good-bye-bees/  |
| a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, | The bee trap as shown below includes a housing with a hollow interior and a hole which permits bees to enter.  |

| | |
|---|---|
| |  |
| said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, | The hole shown above and below is about the same size as holes normally made by carpenter bees.[8]  |
| said housing containing no bait, | The housing does not contain bait, see below.  Also, see http://mybeetrap.com/bio-mimicry/ wherein it is stated that this trap does not include any "dangerous chemicals". |

---

[8] See also RE46,421, col. 1, 11.26-28



| | |
|---|---|
| | |
| the interior surface of said solid wall forming the interior edge of said hole is substantially flat. | As shown above, the interior surface of the solid wall is flat. Alternatively, this element is present under the doctrine of equivalents. |
| | |
| 4.     The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth. | The interior surfaces of said housing are smooth. Alternatively, this element is present under the doctrine of equivalents. |

25

| | |
|---|---|
| 6.    The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to ½ inch. | The hole has a diameter in the range from 5/16 to ½ inches.  |

Exhibit B to DPCC's Disclosure of Asserted Claims and Preliminary Infringement Contentions

AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
| --- | --- | --- |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court **N D of Alabama** on the following ☑ Patents or ☐ Trademarks:

| DOCKET NO.<br>1:19-CV-848-VJA | DATE FILED<br>6/3/2019 | U.S. DISTRICT COURT<br>Northern District of Alabama |
| --- | --- | --- |
| PLAINTIFF<br>Davis Product Creation and Consulting, LLC d/b/a Beesnthings | | DEFENDANT<br>Brian Blazer d/b/a Carpenter Bee Solutions |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| --- | --- | --- |
| 1  6,764,611 | 7/27/2004 | DPCC |
| 2  D672,426 | 12/11/2012 | DPCC |
| 3  D690,384 | 9/24/2013 | DPCC |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |
| --- | --- |
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| --- | --- | --- |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
| --- |
| |

| CLERK<br>Sharon N. Harris | (BY) DEPUTY CLERK | DATE |
| --- | --- | --- |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

DPCC_000001



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/430,692 | 09/24/2013 | D690384 | 202399-301003 | 3607 |

32009        7590        09/04/2013

BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)**

Design patents have a term measured from the issue date of the patent and the term remains the same length regardless of the time that the application for the design patent was pending. Since the above-identified application is an application for a design patent, the patent is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Clifford Warren Davis JR., Prattville, AL;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>  Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

or <u>Fax</u>  (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

```
33089        7590        06/27/2013
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801
```

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/430,692 | 08/29/2012 | Clifford Warren Davis JR. | 202399-301003 | 3607 |

TITLE OF INVENTION: INSECT TRAP

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $510 | $0 | $0 | $510 | 09/27/2013 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| OLIVER-GARCIA, CATHERINE R | 2914 | D22-122000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Jeremy A. Smith
2 David E. Mixon
3 Bradley Arant Boult Cummings LLP

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)

☐ A check is enclosed.
☒ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number 504293 (enclose an extra copy of this form).

Page 2 of 4

PTOL-85 (Rev. 02/11)

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see form PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

| | |
|---|---|
| Authorized Signature | Date  5/5/13 |
| Typed or printed name  Jeremy A. Smith | Registration No.  62730 |

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

Page 3 of 4

DPCC_000004

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 29430692 |
| **Filing Date:** | 29-Aug-2012 |
| **Title of Invention:** | INSECT TRAP |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Attorney Docket Number:** | 202399-301003 |

Filed as Small Entity

**Design      Filing Fees**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| Design Appl Issue Fee | 2502 | 1 | 510 | 510 |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Miscellaneous: | | | | |
| | | | **Total in USD ($)** | **510** |

DPCC_000006

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 16497372 |
| **Application Number:** | 29430692 |
| **International Application Number:** | |
| **Confirmation Number:** | 3607 |
| **Title of Invention:** | INSECT TRAP |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399-301003 |
| **Receipt Date:** | 05-AUG-2013 |
| **Filing Date:** | 29-AUG-2012 |
| **Time Stamp:** | 12:06:33 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $510 |
| RAM confirmation Number | 9915 |
| Deposit Account | 504293 |
| Authorized User | SMITH, JEREMY A. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees) | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |

Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | issue_fee.pdf | 148930 <br> 93062a24fc992b0b6be797a1f9e6edb6718 2f7e4 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 29905 <br> 0cba6abf30e5ea01061480479580abdee21 b2362 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | Total Files Size (in bytes): | | 178835 | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

DPCC_000008



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | | | EXAMINER |
|---|---|---|---|---|
| 32009 | 7590 | 06/27/2013 | | OLIVER-GARCIA, CATHERINE R |
| BRADLEY ARANT BOULT CUMMINGS LLP | | | | |
| 200 CLINTON AVE. WEST | | | ART UNIT | PAPER NUMBER |
| SUITE 900 | | | 2914 | |
| HUNTSVILLE, AL 35801 | | | | |

DATE MAILED: 06/27/2013

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/430,692 | 08/29/2012 | Clifford Warren Davis JR. | 202399-301003 | 3607 |

TITLE OF INVENTION: INSECT TRAP

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $510 | $0 | $0 | $510 | 09/27/2013 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN **THREE MONTHS** FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 4

PTOL-85 (Rev. 02/11)

DPCC_000009

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** **Mail**   **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
**or Fax**   **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

| 32009 | 7590 | 06/27/2013 |
|---|---|---|

BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

|  |
|---|
| (Depositor's name) |
| (Signature) |
| (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/430,692 | 08/29/2012 | Clifford Warren Davis JR. | 202399-301003 | 3607 |

TITLE OF INVENTION: INSECT TRAP

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $510 | $0 | $0 | $510 | 09/27/2013 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| OLIVER-GARCIA, CATHERINE R | 2914 | D22-122000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

| 4a. The following fee(s) are submitted: | 4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**) |
|---|---|
| ☐ Issue Fee | ☐ A check is enclosed. |
| ☐ Publication Fee (No small entity discount permitted) | ☐ Payment by credit card. Form PTO-2038 is attached. |
| ☐ Advance Order - # of Copies _____ | ☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form). |

Page 2 of 4

PTOL-85 (Rev. 02/11)

DPCC_000010

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

<u>NOTE:</u> Absent a valid certification of Micro Entity Status (see form PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

<u>NOTE:</u> If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

<u>NOTE:</u> Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

DPCC_000011

 UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/430,692 | 08/29/2012 | Clifford Warren Davis JR. | 202399-301003 | 3607 |

32009    7590    06/27/2013
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

| EXAMINER |
|---|
| OLIVER-GARCIA, CATHERINE R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2914 | |

DATE MAILED: 06/27/2013

### Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)

Design patents have a term measured from the issue date of the patent and the term remains the same length regardless of the time that the application for the design patent was pending. Since the above-identified application is an application for a design patent, the patent is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

DPCC_000012

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

<table>
<tr><td rowspan="2"><b><i>Notice of Allowability<br>For<br>A Design Application</i></b></td><td colspan="3"><b>Application No.</b><br>29/430,692</td><td colspan="2"><b>Applicant(s)</b><br>DAVIS, CLIFFORD  WARREN</td></tr>
<tr><td colspan="2"><b>Examiner</b><br>CATHERI OLIVER</td><td><b>Art Unit</b><br>2914</td><td colspan="2"><b>AIA (First Inventor to File)<br>Status</b><br>No</td></tr>
</table>

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☐ This communication is responsive to _____.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____;
    the restriction requirement and election have been incorporated into this action.

3. ☒ The claim is allowed.

4. ☒ Acceptable drawings:

    (a) ☒ The drawings filed on <u>29 August 2012</u> are accepted by the Examiner.

    (b) ☐ Drawing Figures  filed on _____ and drawing Figures  filed on _____ are accepted by the Examiner.

5. ☐ The claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f) is acknowledged.

    **Certified copies:**

    a) ☐ All   b) ☐ Some  *c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____.

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
           International Bureau (PCT Rule 17.2(a)).

        * Certified copies not received: _____.

    **Interim copies:**

      a) ☐ All   b) ☐ Some  c) ☐ None of the:  Interim copies of the priority documents have been received.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

6. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of

    Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

**Attachment(s)**

1. ☒ Notice of References Cited (PTO-892)

2. ☒ Information Disclosure Statements (PTO/SB/08),
    Paper No./Receipt Date <u>9/26/2012</u>

3. ☐ Interview Summary (PTO-413),
    Paper No./Mail Date _____ .

4. ☒ Examiner's Amendment/Comment

5. ☐ Examiner's Statement of Reasons for Allowance

6. ☐ Other _____.

**NOTE:**

/Catherine R. Oliver/
Primary Examiner, Art Unit 2914

U.S. Patent and Trademark Office

PTOL-37D (Rev. 03-13)           **Notice of Allowability**           Part of Paper No./Mail Date 20130613

DPCC_000014

Application/Control Number: 29/430,692                                    Page 2
Art Unit: 2914

1.      An examiner's amendment to the record appears below. Should the

changes and/or additions be unacceptable to applicant, an amendment may be filed as

provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be

submitted no later than the payment of the issue fee.

2.      This application contains the following embodiments:

Embodiment 1 - Figs. 1 - 6

Embodiment 2 - Figs. 7 – 12

Embodiment 3 – Figs. 13 – 19

Embodiment 4 – Figs. 20 - 26

Multiple embodiments of a single inventive concept may be included in the same

design application only if they are patentably indistinct.  See *In re Rubinfield*, 270 F.2d

391, 123 USPQ 210 (CCPA 1959).  Embodiments that are patentably distinct from one

another do not constitute a single inventive concept and thus may not be included in the

same design application.  See *In re Platner*, 155 USPQ 222 (Comm'r Pat. 1967).

The above-identified embodiments are considered by the examiner to present

overall appearances that are basically the same.  Furthermore, the differences between

the appearances of the embodiments are considered minor and patentably indistinct, or

are shown to be obvious in view of analogous prior art cited.  Accordingly, they are

deemed to be obvious variations and are being retained and examined in the same

application.

3.      The complete opposite side view (of the side shown) of the article is not

shown in the drawing or described in the specification.  It is understood that the

Application/Control Number: 29/430,692                                          Page 3
Art Unit: 2914

appearance of any part of the article not shown in the drawing or described in the

specification forms no part of the claimed design.  *In re Zahn*, 617 F.2d 261, 204 USPQ

988 (CCPA 1980).  Therefore, the determination of patentability is based on the design

for the article shown and described.

    4.      The term "back" in the description of Figures 3, 9, 16 and 23 has been

canceled and replaced with the term "rear".

 5.      Any inquiries regarding communications from the Examiner should be directed to

Catherine R. Oliver, whose telephone number is (571)272-2655.   The Examiner can

normally be reached on Monday through Friday from 9:00 a.m. to 5:30 p.m.

    If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's

supervisor , Ms. Celia Murphy can be reached at (571)272-2654.  The FAX phone

number for this group is (571)273-8300.

    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov.  Shoud

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).


                                            /Catherine R. Oliver/

                                            Primary Examiner, Art Unit 2914

Application/Control Number: 29/430,692                                   Page 4
Art Unit: 2914

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Notice of References Cited*** | 29/430,692 | DAVIS, CLIFFORD  WARREN |
| | Examiner | Art Unit | |
| | CATHERI OLIVER | 2914 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-D370,746 | 06-1996 | Gordon, Richard A. | D30/110 |
| * | B | US-D478,958 | 08-2003 | Harris et al. | D22/122 |
| * | C | US-D532,479 | 11-2006 | Child, Kenneth John | D22/122 |
| * | D | US-D536,413 | 02-2007 | Duston, Tyler D. | D22/122 |
| * | E | US-D634,808 | 03-2011 | Tsai, Yi-Yi | D22/122 |
| * | F | US-7,082,712 | 08-2006 | Harris et al. | 43/122 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29430692 | DAVIS, CLIFFORD  WARREN |
| | **Examiner** | **Art Unit** |
| | CATHERI OLIVER-GARCIA | 2914 |

**CPC**

| Symbol | | | | Type | Version |
|---|---|---|---|---|---|
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |
| | | / | | | |

**CPC Combination Sets**

| Symbol | | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|---|
| | | / | | | | | |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | |
|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | **NON-CLAIMED** |
| D22 | 122 | 22 / 06 | |

| CROSS REFERENCE(S) | |
|---|---|
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** |
| | |

| NONE | | | Total Claims Allowed: |
|---|---|---|---|
| | ◎ Use images from artifact folder | | 1 |
| | ◉ Do not use images from artifact folder | | |
| (Assistant Examiner)          (Date) | | | |

| /CATHERI OLIVER-GARCIA/ Primary Examiner.Art Unit 2914 | | O.G. Print Claim(s) | O.G. Print Figure |
|---|---|---|---|
| | 06/13/2013 | 1 | 1 |
| (Primary Examiner)          (Date) | | | |

U.S. Patent and Trademark Office                                                      Part of Paper No.  20130613

DPCC_000019

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29430692 | DAVIS, CLIFFORD  WARREN |
| | **Examiner** | **Art Unit** |
| | CATHERI OLIVER-GARCIA | 2914 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| NONE | | | Total Claims Allowed: |
|---|---|---|---|
| | ◈ Use images from artifact folder | | |
| | ◈ Do not use images from artifact folder | | 1 |
| (Assistant Examiner)                    (Date) | | | |

| /CATHERI OLIVER-GARCIA/<br>Primary Examiner.Art Unit 2914 | | O.G. Print Claim(s) | O.G. Print Figure |
|---|---|---|---|
| | 06/13/2013 | 1 | 1 |
| (Primary Examiner)                      (Date) | | | |

U.S. Patent and Trademark Office

Part of Paper No.  20130613

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29430692 | DAVIS, CLIFFORD  WARREN |
| | **Examiner** | **Art Unit** |
| | CATHERI OLIVER-GARCIA | 2914 |

☒  Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| NONE | | Total Claims Allowed: |
|---|---|---|
| | ◎ Use images from artifact folder | 1 |
| | ◎ Do not use images from artifact folder | |
| (Assistant Examiner)                    (Date) | | |
| /CATHERI OLIVER-GARCIA/ Primary Examiner.Art Unit 2914 | | O.G. Print Claim(s) | O.G. Print Figure |
| | 06/13/2013 | | |
| (Primary Examiner)                    (Date) | | 1 | 1 |

U.S. Patent and Trademark Office                    Part of Paper No.  20130613

DPCC_000021

| ***Search Notes*** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29430692 | DAVIS, CLIFFORD  WARREN |
| | **Examiner** | **Art Unit** |
| | CATHERI OLIVER-GARCIA | 2914 |

### CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| d22 | 119-125 | 6/13/2013 | cro |
| 43 | 112-114,121,124,131,132.1 | 6/13/2013 | cro |
| d30 | 110 | 6/13/2013 | cro |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| inventor name search | 6/13/2013 | cro |

### INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| d22 | 119-125 | 6/13/2013 | cro |

| | |
|---|---|
| | |

 Part of Paper No. :  20130613

DPCC_000022

PTO/SB/08a (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (*Use as many sheets as necessary*) | Application Number | 29/430,692 |
| | Filing Date | 08/29/2012 |
| | First Named Inventor | Clifford Warren Davis, Jr. |
| | Art Unit | |
| | Examiner Name | |
| Sheet   1    of   1 | Attorney Docket Number | 202399-301003 |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| /C.O./ | 1 | US- 20100269402 | 10/28/2010 | Blazer et al. | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3] Number[4] Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Catherine Oliver/ | Date Considered | 06/13/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

CONFIRMATION NO. 3607

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 29/430,692 | 08/29/2012 | D22 | 2914 | 202399-301003 |
| | RULE | | | |

**APPLICANTS**
  Clifford Warren Davis JR., Prattville, AL;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* \*\* SMALL ENTITY \*\***
  09/06/2012

| | | | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|---|
| Foreign Priority claimed | ☐ Yes ☑ No | ☐ Met after Allowance | AL | 18 | 1 | 1 |
| 35 USC 119(a-d) conditions met | ☐ Yes ☑ No | | | | | |
| Verified and Acknowledged | /CATHERI R OLIVER-GARCIA/ Examiner's Signature | Initials | | | | |

**ADDRESS**
  BRADLEY ARANT BOULT CUMMINGS LLP
  200 CLINTON AVE. WEST
  SUITE 900
  HUNTSVILLE, AL 35801
  UNITED STATES

**TITLE**
  Insect Trap

| FILING FEE RECEIVED 330 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 29/430,692 | 08/29/2012 | Clifford Warren Davis JR. | 202399-301003 |

**CONFIRMATION NO. 3607**

32009
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

**POA ACCEPTANCE LETTER**

*OC000000061318109*

Date Mailed: 05/24/2013

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 10/02/2012.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

/zretta/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

DPCC_000026



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE RECD | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 29/430,692 | 08/29/2012 | 2913 | 330 | 202399-301003 | 1 | 1 |

**CONFIRMATION NO. 3607**

32009
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

**UPDATED FILING RECEIPT**

|||||||||||||||||||||||||||||||||||||||||||||||||
*OC000000061318245*

Date Mailed: 05/24/2013

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Clifford Warren Davis JR., Prattville, AL;

**Applicant(s)**

Clifford Warren Davis JR., Prattville, AL;

**Power of Attorney:** The patent practitioners associated with Customer Number 32009

**Domestic Applications for which benefit is claimed - None.**
*A proper domestic benefit claim must be provided in an Application Data Sheet in order to constitute a claim for domestic benefit. See 37 CFR 1.76 and 1.78.*

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**If Required, Foreign Filing License Granted:** 09/06/2012

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 29/430,692**

**Projected Publication Date:** None, application is not eligible for pre-grant publication

**Non-Publication Request:** No

**Early Publication Request:** No
** SMALL ENTITY **

page 1 of 3

**Title**

    Insect Trap

**Preliminary Class**

    D22

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:**

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

DPCC_000028

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

DPCC_000029

PTO/SB/81 (01-09)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| POWER OF ATTORNEY<br>OR<br>REVOCATION OF POWER OF ATTORNEY<br>WITH A NEW POWER OF ATTORNEY<br>AND<br>CHANGE OF CORRESPONDENCE ADDRESS | | |
|---|---|---|
| Application Number | 29/430,892 | |
| Filing Date | 08/29/2012 | |
| First Named Inventor | Clifford Warren Davis, Jr. | |
| Title | Insect Trap | |
| Art Unit | | |
| Examiner Name | | |
| Attorney Docket Number | 202399-301003 | |

I hereby revoke all previous powers of attorney given in the above-identified application.

[ ] A Power of Attorney is submitted herewith.
OR
[X] I hereby appoint Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

32009

OR
[ ] I hereby appoint Practitioner(s) named below as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

| Practitioner(s) Name | Registration Number |
|---|---|
| | |
| | |
| | |

Please recognize or change the correspondence address for the above-identified application to:

[X] The address associated with the above-mentioned Customer Number.
OR
[ ] The address associated with Customer Number: 
OR

| Firm or<br>Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the:
[X] Applicant/inventor.
OR
[ ] Assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) (Form PTO/SB/96) submitted herewith or filed on _____.

SIGNATURE of Applicant or Assignee of Record

| Signature | *Clifford Warren Davis, Jr.* | Date | 7/30/12 |
|---|---|---|---|
| Name | Clifford Warren Davis, Jr. | Telephone | 334-868-4667 |
| Title and Company | Inventor | | |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

[X] *Total of 1 forms are submitted.

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: Oath
Document Description: Oath or declaration filed

PTO/SB/01 (04-09)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **DECLARATION FOR UTILITY OR DESIGN PATENT APPLICATION (37 CFR 1.63)** | Attorney Docket Number | 202399-301003 |
|---|---|---|
| | First Named Inventor | Clifford Warren Davis, Jr. |
| | *COMPLETE IF KNOWN* | |
| ☐ Declaration Submitted With Initial Filing  **OR**  ☑ Declaration Submitted After Initial Filing (surcharge (37 CFR 1.16(f)) required) | Application Number | 29/430,692 |
| | Filing Date | 08/29/2012 |
| | Art Unit | |
| | Examiner Name | |

I hereby declare that:  (1) Each inventor's residence, mailing address, and citizenship are as stated below next to their name; and (2) I believe the inventor(s) named below to be the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought on the invention titled:

### INSECT TRAP

*(Title of the Invention)*

the application of which

☐    is attached hereto

OR

☑    was filed on (MM/DD/YYYY)  08/29/2012   as United States Application Number or PCT International

Application Number  29/430,692   and was amended on (MM/DD/YYYY)    (if applicable).

I hereby state that I have reviewed and understand the contents of the above identified application, including the claims, as amended by any amendment specifically referred to above.

I acknowledge the duty to disclose information which is material to patentability as defined in 37 CFR 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

## Authorization To Permit Access To Application by Participating Offices

☐    If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the above-identified patent application is filed access to the above-identified patent application.  See 37 CFR 1.14(c) and (h).  This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the above-identified patent application is filed to have access to the above-identified patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the above-identified patent application with respect to:  1) the above-identified patent application-as-filed; 2) any foreign application to which the above-identified patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the above-identified patent application; and 3) any U.S. application-as-filed from which benefit is sought in the above-identified patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date of filing the Authorization to Permit Access to Application by Participating Offices.

[Page 1 of 3]

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 21 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

DPCC_000031

PTO/SB/01 (04-09)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## DECLARATION — Utility or Design Patent Application

**Claim of Foreign Priority Benefits**

I hereby claim foreign priority benefits under 35 U.S.C. 119(a)-(d) or (f), or 365(b) of any foreign application(s) for patent, inventor's or plant breeder's rights certificate(s), or 365(a) of any PCT international application which designated at least one country other than the United States of America, listed below and have also identified below, by checking the box, any foreign application for patent, inventor's or plant breeder's rights certificate(s), or any PCT international application having a filing date before that of the application on which priority is claimed.

| Prior Foreign Application Number(s) | Country | Foreign Filing Date (MM/DD/YYYY) | Priority Not Claimed | Certified Copy Attached? YES | NO |
|---|---|---|---|---|---|
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |

☐   Additional foreign application number(s) are listed on a supplemental priority data sheet PTO/SB/02B attached hereto.

[Page 2 of 3]

DPCC_000032

PTO/SB/01 (04-09)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## DECLARATION — Utility or Design Patent Application

| Direct all correspondence to: | [✓] | The address associated with Customer Number: | 32009 | OR | [ ] | Correspondence address below |

| Name | |
| Address | |
| City | State | Zip |
| Country | Telephone | Email |

**WARNING:**

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available. Petitioner/applicant is advised that documents which form the record of a patent application (such as the PTO/SB/01) are placed into the Privacy Act system of records DEPARTMENT OF COMMERCE, COMMERCE-PAT-7, System name: *Patent Application Files*. Documents not retained in an application file (such as the PTO-2038) are placed into the Privacy Act system of COMMERCE/PAT-TM-10, System name: *Deposit Accounts and Electronic Funds Transfer Profiles*.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| NAME OF SOLE OR FIRST INVENTOR: | [ ] A petition has been filed for this unsigned inventor |
| Given Name (first and middle [if any]) | Family Name or Surname |
| **Clifford Warren** | **Davis, Jr.** |

| Inventor's Signature | Date |
| *Clifford Warren Davis Jr.* | 10/2/12 |

| Residence: City | State | Country | Citizenship |
| **Prattville** | **AL** | **US** | **US** |

| Mailing Address | | | |
| **1338 South Memorial Drive** | | | |

| City | State | Zip | Country |
| **Prattville** | **AL** | **36067** | **US** |

[ ] Additional inventors or a legal representative are being named on the _____ supplemental sheet(s) PTO/SB/02A or 02LR attached hereto

[Page 3 of 3]

DPCC_000033

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 29430692 |
| **Filing Date:** | 29-Aug-2012 |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Attorney Docket Number:** | 202399-301003 |

Filed as Small Entity

### Design     Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| Late filing fee for oath or declaration | 2051 | 1 | 65 | 65 |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Miscellaneous: | | | | |
| Total in USD ($) | | | | 65 |

DPCC_000035

## Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13892864 |
| **Application Number:** | 29430692 |
| **International Application Number:** | |
| **Confirmation Number:** | 3607 |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399-301003 |
| **Receipt Date:** | 02-OCT-2012 |
| **Filing Date:** | 29-AUG-2012 |
| **Time Stamp:** | 15:43:16 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $65 |
| RAM confirmation Number | 2384 |
| Deposit Account | 504293 |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | | poa_declaration.pdf | 361295<br><br>7eac439de349772be3fbd01d3b99669c168a2f3a | yes | 4 |
|---|---|---|---|---|---|
| | **Multipart Description/PDF files in .zip description** | | | | |
| | **Document Description** | | **Start** | **End** | |
| | Power of Attorney | | 1 | 1 | |
| | Oath or Declaration filed | | 2 | 4 | |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 29663<br><br>0349b0414fcf6fe83261fbded06a8a94fb9fe701 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| **Total Files Size (in bytes):** | | | | 390958 | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

DPCC_000037

PTO/SB/08a (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| | Application Number | 29/430,692 |
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Filing Date | 08/29/2012 |
| | First Named Inventor | Clifford Warren Davis, Jr. |
| | Art Unit | |
| | Examiner Name | |
| Sheet 1 of 1 | Attorney Docket Number | 202399-301003 |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-20100269402 | 10/28/2010 | Blazer et al. | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] Number[4] Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13844462 |
| **Application Number:** | 29430692 |
| **International Application Number:** | |
| **Confirmation Number:** | 3607 |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399-301003 |
| **Receipt Date:** | 26-SEP-2012 |
| **Filing Date:** | 29-AUG-2012 |
| **Time Stamp:** | 15:53:05 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Information Disclosure Statement (IDS) Form (SB08) | IDS.pdf | 264631 ad673ec535c4110caede18a1a4e50b3d9d93fe01 | no | 2 |

| Warnings: |
|---|
| Information: |

DPCC_000040

| This is not an USPTO supplied IDS fillable form | |
|---|---|
| **Total Files Size (in bytes):** | 264631 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

DPCC_000041

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE RECD | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 29/430,692 | 08/29/2012 | 2913 | 265 | 202399-301003 | 1 | 1 |

**CONFIRMATION NO. 3607**

32009
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

**FILING RECEIPT**

*OC000000056387588*

Date Mailed: 09/10/2012

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**

 Clifford Warren Davis JR., Residence Not Provided;
**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**

**Foreign Applications** (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)

**If Required, Foreign Filing License Granted:** 09/06/2012

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 29/430,692**

**Projected Publication Date:** None, application is not eligible for pre-grant publication

**Non-Publication Request:** No

**Early Publication Request:** No
**** SMALL ENTITY ****

page 1 of 3

DPCC_000042

**Title**

Insect Trap

**Preliminary Class**

D22

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

## LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

DPCC_000043

set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage, facilitate, and accelerate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

DPCC_000044



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 29/430,692 | 08/29/2012 | Clifford Warren Davis JR. | 202399-301003 |

**CONFIRMATION NO. 3607**

32009
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

**FORMALITIES LETTER**

*OC000000056387589*

Date Mailed: 09/10/2012

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

*Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The oath or declaration is missing.
  *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*
  *Note: If a petition under 37 CFR 1.47 is being filed, an oath or declaration in compliance with 37 CFR 1.63 signed by all available joint inventors, or if no inventor is available by a party with sufficient proprietary interest, is required.*

The applicant needs to satisfy supplemental fees problems indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

- A surcharge (for late submission of filing fee, search fee, examination fee or oath or declaration) as set forth in 37 CFR 1.16(f) of **$65** for a small entity in compliance with 37 CFR 1.27, must be submitted.

**SUMMARY OF FEES DUE:**

Total fee(s) required within **TWO MONTHS** from the date of this Notice is **$65** for a small entity
- **$65** Surcharge.

DPCC_000045

Replies should be mailed to:

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or
visit our website at http://www.uspto.gov/ebc.

If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

/fly/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 2 of 2

DPCC_000046

PTO/SB/18 (08-08)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# DESIGN
# PATENT APPLICATION
# TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | 202399-301003 |
| *First Named Inventor* | Clifford Warren Davis, Jr. |
| *Title* | INSECT TRAP |
| *Express Mail Label No.* | |

ADDRESS TO:
**Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450**

*DESIGN V. UTILITY: A "design patent" protects an article's ornamental appearance (e.g., the way an article looks) (35 U.S.C. 171), while a "utility patent" protects the way an article is used and works (35 U.S.C. 101). The ornamental appearance of an article includes its shape/configuration or surface ornamentation upon the article, or both. Both a design and a utility patent may be obtained on an article if invention resides both in its ornamental appearance and its utility. For more information, see MPEP 1502.01.*

## APPLICATION ELEMENTS
*See MPEP 1500 concerning design patent application contents.*

1. [✔] Fee Transmittal Form *(e.g., PTO/SB/17)*

2. [✔] Applicant claims small entity status.
See 37 CFR 1.27.

3. [✔] Specification        *[Total Pages  3        ]*
*(preferred arrangement set forth below, MPEP 1503.01)*
 - Preamble
 - Cross References to Related Applications
 - Statement Regarding Fed sponsored R & D
 - Description of the figure(s) of the drawings
 - Feature description
 - Claim (only one (1) claim permitted, MPEP 1503.03)

4. [✔] Drawing(s) *(37 CFR 1.152) [Total Sheets  18        ]*

5. [ ] Oath or Declaration        *[Total Pages _____ ]*

  a. [ ] Newly executed (original or copy)

  b. [ ] A copy from a prior application (37 CFR 1.63(d))
  *(for continuation/divisional with Box 16 completed)*
  *DELETION OF INVENTOR(S)*
   i. [ ] Signed statement attached deleting
   inventor(s) named in the prior application,
   see 37 CFR 1.63(d)(2) and 1.33(b)

6. [ ] Application Data Sheet. See 37 CFR 1.76

## ACCOMPANYING APPLICATION PARTS

7. [ ] Assignment Papers (cover sheet & document(s))

8. [ ] 37 CFR 3.73(b) Statement      [ ] Power of
*(when there is an assignee)*           Attorney

9. [ ] English Translation Document *(if applicable)*

10. [ ] Information Disclosure Statement (IDS)
PTO/SB/08 or PTO-1449
  [ ] Copies of foreign patent documents,
  publications, & other information

11. [ ] Preliminary Amendment

12. [ ] Return Receipt Postcard (MPEP 503)
*(Should be specifically itemized)*

13. [ ] Certified Copy of Priority Document(s)
(if foreign priority is claimed)

14. [ ] Request for Expedited Examination of a Design Application
(37 CFR 1.155) (NOTE: Use "Mail Stop Expedited Design")

15. [ ] Other:

**16. If a CONTINUING APPLICATION,** check appropriate box, and supply the requisite information below and in the first sentence of the specification following the title, or in an Application Data Sheet under 37 CFR 1.76:

[ ] Continuation  [ ] Divisional  [ ] Continuation-in-part (CIP) of prior application No.: _____

*Prior application information:* Examiner _____ Art Unit: _____

## 17. CORRESPONDENCE ADDRESS

[✔] The address associated with
Customer Number:      | 32009 |      *OR*      [ ] Correspondence address below

| Name | |
|---|---|
| Address | |

| City | | State | | Zip Code | |
|---|---|---|---|---|---|
| Country | | Telephone | | Email | |

| Signature | /Jeremy A. Smith/ | Date | 08-29-2012 |
|---|---|---|---|
| Name (Print/Type) | Jeremy A. Smith | Registration No. (Attorney/Agent) | 62,730 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Attorney Docket No.: 202399-301003
Design Patent Application

# APPLICATION FOR UNITED STATES DESIGN PATENT

# INSECT TRAP

Inventor: Clifford Warren Davis, Jr.

Be it known, that Clifford Warren Davis, Jr. has invented a certain new, original, and ornamental design for a

### Insect Trap

of which the following is a specification, reference being had to the accompanying drawings, forming a part thereof and wherein:

## DESCRIPTION

[0001]   Figure 1 shows a perspective view of one embodiment of the insect trap.

[0002]   Figure 2 shows a front view of the embodiment of the insect trap shown in Figure 1.

[0003]   Figure 3 shows a back view of the embodiment of the insect trap shown in Figure 1.

[0004]   Figure 4 shows a side view of the embodiment of the insect trap shown in Figure 1.

[0005]   Figure 5 shows a top view of the embodiment of the insect trap shown in Figure 1.

[0006]   Figure 6 shows a bottom view of the embodiment of the insect trap shown in Figure 1.

[0007]   Figure 7 shows a perspective view of one embodiment of the insect trap.

[0008]   Figure 8 shows a front view of the embodiment of the insect trap shown in Figure 7.

[0009]   Figure 9 shows a back view of the embodiment of the insect trap shown in Figure 7.

[0010]   Figure 10 shows a side view of the embodiment of the insect trap shown in Figure 7.

[0011]   Figure 11 shows a top view of the embodiment of the insect trap shown in Figure 7.

[0012]   Figure 12 shows a bottom view of the embodiment of the insect trap shown in Figure 7.

[0013]   Figure 13 shows a perspective view of one embodiment of the insect trap.

Attorney Docket No.: 202399-301002

[0014]    Figure 14 shows an alternate perspective view of the embodiment of the insect trap shown in Figure 13.

[0015]    Figure 15 shows a front view of the embodiment of the insect trap shown in Figure 13.

[0016]    Figure 16 shows a back view of the embodiment of the insect trap shown in Figure 13.

[0017]    Figure 17 shows a top view of the embodiment of the insect trap shown in Figure 13.

[0018]    Figure 18 shows a bottom view of the embodiment of the insect trap shown in Figure 13.

[0019]    Figure 19 shows a side view of the embodiment of the insect trap shown in Figure 13.

[0020]    Figure 20 shows a perspective view of one embodiment of the insect trap.

[0021]    Figure 21 shows an alternate perspective view of the embodiment of the insect trap shown in Figure 20.

[0022]    Figure 22 shows a front view of the embodiment of the insect trap shown in Figure 20.

[0023]    Figure 23 shows a back view of the embodiment of the insect trap shown in Figure 20.

[0024]    Figure 24 shows a top view of the embodiment of the insect trap shown in Figure 20.

[0025]    Figure 25 shows a bottom view of the embodiment of the insect trap shown in Figure 20.

[0026]    Figure 26 shows a side view of the embodiment of the insect trap shown in Figure 20.

[0027]    The dashed lines shown in the drawings illustrate environmental structure and form no part of the claimed design.

DPCC_000050

Attorney Docket No.: 202399-301002

I claim:

    The ornamental design for an insect trap as shown and described.

DPCC_000051

1/18



FIG. 1

DPCC_000052

2/18



FIG. 2



FIG. 3

3/18



FIG. 4

DPCC_000054

4/18



FIG. 5



FIG. 6

DPCC_000055

5/18



FIG. 7

6/18



FIG. 8



FIG. 9

DPCC_000057

7/18



FIG. 10

DPCC_000058

8/18



FIG. 11



FIG. 12

DPCC_000059

9/18



FIG. 13



FIG. 14

11/18



FIG. 15



FIG. 16

DPCC_000062

12/18



FIG. 17



FIG. 18

DPCC_000063

13/18



FIG. 19

14/18



FIG. 20



FIG. 21

16/18



FIG. 22



FIG. 23

DPCC_000067

17/18



FIG. 24



FIG. 25

DPCC_000068

18/18



FIG. 26

DPCC_000069

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis, Jr. |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Attorney Docket Number:** | 202399301003 |

Filed as Small Entity

### Design     Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| Design application filing | 2012 | 1 | 125 | 125 |
| Design Search Fee | 2112 | 1 | 60 | 60 |
| Design Examination Fee | 2312 | 1 | 80 | 80 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **265** |

## Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13612858 |
| **Application Number:** | 29430692 |
| **International Application Number:** | |
| **Confirmation Number:** | 3607 |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis, Jr. |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399301003 |
| **Receipt Date:** | 29-AUG-2012 |
| **Filing Date:** | |
| **Time Stamp:** | 11:25:05 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $265 |
| RAM confirmation Number | 8670 |
| Deposit Account | 504293 |
| Authorized User | SMITH,JEREMY A. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees) | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |

Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal of New Application | transmittal.pdf | 318135<br>5bbxffdb3b96ffd28a064be03aca952231f33df54 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | | application.pdf | 340675<br>e49f49372051e9ef0c7485da110e4b68e514d331 | yes | 21 |

| | Multipart Description/PDF files in .zip description | | |
|---|---|---|---|
| | Document Description | Start | End |
| | Specification | 1 | 2 |
| | Claims | 3 | 3 |
| | Drawings-only black and white line drawings | 4 | 21 |

| | | | | | |
|---|---|---|---|---|---|
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Fee Worksheet (SB06) | fee-info.pdf | 32533<br>ac03cf43722a64db6cd4f992d7c60ec3366589717 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 691343 | | |

DPCC_000073

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

DPCC_000074

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13612858 |
| **Application Number:** | 29430692 |
| **International Application Number:** | |
| **Confirmation Number:** | 3607 |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis, Jr. |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399301003 |
| **Receipt Date:** | 29-AUG-2012 |
| **Filing Date:** | |
| **Time Stamp:** | 11:25:05 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $265 |
| RAM confirmation Number | 8670 |
| Deposit Account | 504293 |
| Authorized User | SMITH,JEREMY A. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees) | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |

Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal of New Application | transmittal.pdf | 318135 <br> 5bbxfdb3b96ffd28a064be03aca95223f33 df54 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | | application.pdf | 340675 <br> e49f493f2051e9ef0c7485da110e4b68e514 d331 | yes | 21 |

| | Multipart  Description/PDF files in .zip description | | |
|---|---|---|---|
| | Document Description | Start | End |
| | Specification | 1 | 2 |
| | Claims | 3 | 3 |
| | Drawings-only black and white line drawings | 4 | 21 |

| | | | | | |
|---|---|---|---|---|---|
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Fee Worksheet (SB06) | fee-info.pdf | 32533 <br> ac03cf43722a64db6c04992d7c60ec33665 89717 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 691343 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

DocCode – SCORE

# SCORE Placeholder Sheet for IFW Content

## Application Number: 29430692          Document Date: 08/29/2012

The presence of this form in the IFW record indicates that the following document type was received in electronic format on the date identified above. This content is stored in the SCORE database.

- Drawing

Since this was an electronic submission, there is no physical artifact folder, no artifact folder is recorded in PALM, and no paper documents or physical media exist. The TIFF images in the IFW record were created from the original documents that are stored in SCORE.

To access the documents in the SCORE database, refer to instructions developed by SIRA.

At the time of document entry (noted above):
- Examiners may access SCORE content via the eDAN interface.
- Other USPTO employees can bookmark the current SCORE URL (http://es/ScoreAccessWeb/).
- External customers may access SCORE content via the Public and Private PAIR interfaces.

Form Revision Date: February 8, 2006

DPCC_000078

AO 120 (Rev. 3/04)

| TO:   Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court *N D of Alabama* on the following ☑ Patents or ☐ Trademarks:

| DOCKET NO.<br>1:19-CV-848-UJA | DATE FILED<br>6/3/2019 | U.S. DISTRICT COURT<br>*Northern District of Alabama* |
|---|---|---|
| PLAINTIFF<br>Davis Product Creation and Consulting, LLC d/b/a Beesnthings | | DEFENDANT<br>Brian Blazer d/b/a Carpenter Bee Solutions |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,764,611 | 7/27/2004 | DPCC |
| 2  D672,426 | 12/11/2012 | DPCC |
| 3  D690,384 | 9/24/2013 | DPCC |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>Sharon N. Harris | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

DPCC_000079

09/818,347

## UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.     : 6,766,611 B2                                    Page 1 of 1
DATED          : July 27, 2004
INVENTOR(S)    : Bruce H. Prince

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Column 4,
Line 1, after "of" add -- a --
Line 4, "on" should read -- one --
Line 20, after "hole" add -- has --
Line 22, after "of" add -- a --
Line 26, "and housing" should read -- said housing --
Line 50, "from" should read -- of --

Signed and Sealed this

First Day of February, 2005

JON W. DUDAS
*Director of the United States Patent and Trademark Office*

3644

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Patent No.        :  6,766,611
Patentee          :  Bruce H. Prince
Issued            :  July 27, 2004
Title             :  Carpenter Bee Trap

Docket No.        :  52372-00002USPT
Customer No.      :  30223

OIPE  09-818347
AUG 23 2004
PATENT & TRADEMARK OFFICE

Certificate
AUG 2 7 2004
of Correction

Commissioner for Patents
Certificate of Correction Branch
P.O. Box 1450
Alexandria, VA  22313-1450

| CERTIFICATE OF MAILING |
|---|
| I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail, postage prepaid, in an envelope addressed to the Commissioner for Patents, Mail Stop Decision and Certificate of Correction Branch, Patent Issue Division, P.O. Box 1450, Alexandria, VA 22313-1450, on June 11, 2004.<br><br>Signature: _____<br>Carla Rivera |

## REQUEST FOR CERTIFICATE OF CORRECTION
## OF PATENT FOR PTO MISTAKE (37 C.F.R. § 1.322(a))

Dear Sir:

Enclosed is Form PTO-1050, in duplicate, with at least one copy being suitable for printing.

The exact page and line number where the errors are shown correctly in the application file is as follows.

| Error In Patent | Shown Correctly In Application File |
|---|---|
| Column 4, claim 7, line 1 | after "of" add "a" |
| Column 4, claim 8, line 4 | "on" should read "one" |
| Column 4, claim 10, line 20 | after "hole" add "has" |
| Column 4, claim 11, line 22 | after "of" add "a" |
| Column 4, claim 11, line 26 | "and housing" should read "said housing" |
| Column 4, claim 13, line 50 | "from" should read "of" |

CHICAGO 292830v1 52372-00002

2 7 AUG 2004

DPCC_000081

Please send the Certificate of Correction to the following address.

> Stephen G. Rudisill
> Jenkens & Gilchrist
> 225 West Washington Street, Suite 2600
> Chicago, IL 60606-3418

No fee is believed to be due. Should any fee be deemed necessary, however, the Commissioner is hereby authorized to charge any additional fees which may be required, or credit any overpayment, to Deposit Account No. 10-0447 (52372-00002USPT). A duplicate copy of this Request is enclosed for that purpose.

Respectfully submitted,

Date: August 18, 2004

Stephen G. Rudisill
Reg. No. 20,087
Jenkens & Gilchrist
225 West Washington Street, Suite 2600
Chicago, IL 60606-3418
(312) 425-3900
Attorney for Patentee

2

CHICAGO 292830v1 52372-00002

DPCC_000082

PRINTER'S TRIM LINE

PRINTER'S TRIM LINE

# UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.:      6,766,611 B2

DATED:        July 27, 2004

INVENTOR(S):   Bruce H. Prince

It is certified that errors appear in the above-identified patent, and that said Letters Patent is hereby corrected as shown below.

Column 4, claim 7, line 1, after "of" add "a"

Column 4, claim 8, line 4, "on" should read "one"

Column 4, claim 10, line 20, after "hole" add "has"

Column 4, claim 11, line 22, after "of" add "a"

Column 4, claim 11, line 26, "and housing" should read "said housing"

Column 4, claim 13, line 50, "from" should read "of"

MAILING ADDRESS OF SENDER:
Stephen G. Rudisill
JENKENS & GILCHRIST, P.C.
225 West Washington Street, Suite 2600
Chicago, IL  60606-3418

PATENT NO. 6,766,611 B2
No. of add'l. copies
@ 50¢ per page
⇨ _____

CHICAGO 292847v1 52372-00002

2 7 AUG 2004

DPCC_000083

PRINTER'S TRIM LINE

PRINTER'S TRIM LINE

## UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.:        6,766,611 B2

DATED:             July 27, 2004

INVENTOR(S):       Bruce H. Prince

It is certified that errors appear in the above-identified patent, and that said Letters Patent is hereby corrected as shown below.

Column 4, claim 7, line 1, after "of" add "a"

Column 4, claim 8, line 4, "on" should read "one"

Column 4, claim 10, line 20, after "hole" add "has"

Column 4, claim 11, line 22, after "of" add "a"

Column 4, claim 11, line 26, "and housing" should read "said housing"

Column 4, claim 13, line 50, "from" should read "of"

MAILING ADDRESS OF SENDER:
Stephen G. Rudisill
JENKENS & GILCHRIST, P.C.
225 West Washington Street, Suite 2600
Chicago, IL  60606-3418

PATENT NO. 6,766,611 B2
No. of add'l. copies
@ 50¢ per page
⇨ _____

2 7 AUG 2004

DPCC_000084

  

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: <u>Mail</u>

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

or <u>Fax</u>   (703) 746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

30223    7590    04/14/2004

JENKENS & GILCHRIST, P.C.
225 WEST WASHINGTON
SUITE 2600
CHICAGO, IL 60606



Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO, on the date indicated below.

Carla Rivera                                      (Depositor's name)

Carla Rivera                                      (Signature)

June 4, 2004                                      (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/818,347 | 03/27/2001 | Bruce H. Prince | 52372-00002 | 1204 |

TITLE OF INVENTION: CARPENTER BEE TRAP

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $665 | $300 | $965 | 07/14/2004 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ALIMENTI, SUSAN C | 3644 | 043-058000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1. Jenkens & Gilchrist

2. _____

3. _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Bruce H. Prince

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Jasper, GA

Please check the appropriate assignee category or categories (will not be printed on the patent):   ☒ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fee(s) are enclosed:

☒ Issue Fee
☒ Publication Fee
☒ Advance Order - # of Copies ____1____

4b. Payment of Fee(s):

☒ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number 10447/-00002 (enclose an extra copy of this form).

Director for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature)                                 (Date) 06/04/04

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

06/09/2004 WABRHAM2 00000044 100447 09818347

01 FC:2501                665.00 OP
02 FC:1504                300.00 OP
03 FC:8001     3.00 DA

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (Rev. 11/03) Approved for use through 04/30/2004.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



# Jenkens & Gilchrist

A PROFESSIONAL CORPORATION

225 WEST WASHINGTON ST.
SUITE 2600
CHICAGO, ILLINOIS 60606

(312) 425-3900
FACSIMILE (312) 425-3909

www.jenkens.com

AUSTIN, TEXAS
(512) 499-3800

DALLAS, TEXAS
(214) 855-4500

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

NEW YORK, NEW YORK
(212) 704-6000

PASADENA, CALIFORNIA
(626) 578-7400

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

Stephen G. Rudisill
(312) 425-8570
srudisill@jenkens.com

Mail Stop Issue Fee
COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia  22313

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to: Mail Stop Issue Fee, COMMISSIONER FOR PATENTS, P.O. Box 1450, Alexandria, Virginia 22313, on June 4, 2004.

_____
Carla Rivera

RE:   U.S. Patent Application No. 09/818,347, filed 03/27/01
      Title:  Carpenter Bee Trap
      Inventor:  Bruce H. Prince
      Our File No.: 52372-00002USPT
      Confirmation No.  1204

Dear Commissioner:

Transmitted for filing with the U.S. Patent and Trademark Office are the following documents for the above-referenced patent application:

1.   Part B Issue Fee Transmittal
2.   Check in the amount of $965.00 for Issue and Publication Fees
3.   Acknowledgment Postcard

In the event there is an under or overpayment, please debit or credit our Deposit Account #10-0447 (52372-00002USPT).  This letter is being filed in duplicate to facilitate processing.

Respectfully submitted,

Date: June 4, 2004

Stephen G. Rudisill
Reg. No.  20,087

CHICAGO 287660v1 52372-00002

DPCC_000086



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

30223        7590        04/14/2004

JENKENS & GILCHRIST, P.C.
225 WEST WASHINGTON
SUITE 2600
CHICAGO, IL 60606

| EXAMINER |
|---|
| ALIMENTI, SUSAN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3644 | |

DATE MAILED: 04/14/2004

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/818,347 | 03/27/2001 | Bruce H. Prince | 52372-00002 | 1204 |

TITLE OF INVENTION: CARPENTER BEE TRAP

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $665 | $300 | $965 | 07/14/2004 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
<u>PROSECUTION ON THE MERITS IS CLOSED</u>.   THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS.
THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON
PETITION BY THE APPLICANT.   SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE
MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.   <u>THIS
STATUTORY PERIOD CANNOT BE EXTENDED.</u>   SEE 35 U.S.C. 151.   THE ISSUE FEE DUE INDICATED ABOVE
REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION.   THE PTOL-85B (OR
AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL
BE REGARDED AS ABANDONED.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current
SMALL ENTITY status:
A. If the status is the same, pay the TOTAL FEE(S) DUE shown
above.

B. If the status is changed, pay the PUBLICATION FEE (if
required) and twice the amount of the ISSUE FEE shown above
and notify the United States Patent and Trademark Office of the
change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now
claiming SMALL ENTITY status, check the box below and enclose
the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with
your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be
completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be
completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to
Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 11/03) Approved for use through 04/30/2004.

DPCC_000087

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail**

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

or **Fax**   (703) 746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

30223        7590        04/14/2004

JENKENS & GILCHRIST, P.C.
225 WEST WASHINGTON
SUITE 2600
CHICAGO, IL 60606

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/818,347 | 03/27/2001 | Bruce H. Prince | 52372-00002 | 1204 |

TITLE OF INVENTION: CARPENTER BEE TRAP

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $665 | $300 | $965 | 07/14/2004 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ALIMENTI, SUSAN C | 3644 | 043-058000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent):   ☐ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fee(s) are enclosed:
☐ Issue Fee
☐ Publication Fee
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):
☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

Director for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

_____ (Authorized Signature)        _____ (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (Rev. 11/03) Approved for use through 04/30/2004.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/818,347 | 03/27/2001 | Bruce H. Prince | 52372-00002 | 1204 |

| | | |
|---|---|---|
| 30223        7590        04/14/2004 | | EXAMINER |
| JENKENS & GILCHRIST, P.C. | | ALIMENTI, SUSAN C |
| 225 WEST WASHINGTON | | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3644 | |

SUITE 2600
CHICAGO, IL 60606

DATE MAILED: 04/14/2004

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 0 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 0 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (703) 305-1383. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

PTOL-85  (Rev. 11/03) Approved for use through 04/30/2004.

DPCC_000089

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 09/818,347 | PRINCE, BRUCE H. |
| | Examiner | Art Unit | |
| | Susan C. Alimenti | 3644 | |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to _communications filed on 1/15/2004_.

2. ☒ The allowed claim(s) is/are _1,3-9,11-15 and 17-20_.

3. ☒ The drawings filed on _27 March 2001_ are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
          International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
       1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.
    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
       Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO-1449 or PTO/SB/08),
    Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit
    of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)
6. ☐ Interview Summary (PTO-413),
    Paper No./Mail Date _____
7. ☐ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____.

*Charles T. Jordan*
**CHARLES T. JORDAN**
**SUPERVISORY PATENT EXAMINER**
**TECHNOLOGY CENTER 3600**

DPCC_000090

Application/Control Number: 09/818,347                                Page 2
Art Unit: 3644

## REASONS FOR ALLOWANCE

1.     The following is an examiner's statement of reasons for allowance: The prior art made of

record, alone or in combination, fails to show a baitless carpenter bee trap comprising a housing

having a hole sized to said carpenter bee and the interior wall of said hole being flat and the outer

surface painted a light color in order to make the hole look darker thus attracting said bees.

       Any comments considered necessary by applicant must be submitted no later than the

payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for

Allowance."

2.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Susan C. Alimenti whose telephone number is 703-306-0360.

The examiner can normally be reached on Monday-Friday, 9am-5pm.

       If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Charles T. Jordan can be reached on 703-306-4159.  The fax phone number for the

organization where this application or proceeding is assigned is 703-872-9306.

3.     Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

SCA

CHARLES T. JORDAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

| *Issue Classification* | Application No.<br>09/818,347 | Applicant(s)<br>PRINCE, BRUCE  H. | |
|---|---|---|---|
| | Examiner<br><br>Susan C. Alimenti | Art Unit<br><br>3644 | |

## ISSUE CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | | |
|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | |
| 43 | 58 | 220 | 690 | 6 | |

| INTERNATIONAL CLASSIFICATION | | | | | |
|---|---|---|---|---|---|
| A | 0 | 1 | M | 1/10 | |
| | | | | / | |
| | | | | / | |
| | | | | / | |
| | | | | / | |

| Susan C. Alimenti 4/5/2004<br>(Assistant Examiner)     (Date)<br><br>(Legal Instruments Examiner)     (Date) | *Charles T. Jordan*<br>CHARLES T. JORDAN<br>SUPERVISORY PATENT EXAMINER<br>TECHNOLOGY CENTER 3600<br>(Primary Examiner)     (Date)<br>4/5/04 | Total Claims Allowed: 17 | |
|---|---|---|---|
| | | O.G.<br>Print Claim(s)<br>1 | O.G.<br>Print Fig.<br>5 |

| ☐ Claims renumbered in the same order as presented by applicant | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | | 31 | | 61 | | 91 | | 121 | | 151 | | 181 |
| | 2 | | 32 | | 62 | | 92 | | 122 | | 152 | | 182 |
| 2 | 3 | | 33 | | 63 | | 93 | | 123 | | 153 | | 183 |
| 3 | 4 | | 34 | | 64 | | 94 | | 124 | | 154 | | 184 |
| 4 | 5 | | 35 | | 65 | | 95 | | 125 | | 155 | | 185 |
| 5 | 6 | | 36 | | 66 | | 96 | | 126 | | 156 | | 186 |
| 6 | 7 | | 37 | | 67 | | 97 | | 127 | | 157 | | 187 |
| 7 | 8 | | 38 | | 68 | | 98 | | 128 | | 158 | | 188 |
| 11 | 9 | | 39 | | 69 | | 99 | | 129 | | 159 | | 189 |
| | 10 | | 40 | | 70 | | 100 | | 130 | | 160 | | 190 |
| 8 | 11 | | 41 | | 71 | | 101 | | 131 | | 161 | | 191 |
| 9 | 12 | | 42 | | 72 | | 102 | | 132 | | 162 | | 192 |
| 10 | 13 | | 43 | | 73 | | 103 | | 133 | | 163 | | 193 |
| 12 | 14 | | 44 | | 74 | | 104 | | 134 | | 164 | | 194 |
| 17 | 15 | | 45 | | 75 | | 105 | | 135 | | 165 | | 195 |
| | 16 | | 46 | | 76 | | 106 | | 136 | | 166 | | 196 |
| 13 | 17 | | 47 | | 77 | | 107 | | 137 | | 167 | | 197 |
| 14 | 18 | | 48 | | 78 | | 108 | | 138 | | 168 | | 198 |
| 15 | 19 | | 49 | | 79 | | 109 | | 139 | | 169 | | 199 |
| 16 | 20 | | 50 | | 80 | | 110 | | 140 | | 170 | | 200 |
| | 21 | | 51 | | 81 | | 111 | | 141 | | 171 | | 201 |
| | 22 | | 52 | | 82 | | 112 | | 142 | | 172 | | 202 |
| | 23 | | 53 | | 83 | | 113 | | 143 | | 173 | | 203 |
| | 24 | | 54 | | 84 | | 114 | | 144 | | 174 | | 204 |
| | 25 | | 55 | | 85 | | 115 | | 145 | | 175 | | 205 |
| | 26 | | 56 | | 86 | | 116 | | 146 | | 176 | | 206 |
| | 27 | | 57 | | 87 | | 117 | | 147 | | 177 | | 207 |
| | 28 | | 58 | | 88 | | 118 | | 148 | | 178 | | 208 |
| | 29 | | 59 | | 89 | | 119 | | 149 | | 179 | | 209 |
| | 30 | | 60 | | 90 | | 120 | | 150 | | 180 | | 210 |

Part of Paper No.  20040305

DPCC_000092



BEST AVAILABLE C

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 43 | 66 | 3/25/2002 | 84 |
| 43 | 58 | | 84 |
| 43 | 65 | | 84 |
| 119 | 428 | | 84 |
| 229 | 117.01 | | 84 |
| 43 | 65 | 3/25/2002 | 84 |
| 43 { | 107 122 | 7/20/02 | 84 |
| 220 | 622 | | |
| 229 { | 122.2 149 195 | 2/4/03 | 54 |
| 220 { | 6 690 | | |

## SEARCH NOTES
### (INCLUDING SEARCH STRATEGY)

| | Date | Exmr. |
|---|---|---|
| See attachment inside | 3/26/02 | 84 |
| 220 ‡ 229 Search from Stephen Garbe | 2/4/03 | 84 |
| discussed potential allowable subject matter w/Knut Rower AU 3643 for interview on 5/21/03 | 5/22/03 | 84 |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 43 | 58 65-66 | 4/5/04 | 84 |

(RIGHT OUTSIDE)

DPCC_000093



PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.     :   09/818,347              Confirmation No.    :   1204
Applicant          :   Bruce H. Prince
Filed              :   March 27, 2001
TC/A.U.            :   3644
Examiner           :   Alimenti, Susan C.
Title:             :   CARPENTER BEE TRAP
Docket No.         :   52372-00002USPT
Customer No.       :   30223

Mail Stop Appeal Brief-Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

CERTIFICATE OF MAILING
37 C.F.R. 1.8

I hereby certify that this correspondence is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to:  Mail Stop Appeal Brief-Patents, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date indicated below:

_____   _____
Date            Signature

## AMENDMENT

Sir:

In response to the Office Action mailed October 28, 2003, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the Listing of Claims which begins on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

RECEIVED

JAN 1 5 2004

GROUP

01/16/2004 SSESHE1  00000116 100447    09818347
01 FC:2201         86.00 DA

CHICAGO 274876v1 52372-00002

DPCC_000094



~~> 3644

**PATENT**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Application No. | : | 09/818,347 |
| Applicant | : | Bruce H. Prince |
| Filed | : | March 27, 2001 |
| Title | : | CARPENTER BEE TRAP |
| TC/A.U. | : | 3644 |
| Examiner | : | Alimenti, Susan C. |
| Docket No. | : | 52372-00002 |
| Customer No. | : | 30223 |

RECEIVED

JAN 2 1 2004

GROUP 3600

## AMENDMENT TRANSMITTAL

Mail Stop Appeal Brief-Patents
Commissioner of Patents
P.O. Box 1450
Alexandria, VA  22313-1450

> **CERTIFICATE OF MAILING**
> 37 C.F.R. 1.8
>
> I hereby certify that this correspondence is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to: Box Non-Fee Amendment, Commissioner for Patents, Washington, D.C. 20231 on the date indicated below:
>
> 1-9-04 _____
> Date            Signature

Dear Sir:

Transmitted herewith is an "Amendment and Response To Office Action Dated October 28, 2003 " for this application.

The Applicant is a small entity.

The proceedings herein are for a patent application, and the provisions of 37 C.F.R. § 1.136 apply.

The Applicant believes that no extension of time is required.  This conditional petition is being made, however, to provide for the possibility that the Applicant has inadvertently overlooked the need for a petition for extension of time.

CHICAGO 275255v1 52372-00002

The fee for claims (37 C.F.R. § 1.16(b)-(d)) has been calculated as shown below.

| | Claims Remaining | Highest No. Paid For | Extra | Small Entity | Large Entity |
|---|---|---|---|---|---|
| Total | 17 | 20 | 0 x | $   9 = $ | $  18 = $  0 |
| Independent | 5 | 3 | 2 x | $  42 = $ | $  84 = $  84.00 |
| Multiple Dependent Claim Presented | | | | $ 140 = $ | $ 280 = $  0 |
| **TOTAL ADDITIONAL FEE** | | | | | $84.00 |

The total additional fee for claims required is $84.00.

The Commissioner is hereby authorized to charge any additional fees which may be required, or credit any overpayment, to Deposit Account No. 10-0447 (52372-00002).  A duplicate copy of this Transmittal is enclosed for that purpose.

Respectfully submitted,

Date: _1 – 9 – 0 4_

Stephen G. Rudisill
Reg. No. 20,087
Jenkens & Gilchrist
225 West Washington Street, Suite 2600
Chicago, IL  60606-3418
(312) 425-3900
Attorney for Applicant

DPCC_000096

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

## Amendments to the Claims:

Please cancel claims 2, 10 and 16, and amend claims 1, 8-9, and 14-15 as follows:

1.      (Amended)  A carpenter bee trap comprising a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, said housing containing no bait, the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

2.      (Cancelled)

3.      (Previously Amended)  The carpenter bee trap of claim 1 in which said housing has only a single hole, and the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

4.      (Original)  The carpenter bee trap of claim 1 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

5.      (Original)  The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth.

6.      (Original)  The carpenter bee trap of claim 1 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

7.      (Original)  The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

CHICAGO 274876v1 52372-00002

DPCC_000097

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

8.    (Amended)  A carpenter bee trap comprising a housing made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls, said housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, said housing containing no bait, the exterior surface of said solid wall around said hole having a light color, and the walls of said housing being opaque so that said hole appears dark from outside the housing.

9.    (Amended)  A carpenter bee trap comprising a housing made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls, said housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, said housing containing no bait, [The carpenter bee trap of claim 8 in which] the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

10.    (Cancelled)

11.    (Original)  The carpenter bee trap of claim 8 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

12.    (Original)  The carpenter bee trap of claim 8 in which the interior surfaces of said housing are smooth.

Page 3 of 13

CHICAGO 274876v1 52372-00002

DPCC_000098

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

13.    (Original)  The carpenter bee trap of claim 8 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

14.    (Amended)  A method of trapping carpenter bees without the use of bait or insecticide comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, and said housing containing no bait, the exterior surface of said solid wall around said hole having a light color, and the walls of said housing being opaque so that said hole appears dark from outside the housing, and periodically removing trapped bees from said hollow interior of said housing.

15.    (Amended)  A method of trapping carpenter bees without the use of bait or insecticide comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, and said housing containing no bait, and periodically removing trapped bees from said hollow interior of said housing, [The method of trapping carpenter bees as set forth in claim 14 in which] the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

16.    (Cancelled)

17.    (Previously Amended)  The method of trapping carpenter bees as set forth in claim 14 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

18.    (Previously Amended)  The method of trapping carpenter bees as set forth in claim 14 in which the interior surfaces of said housing are smooth.

Page 4 of 13

DPCC_000099

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

19.   (Previously Amended)  The method of trapping carpenter bees as set forth in claim 14 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

20.   (Previously Amended)  The method of trapping carpenter bees as set forth in claim 14 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

CHICAGO 274876v1 52372-00002

DPCC_000100

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

## REMARKS

The Office Action states that claims 2, 9 and 15 would be allowable if rewritten in independent form including all the limitations of the base claim and any intervening claims. Accordingly, claim 1 has been amended to incorporate the subject matter of dependent claim 2, (which has been cancelled), and claims 9 and 15 have been amended to incorporate all the limitations of their respective base claims. Thus, claims 1, 9 and 15 as now amended should be allowable. Claims 3-7 are dependent on the amended claim 1, and thus should also be allowable.

**Claims 8, 11-14 and 17-20**

Claims 8, 11-14 and 17-20 are rejected under 35 U.S.C. § 103(a) over Rimbach U.S. Patent No. 5,685,109 in combination with Clemmons U.S. Patent No. 4,858,374.

**Claims 8 and 11-12**

The independent claim 8 has been amended to more clearly distinguish over the prior art. This claim is directed to a carpenter bee trap that includes a housing that contains "no bait" and having a hole "about the same size as holes normally made by carpenter bees," which applicant's specification teaches to be less than about 1/2 inch. Claim 8 distinguishes over Rimback in several ways.

First, claim 8 specifically requires a housing "containing no bait." Rimback describes an insect trap that uses bait such as "a carbohydrate, typically a sweet fruit juice and/or a protein such as meat, raw fish, cat food, or hamburger." The patent specifically states that, "The bait should be replaced every day for greatest effectiveness."

Second, claim 8 requires a hole of "about the same size as holes normally made by carpenter bees," which applicant's specification teaches to be less than about 1/2 inch. Rimback's trap has two entrance holes, but he says nothing about the size of the holes.

The explanation of the rejection of claim 8 in the rejection makes no mention of the Clemmons patent. In any event, the Clemmons patent discloses a "bee" (apparently meaning yellow jackets – see col. 1, ll. 10-11) trap that is made of a transparent material so that an attractant material inside the trap "will be visible to bees which is believed to enhance the attracting effect." (Col. 2, ll. 6-7) Applicant's claim 8 has been amended to incorporate the subject matter of claim 10, specifically requiring that the housing not only contain no bait, but

Page 6 of 13

CHICAGO 274876v1 52372-00002

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

also: "the exterior surface of said solid wall around said hole having a light color, and the walls
of said housing being opaque so that said hole appears dark from outside the housing." Thus,
applicant's trap takes a fundamentally different approach from that of Clemmons – applicant
relies on the opaque, light-colored housing and the resultant dark hole to attract carpenter bees,
while Clemmons relies on a transparent housing and an attractant that is visible through the
transparent walls to attract yellow jackets. Clemmons' holes will not appear dark in a transparent
wall. Consequently, even if Clemmons were combined with Rimback, the resulting combination
would not yield applicant's invention as defined by claim 8.

It is respectfully requested that the rejection of claim 8 for "obviousness" based on the
combination of Rimback and Clemmons be reconsidered. Rimback discloses non-analogous art
(i.e., a baited trap) and does not meet the required criteria for using a reference to reject an
invention under § 103(a). Even assuming, *arguendo*, that Rimback is analogous art (which it is
not) and could be applied under § 103(a), the Rimback and Clemmons combination nonetheless
fails because no *prima facie* case of obviousness has been established. For example, the
rejection does not properly consider applicant's invention as a whole, including the problem
applicant's invention solves, in combining Rimback and Clemmons. In addition, there is no
persuasive suggestion to combine the teachings of Rimback and Clemmons.

"[I]dentification in the prior art of each individual part claimed is insufficient to defeat
patentability of the whole claimed invention." *In re Kotzab*, 217 F.3d 1365, 1370, 55 U.S.P.Q.2d
1313, 1316 (Fed. Cir. 2000), (*citing In re Rouffet*, 149 F.3d 1350, 1357, 47 U.S.P.Q.2d 1453,
1457 (Fed. Cir. 1998)). "When a rejection depends on a combination of prior art references,
there must be some teaching, suggestion, or motivation to combine the references." *Rouffet*,
149 F.3d at 1355, 47 U.S.P.Q.2d at 1456, (*citing In re Geiger*, 815 F.2d 686, 688, 2 U.S.P.Q.2d
1276, 1278 (Fed. Cir. 1987)). A *prima facie* case of obviousness can *only* be set up where there
is "a teaching or suggestion within the prior art, or within the general knowledge of a person of
ordinary skill in the field of the invention, to look to particular sources of information, to select
particular elements, and to combine them in the way they were combined by the inventor." *ATD
Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *see also In
re Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d

Page 7 of 13

CHICAGO 274876v1 52372-00002

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988).  Evidence of a suggestion, teaching, or motivation to combine "must be clear and particular." *Ex parte Maruyama*, 2001 WL 1918556, *3 (Bd. Pat. App. & Inter. 2001), (*citing C.R. Bard, Inc. v. M3 Systems Inc.*, 157 F.3d 1340, 1352, 48 U.S.P.Q.2d 1225, 1232 (Fed. Cir. 1998)).

To render the claimed invention obvious, the Examiner "must identify specifically . . . the reasons one of ordinary skill in the art would have been motivated to select the references and combine them." *In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459 (Fed. Cir. 1998)).  Obviousness cannot "be established using hindsight or in view of the teachings or suggestions of the invention." *Ex parte Maguire* (Appendix 9), 2002 WL 1801466, *3 (Bd. Pat. App. & Inter. 2002), (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)).  In other words, the knowledge to combine "*can not* come from the applicant's invention itself." *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

Section 103(a) mandates that the "invention as a whole . . . must be considered in obviousness determinations." *In re Wright*, 848 F.2d 1216, 1219, 6 U.S.P.Q.2d 1959, 1961 (Fed. Cir. 1988).  The invention as a whole includes the "structure, its properties, and the problem it solves." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961.  The determination of obviousness "requires cognizance of the properties of which structure and the problem which it solves, viewed in light of the teachings of the prior art." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961, (*citing In re Rinehart*, 531 F.2d 1048, 1054, 189 U.S.P.Q.2d 143, 149 (C.C.P.A. 1976)).  The relevant question in an obviousness determination is "whether what the inventor did would have been obvious to one of ordinary skill in the art attempting to solve the problem upon which the inventor was working." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961-62, (*citing Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149); *see also In re Benno*, 768 F.2d 1340, 1346, 226 U.S.P.Q. 683, 687 (Fed. Cir. 1985).

The specific problem addressed by the applicant here was to create a baitless trap especially for carpenter bees.  As discussed above, both the Rimback baited trap and the

Page 8 of 13

DPCC_000103

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

Clemmons yellow jacket trap deal with completely different issues requiring completely different solutions than those encountered in attempting to trap carpenter bees without the use of bait.

The rejection does not show that a person of ordinary skill, seeking to solve problems related to trapping carpenter bees without the use of bait, would reasonably be expected or motivated to look to Rimback or Clemmons. It is, thus, clear that the rejection has not considered applicant's claimed invention as a whole, including the problem applicant's invention solves, in combining Rimback and Clemmons. No *prima facie* case of obviousness has been established. *See Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961; *Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149; *Benno*, 768 F.2d at 1346, 226 U.S.P.Q. at 687.

Nor does the rejection establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Clemmons to achieve the claimed invention and, instead, improperly uses knowledge from applicant's invention to make the Rimback-Clemmons combination. *See In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459, (Fed. Cir. 1998)). Because no persuasive suggestion to combine the teachings of Rimback and Clemmons has been presented, a *prima facie* case of obviousness has not been made. *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *In re Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988).

The explanation of the rejection of claim 8 in the rejection makes no mention whatever of the Clemmons patent, and thus there is not a single word of explanation to support the rejection based on the combination of the two references. The rejection summarily concludes that it would have been obvious to one skilled in the art to modify the baited trap of Rimback with some unidentified feature of Clemmons, which is a non-analogous reference in any event. Obviousness, however, requires more than such unsupported summary conclusions. *See Ex parte Maruyama*, 2001 WL 1918556, *3 (Bd. Pat. App. & Inter. 2001), (*citing C.R. Bard, Inc. v. M3 Systems Inc.*, 157 F.3d 1340, 1352, 48 U.S.P.Q.2d 1225, 1232 (Fed. Cir. 1998)); *see also In re*

DPCC_000104

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

*Dembiczak*, 175 F.3d 994, 999-1000, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000).

Because of the noted differences between the issues and solutions of Rimback and Clemmons, the motivation, teaching or suggestion to make the proposed combination *must* have been impermissibly derived using hindsight or using applicant's own teachings. *See Maguire*, 2002 WL 1801466 at *3, (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)); *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

For these reasons, the rejection fails to establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Clemmons and, thus, fails to establish a *prima facie* case of obviousness. *See Dembiczak*, 175 F.3d at 999, 50 U.S.P.Q.2d at 1617; *Rouffet*, 149 F.3d at 1359, 47 U.S.P.Q.2d at 1459.

Furthermore, as discussed above, any combination of Rimback and Clemmons will fail to yield applicant's claimed invention in any event, particularly in light of the amendments that have been made to the independent claim 8.

## Claims 14 and 17-19

The independent claim 14 is a method claim directed specifically to the use of a baitless structure to trap carpenter bees "without the use of bait or insecticide." There is no teaching whatever in the Rimback patent that his structure might be effectively used as a trap without the use of bait, nor that it might be used to trap carpenter bees. Rimback describes an insect trap that uses bait such as "a carbohydrate, typically a sweet fruit juice and/or a protein such as meat, raw fish, cat food, or hamburger." The patent specifically states that, "The bait should be replaced every day for greatest effectiveness." Moreover, claim 14 requires a hole of "about the same size as holes normally made by carpenter bees," which applicant's specification teaches to be less than about 1/2 inch. Rimback's trap has two entrance holes, but he says nothing about the size of the holes.

The explanation of the rejection of claim 14 makes no mention of the Clemmons patent. In any event, the Clemmons patent discloses a "bee" (apparently meaning yellow jackets – see col. 1, ll. 10-11) trap that is made of a transparent material so that an attractant material inside the

DPCC_000105

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

trap "will be visible to bees which is believed to enhance the attracting effect." (Col. 2, ll. 6-7) Applicant's claim 14 has been amended to incorporate the subject matter of claim 20, specifically requiring that the housing not only contain no bait, but also: "the exterior surface of said solid wall around said hole having a light color, and the walls of said housing being opaque so that said hole appears dark from outside the housing." Thus, applicant's trap takes a fundamentally different approach from that of Clemmons – applicant relies on the opaque, light-colored housing and the resultant dark hole to attract carpenter bees, while Clemmons relies on a transparent housing and an attractant that is visible through the transparent walls to attract yellow jackets. Clemmons' holes will not appear dark in a transparent wall. Consequently, even if Clemmons were combined with Rimback, the resulting combination would not yield applicant's invention as defined by claim 14.

Applicant's invention is superior to the references' approaches from an environmental standpoint, and yet, is surprisingly effective in trapping carpenter bees in large numbers. For example, the test results of record were conducted with four traps that were about 2" deep by 8" high by 6" wide, with entry holes of 5/16", 3/8", 7/16" and 1/2", respectively.

The rejection of claims 14 and 17-19 should be reversed for the same additional reasons set forth above with respect to claim 8.

## Claim 13 and 20

Claims 13 and 20 are rejected under 35 U.S.C. § 103(a) over Rimback and Clemmons.

Claims 13 and 20 are dependent on claims 8 and 14, respectively, which distinguish over Rimback and Clemmons in the manners discussed above. Claims 13 and 20 add a requirement that the hole have a size "within the range of from about 5/16 inch to 1/2 inch," which also is not shown by Rimback. The rejection of these two claims relies on Clemmons to show a hole within the size range of applicant's claims 13 and 20. However, as discussed in detail above, there is no basis for combining Rimback and Clemmons, and even if they are combined, they cannot yield applicant's invention as now defined by the amended independent claims 8 and 14.

CHICAGO 274876v1 52372-00002

DPCC_000106

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

## Claims 10 and 16

Claims 10 and 16 are rejected under 35 U.S.C. § 103(a) over Rimback U.S. Patent No. 5,685,109 in combination with Clemmons U.S. Patent No. 4,858,374 and Schneidmiller U.S. Patent No. 4,551,941.

As discussed above, the subject matter of claims 10 and 16 has been added to the corresponding independent claims 8 and 14, respectively. Although the dependent claims 10 and 16 have been cancelled, and the amended independent claims 8 and 14 have been discussed above, the Schneidmiller reference relied upon in the rejection of the original dependent claims 10 and 16 has not been addressed above.

Schneidmiller was relied upon to show "the use of a bright yellow color to attract wasps or the like." Schneidmiller's trap is designed specifically for wasps, and the particular characteristics of wasps as described in the Schneidmiller patent. Those characteristics include the tendency of a wasp to fly in an upward direction and toward a light source. Because of Schneidmiller's desire to take advantage of these characteristics to trap wasps, the structure that he uses is actually diametrically opposed to the requirements of applicant's carpenter bee trap as defined by claims 8 and 14. Applicant's claims 8 and 14 both now require that the walls of the housing be "opaque so that said hole appears dark from outside the housing," which is in sharp contrast to the teachings of Schneidmiller, who deliberately designs his trap with a light-transmitting wall surrounding the entry hole at the top of the cone 13. Schneidmiller's light-transmitting wall satisfies his objective of providing a light source, not a dark hole, to attract the wasps:

> Upper screen portion 46 defines a plurality of spaced
> orifices that are small enough to prevent the passage of a wasp
> therethrough, but large enough to allow passage of substantial light
> . . . .

In addition, the body portion of Schneidmiller's trap is also formed of a transparent plastic (col.2, ll.1-2) to illuminate the light-transmitting wall of his cone. Thus, it can be seen that Schneidmiller's design criteria are the exact opposite of applicant's: Schneidmiller wants an illuminated hole to attract wasps, whereas Applicant wants a dark hole to attract carpenter bees.

CHICAGO 274876v1 52372-00002

DPCC_000107

Application Number 09/818,347
Amendment dated January 9, 2004
Reply to Office Action of October 28, 2003

Moreover, there is no explanation in the rejection as to why it would have been obvious to one of ordinary skill in this art to combine any features of Schneidmiller's structure with the structures shown by Clemmons and Rimback. It is clear that the only basis for such an unusual combination are the teachings of the present applicant in the present application, and the hindsight application of those teachings in an attempt to combine two completely unrelated references. All the additional reasons set forth above with respect to the deficiencies in the rejection of claim 8 based on the purported combination of Rimback and Clemmons, are equally applicable to the three-way Rimback-Clemmons-Schneidmiller combination.

For all these reasons, the rejection fails to establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Clemmons and Schneidmiller and, thus, fails to establish a *prima facie* case of obviousness. *See Dembiczak*, 175 F.3d at 999, 50 U.S.P.Q.2d at 1617; *Rouffet*, 149 F.3d at 1359, 47 U.S.P.Q.2d at 1459.

## Conclusion

For the reasons set forth above, reconsideration of the rejections of applicant's claims 8, 11-14 and 17-20 is respectfully requested. Claims 1-7, 9 and 15 have been amended to place them in condition for allowance, in accordance with paragraph 8 of the Office Action.

Applicant respectfully requests that a timely Notice of Allowance be issued in this case.

It is believed that no fee is presently due; however, should any additional fees be required (except for payment of the issue fee), the Commissioner is authorized to deduct the fees from Jenkens & Gilchrist, P.C. Deposit Account No. 10-0447, Order No. 52372-00002USPT.

Respectfully submitted,

By

Stephen G. Rudisill
Reg. No. 20,087
Jenkens & Gilchrist, P.C.
225 West Washington Street, Suite 2600
Chicago, IL  60606-3418
Attorneys for Applicant
Tel.: (312) 425-3900

Page 13 of 13

CHICAGO 274876v1 52372-00002

DPCC_000108



 **UNITED STATES PATENT AND TRADEMARK OFFICE**

**UNITED STATES DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/818,347 | 03/27/2001 | Bruce H. Prince | 52372-00002 | 1204 |

30223      7590      10/28/2003

JENKENS & GILCHRIST, P.C.
225 WEST WASHINGTON
SUITE 2600
CHICAGO, IL  60606

| EXAMINER |
|---|
| ALIMENTI, SUSAN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3644 | |

DATE MAILED: 10/28/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| | Application N . | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/818,347 | PRINCE, BRUCE  H. |
| | **Examiner** | **Art Unit** | |
| | Susan C. Alimenti | 3644 | |

*-- The MAILING DATE of this communication appears  n the cover sh  et with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1)☒  Responsive to communication(s) filed on <u>*19 August 2003*</u> .

2a)☐  This action is **FINAL**.      2b)☒  This action is non-final.

3)☐  Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒  Claim(s) <u>*1-20*</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐  Claim(s) _____ is/are allowed.

6)☒  Claim(s) <u>*1,3-8,10-14 and 16-20*</u> is/are rejected.

7)☒  Claim(s) <u>*2,9 and 15*</u> is/are objected to.

8)☐  Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐  The specification is objected to by the Examiner.

10)☐  The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

11)☐  The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12)☐  The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐  Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

        1.☐  Certified copies of the priority documents have been received.

        2.☐  Certified copies of the priority documents have been received in Application No. _____ .

        3.☐  Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15)☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4)☐ Interview Summary (PTO-413) Paper No(s). _____ .
5)☐ Notice of Informal Patent Application (PTO-152)
6)☐ Other: _____

DPCC_000110

Application/Control Number: 09/818,347                                        Page 2

Art Unit: 3644

## DETAILED ACTION

1.      In response to Applicant's Appeal Brief filed on 19 August 2003, arguments presented by

the Applicant are considered persuasive and the finality of the Office Action of Paper No. 8 is

withdrawn. Action on the merits is as stated below.

### *Claim Rejections - 35 USC § 103*

2.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

3.      Claims 1, 4-8, 11-14, 17-19 and 20 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Rimback (US 5,685,109), and further in view of Clemmons (US 4,858,374).

4.      Regarding claims 1, 4-6, 8, 11 and 12, Rimback discloses the claimed invention except

the housing contains bait. In Figure 1 it can be seen that the trap comprises two side panels

(12,14), each including a hole (40,42) therein for the entrance of an insect, and an integral

latching means (56) latching the two sidewalls together. Rimback's trap is made of plastic, which

has a smooth surface and further comprises hinges (18,20) that allow for the device to be opened

and closed to repeatedly remove the contents therein. Furthermore, while Rimback mentions

that the trap may be used in conjunction with some type of bait, it is merely stated that the trap is

"more attractive to the insects" with the bait, and it is therefore inferred that said trap is

functional without bait (Rimback, col.3, lns.36-40). It would have been obvious to one having

ordinary skill in the art at the time the invention was made to remove the bait from Rimback's

DPCC_000111

Application/Control Number: 09/818,347                                          Page 3

Art Unit: 3644

trap, since it has been held that omission of an element and it's function in a combination where

the remaining elements perform the same functions as before involves only routine skill in the

art. *In re Karlson,* 136 USPQ 184.

5.      Regarding claims 14 and 17-19, Rimback discloses the claimed method of providing a

housing having a hollow interior, and periodically removing the trapped bees from said hollow

interior except Rimback uses bait. It would have been obvious to one having ordinary skill in the

art at the time the invention was made to remove the bait from Rimback's trap, since it has been

held that omission of an element and it's function in a combination where the remaining elements

perform the same functions as before involves only routine skill in the art. *In re Karlson,* 136

USPQ 184.

6.      Regarding claims 7, 13 and 20, Rimback as modified above, discloses the claimed

invention except the exact size of the hole is not disclosed, however it is inherent that the size of

the hole be appropriate for flying insects such as bees or wasps, since the trap is meant for such

insects. Clemmons discloses a device in the same field of endeavor, i.e. traps for flying insects

such as bees or the like. Clemmons determined that the proper hole dimension should be

between 6-13 millimeters (0.24-0.51 in.) in order to allow enough room for a bee to crawl

through but prevent it from flying through, which is exactly what the present invention seeks to

accomplish when dealing with carpenter bees (Clemmons, col.2, lns.54-56). A hole large

enough to allow a carpenter bee to fly through would not be as attractive to said bee since it

would not recognize this as one that a carpenter bee would create which is well-known to be a

safe-zone for the insect. It would have been obvious to one having ordinary skill in the art at the

time the invention was made to make Rimback's insect entry hole between 5/16-1/2 in. (0.31-0.5

DPCC_000112

Application/Control Number: 09/818,347                                     Page 4

Art Unit: 3644

in.) in order to make a hole large enough for a bee to fit through but one that would prevent the

insect from flying therethrough.

7.      Claims 3, 10 and 16 are rejected under 35 U.S.C. 103(a) as being unpatentable by

Rimback, in view of Clemmons and further in view of Schneidmiller (US 4,551,941).

        Regarding claims 3, 10 and 16 Rimback as modified, discloses the claimed

invention except the color of the exterior surface around the hole is not specified.

Scheidmiller discloses an insect trap, in the same filed of endeavor, i.e. traps for flying

insects, and he teaches the use of a bright yellow color to attract wasps or the like

(Schneidmiller, col. 4, lns.51-54).  The insects enter into the trap through a bottom

element (45) that is colored yellow and Schneidmiller explains that said bottom element

is made of an opaque material that prevents the passage of light (Schneidmiller, col.6,

lns.16-19).  He further states how the entrance appears darker to the insect upon entry

into the trap (Schneidmiller, col.7, lns.9-13).  It would have been obvious to one of

ordinary skill in the art at the time the invention was made to modify Rimback's device

by manufacturing it from a bright colored plastic that would be more attractive to the

insects and furthermore provide a more drastic contrast making the entrance appear

darker and striking to the insect.


                              *Allowable Subject Matter*

8.      Claims 2, 9 and 15 are objected to as being dependent upon a rejected base claim, but

would be allowable if rewritten in independent form including all of the limitations of the base

claim and any intervening claims.

Application/Control Number: 09/818,347                                          Page 5
Art Unit: 3644

### *Conclusion*

9.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Susan C. Alimenti whose telephone number is 703-306-0360.

The examiner can normally be reached on Monday-Friday, 9am-5pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Charles T. Jordan can be reached on 703-306-4159.  The fax phone number for the

organization where this application or proceeding is assigned is (703) 872-9306.

        Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-308-1113.

SCA

| | | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|---|
| | | | 09/818,347 | PRINCE, BRUCE H. |

**\* Notice of References Cited**

| | | Examiner | Art Unit | |
|---|---|---|---|---|
| | | Susan C. Alimenti | 3644 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-4,551,941 | 11-1985 | Schneidmiller, Rodney G. | 43/107 |
| * | B | US-4,858,374 | 08-1989 | Clemons, Carl W. | 43/122 |
| * | C | US-5,685,109 | 11-1997 | Rimback, Peter | 43/122 |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                 **Notice of References Cited**                 Part of Paper No. 13

DPCC_000115

Customer No. 30223

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES**

| | | |
|---|---|---|
| In re Application of: | ) | |
| | ) | Attorney Docket No. 52372-00002USPT |
| Bruce H. Prince | ) | |
| | ) | Group Art No. 3644 |
| | ) | |
| Serial No. 09/818,347 | ) | Examiner: Susan C. Alimenti |
| | ) | |
| Filed: March 27, 2001 | ) | |
| | ) | |
| Title: CARPENTER BEE TRAP | ) | |

**RECEIVED**

AUG 2 2 2003

**GROUP 3600**

37 C.F.R 1.8

I hereby certify that this correspondence is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to: MS Appeal Brief – Patents, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on the date below:

| | |
|---|---|
| August 11, 2003 | |
| Date | Signature |

08/20/2003 HGUTEMA1 00000012 09818347
01 FC:2402                    160.00 OP

**APPEAL BRIEF PURSUANT TO 37 C.F. R. §§ 1.191 AND 1.192**

Mail Stop Appeal Brief- Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

To the Commissioner for Patents:

This appeal brief is filed pursuant to Applicant's appeal to the Board of Patent Appeals and Interferences from the final rejection of claims 1-20 in an Office Action dated February 10, 2003, for the above-listed application. The Notice of Appeal was filed on June 9, 2003.

In accordance with 37 C.F.R. § 1.192 (a), this brief is being submitted in triplicate.

CHICAGO 263007v1 52372-00002

1

1.    **REAL PARTY IN INTEREST**

The real party in interest is Bruce Prince residing at 1352 Upper Grandview Road, Jasper, Georgia 30143.

2.    **RELATED APPEALS AND INTERFERENCES**

There are no other appeals or interferences that will directly affect or be directly affected by or have a bearing on the Board's decision in the pending appeal.

3.    **STATUS OF CLAIMS**

Claims 1-20 are currently pending in the above-referenced application. Claims 1-20 are the claims subject to this appeal. A copy of claims 1-20 is contained in the attached Appendix of Appealed Claims 1-20.

Claims 1, 2, 4 and 5 stand rejected under 35 U.S.C. § 102(b) as being anticipated by Ritchey U.S. Patent No. 5,493,997.

Claim 3 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Ritchey and Schneidmiller U.S. Patent 4,551,941.

Claim 6 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Ritchey and Rimback U.S. Patent 5,685,109.

Claim 7 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Ritchey.

Claims 8-13 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Ritchey and Schneidmiller.

Claims 14-20 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Rimback and Schneidmiller.

4.    **STATUS OF AMENDMENTS**

No amendments to the claims were made after the Final Rejection dated February 10, 2003.

5.    **SUMMARY OF THE INVENTION**

The present invention is directed to a baitless carpenter bee trap comprising a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, the hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees. The preferred hole size is in the range from about 5/16 inch to about 1/2 inch. The exterior surface of the solid

2

DPCC_000117

wall around the hole preferably has a light color, and the walls of the housing preferably form only a single hole and are opaque so that the hole appears dark from outside the housing. The interior surface of the solid wall forming the interior edge of the hole is preferably substantially flat. In a particularly preferred embodiment, the trap is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

The invention also includes a method of trapping carpenter bees using a baitless structure of the type described above. An affidavit of record presents data showing the effectiveness of this method in trapping carpenter bees.

6.   **ISSUES**

The issues in this appeal are as follows:

1.   Whether claims 1, 2 and 5 are anticipated under 35 U.S.C. § 102(b) by Ritchey U.S. Patent No. 5,493,997.

2.   Whether claim 3 is unpatentable under 35 U.S.C. § 103(a) over Ritchey and Schneidmiller U.S. Patent 4,551,941.

3.   Whether claim 4 is anticipated under 35 U.S.C. § 102(b) by Ritchey U.S. Patent No. 5,493,997.

4.   Whether claim 6 is unpatentable under 35 U.S.C. § 103(a) over Ritchey and Rimback U.S. Patent 5,685,109.

5.   Whether claim 7 is unpatentable under 35 U.S.C. § 103(a) over Ritchey.

6.   Whether claims 8, 11 and 12 are unpatentable under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

7.   Whether claim 9 is unpatentable under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

8.   Whether claim 10 is unpatentable under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

9.   Whether claim 13 is unpatentable under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

10.   Whether claims 14 and 17-19 are unpatentable under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

DPCC_000118

11.    Whether claim 15 is unpatentable under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

12.    Whether claim 16 is unpatentable under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

13.    Whether claim 20 is unpatentable under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

**7.    GROUPING OF CLAIMS**

Claims 1, 2 and 5 stand or fall together.

Claims 8, 11 and 12 stand or fall together.

Claims 14 and 17-19 stand or fall together.

Each of the other claims, 3, 4, 6, 7, 9, 10, 13, 15, 16 and 20, stands or falls by itself, and not together with any other claim.

**8.    ARGUMENT**

**Claims 1, 2 and 5**

Claims 1, 2 and 5 are rejected under 35 U.S.C. § 102(b) over Ritchey U.S. Patent No. 5,493,997.

The independent claim 1 is directed to a carpenter bee trap that includes a housing that contains "no bait" and having a hole "about the same size as holes normally made by carpenter bees," which applicant's specification teaches to be less than about 1/2 inch.  Ritchey describes a bird house that would not be suitable for use as a carpenter bee trap.  The only specific teaching by Ritchey with respect to the size of the hole is that a typical size range is "from one to six inches in diameter."  This hole would be too large to satisfy the requirements of the present applicant's invention, and would not achieve the results described in the affidavit submitted by the applicant, describing the surprisingly large number of carpenter bees trapped by applicant's claimed structure.  Thus, the Ritchey patent clearly fails to anticipate applicant's claim 1, as well as its dependent claims 2 and 5.  The rejection of claims 1, 2 and 5 under § 102, therefore, is clearly unsupported and should be reversed.

**Claim 3**

Claim 3 is rejected under 35 U.S.C. § 103(a) over Ritchey and Schneidmiller U.S. Patent 4,551,941.

DPCC_000119

Claim 3 is dependent on claim 1, which distinguishes over Ritchey in the manner discussed above. Claim 3 adds requirements that "the exterior surface of said solid wall around said hole has a light color," and that "the walls of said housing are opaque so that said hole appears dark from outside the housing." Schneidmiller is relied upon to show an insect trap having a light-colored exterior and opaque walls. Schneidmiller's trap is designed specifically for wasps, and the particular characteristics of wasps as described in the Schneidmiller patent. These characteristics include the tendency of a wasp to fly in an upward direction and toward a light source. Because of Schneidmiller's desire to take advantage of these characteristics to trap wasps, the structure that he uses is actually diametrically opposed to the requirements of applicant's carpenter bee trap as defined by claim 3. Applicant's claim 3 requires that the walls of the housing be "opaque so that said hole appears dark from outside the housing," which is in sharp contrast to Schneidmiller, who deliberately designs his trap with a light-transmitting wall surrounding the entry hole at the top of the cone 13. Schneidmiller's light-transmitting wall satisfies his objective of providing a light source, not a dark hole, to attract the wasps:

> Upper screen portion 46 defines a plurality of spaced orifices
> that are small enough to prevent the passage of a wasp therethrough,
> but large enough to allow passage of substantial light . . . .

In addition, the body portion of Schneidmiller's trap is also formed of a transparent plastic (col.2, ll.1-2) to illuminate the light-transmitting wall of his cone. Thus, it can be seen that Schneidmiller's design criteria are the exact opposite of applicant's: Schneidmiller wants an illuminated hole to attract wasps, whereas Applicant wants a dark hole to attract carpenter bees.

Moreover, there is no explanation whatever in the final rejection as to why it would have been obvious to one of ordinary skill in this art to combine any features of Schneidmiller's insect trap with the bird house shown by Ritchey. It is clear that the only basis for such an unusual combination are the teachings of the present applicant in the present application, and the hindsight application of those teachings in an attempt to combine two completely unrelated references.

Thus, the rejection of claim 3 should be reversed for several fundamental reasons. First, Ritchey discloses non-analogous art and does not meet the required criteria for using a reference to reject an invention under § 103(a). Second, even assuming, *arguendo*, that Ritchey is analogous art (which it is not) and could be applied under § 103(a), the Ritchey-Schneidmiller combination nonetheless fails because no *prima facie* case of obviousness has been established. For example, the Examiner failed to properly consider applicant's invention as a whole, including the problem

DPCC_000120

applicant's invention solves, in combining Ritchey and Schneidmiller.  In addition, the Examiner failed to identify a persuasive suggestion to combine the teachings of Ritchey and Schneidmiller and instead improperly used knowledge from applicant's invention to make the Ritchey-Schneidmiller combination.

The law is clear that two criteria exist for determining whether a prior art reference is analogous.  First, if the prior art reference is from the same field of endeavor as the claimed invention, regardless of the problem addressed, then it is analogous art.  *Ex parte Maruyama* (Appendix 7), 2001 WL 1918556, *2 (Bd. Pat. App. & Inter. 2001), (*quoting In re Clay*, 966 F.2d 656, 658-59, 23 U.S.P.Q.2d 1058, 1060 (Fed. Cir. 1992) and *citing In re Deminski*, 796 F.2d 436, 442, 230 U.S.P.Q. 313, 315 (Fed. Cir. 1986) and *In re Wood*, 599 F.2d 1032, 1036, 202 U.S.P.Q. 171, 174 (C.C.P.A. 1979)).  A prior art reference and the claimed invention are within the same field of endeavor if they have essentially the same function and structure.  *Deminski*, 796 F.2d at 442, 230 U.S.P.Q. at 315.

Second, if the prior art reference is not from the same field of endeavor as the claimed invention, but the prior reference is "reasonably pertinent to the particular problem with which the inventor is involved," then the reference is analogous.  *Maruyama*, 2001 WL 1918556 at *2, (*quoting Clay*, 966 F.2d at 658-59, 23 U.S.P.Q.2d at 1060, *citing Deminski*, 796 F.2d at 442, 230 U.S.P.Q. at 315 and *Wood*, 599 F.2d at 1036, 202 U.S.P.Q. at 174).  A prior reference is "reasonably pertinent if, even though it may be in a different field of endeavor" than that of the claimed invention, "it logically would have commended itself to an inventor's attention in considering his problem because of the matter with which it deals."  *Ex parte Gaetke* (Appendix 8), 2001 WL 1918508, *3 (Bd. Pat. App. & Inter. 2001), (*quoting Clay*, 966 F.2d at 659, 23 U.S.P.Q.2d at 1061).  If a prior art reference has the "same purpose as the claimed invention, the reference relates to the same problem, and that fact supports use of that reference in an obviousness rejection."  *Clay*, 966 F.2d at 659, 23 U.S.P.Q.2d at 1061.

In order for an Examiner to rely on a reference as a basis for rejection of an applicant's claim, the reference "*must* either be in the field of the applicant's endeavor or, if not, then be reasonably pertinent to the particular problem with which the inventor was concerned."  *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1445 (Fed. Cir. 1992), emphasis added, (*citing Deminski*, 796 F.2d at 442, 230 U.S.P.Q. at 315).

DPCC_000121

Ritchey is clearly non-analogous under both tests for analogous art. Ritchey is neither in the field of applicant's endeavor nor reasonably pertinent to the problems with which applicant was concerned. Birdhouses are designed to make it easy for birds to enter and exit, while insect traps are designed to encourage entry and prevent exit of insects, and the habits of different insects vary widely among the different species of insects. Thus, Ritchey cannot be used to reject applicant's claims under § 103(a), and the Examiner has not presented a *prima facie* case of obviousness. *See In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1445 (Fed. Cir. 1992), (*citing In re Deminski*, 796 F.2d 436, 442, 230 U.S.P.Q. 313, 315 (Fed. Cir. 1986)).

Even assuming, *arguendo*, that Ritchey is analogous art (which it is not) and could be applied under § 103(a), the Ritchey-Schneidmiller combination fails for numerous additional reasons. For example, the Examiner failed to consider applicant's invention as a whole, including the problem it solves, in combining Ritchey and Schneidmiller. Moreover, the Examiner failed to identify a persuasive suggestion to combine the teachings of Ritchey and Schneidmiller and instead improperly used knowledge from applicant's invention to make the Ritchey-Schneidmiller combination.

"[I]dentification in the prior art of each individual part claimed is insufficient to defeat patentability of the whole claimed invention." *In re Kotzab*, 217 F.3d 1365, 1370, 55 U.S.P.Q.2d 1313, 1316 (Fed. Cir. 2000), (*citing In re Rouffet*, 149 F.3d 1350, 1357, 47 U.S.P.Q.2d 1453, 1457 (Fed. Cir. 1998)). "When a rejection depends on a combination of prior art references, there must be some teaching, suggestion, or motivation to combine the references." *Rouffet*, 149 F.3d at 1355, 47 U.S.P.Q.2d at 1456, (*citing In re Geiger*, 815 F.2d 686, 688, 2 U.S.P.Q.2d 1276, 1278 (Fed. Cir. 1987)). A *prima facie* case of obviousness can *only* be set up where there is "a teaching or suggestion within the prior art, or within the general knowledge of a person of ordinary skill in the field of the invention, to look to particular sources of information, to select particular elements, and to combine them in the way they were combined by the inventor." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *see also In re Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988). Evidence of a suggestion, teaching, or motivation to combine "must be clear and particular." *Ex parte Maruyama*, 2001 WL 1918556, *3 (Bd. Pat. App. & Inter. 2001), (*citing C.R. Bard, Inc. v. M3 Systems Inc.*, 157 F.3d 1340, 1352, 48 U.S.P.Q.2d 1225, 1232 (Fed. Cir. 1998)).

DPCC_000122

To render the claimed invention obvious, the Examiner "must identify specifically . . . the reasons one of ordinary skill in the art would have been motivated to select the references and combine them." *In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459 (Fed. Cir. 1998)). Obviousness cannot "be established using hindsight or in view of the teachings or suggestions of the invention." *Ex parte Maguire* (Appendix 9), 2002 WL 1801466, *3 (Bd. Pat. App. & Inter. 2002), (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)).   In other words, the knowledge to combine "*can not* come from the applicant's invention itself." *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

Section 103(a) mandates that the "invention as a whole . . . must be considered in obviousness determinations." *In re Wright*, 848 F.2d 1216, 1219, 6 U.S.P.Q.2d 1959, 1961 (Fed. Cir. 1988).  The invention as a whole includes the "structure, its properties, and the problem it solves." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961.  The determination of obviousness "requires cognizance of the properties of which structure and the problem which it solves, viewed in light of the teachings of the prior art." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961, (*citing In re Rinehart*, 531 F.2d 1048, 1054, 189 U.S.P.Q.2d 143, 149 (C.C.P.A. 1976)).  The relevant question in an obviousness determination is "whether what the inventor did would have been obvious to one of ordinary skill in the art attempting to solve the problem upon which the inventor was working." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961-62, (*citing Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149); *see also In re Benno*, 768 F.2d 1340, 1346, 226 U.S.P.Q. 683, 687 (Fed. Cir. 1985).

The problem addressed by the applicant here was to effectively trap carpenter bees without the use of bait.  Both the Ritchey birdhouse and the Schneidmiller wasp trap deal with completely different issues, requiring completely different solutions than those encountered in trapping carpenter bees without the use of bait.

The Examiner failed to show that a person of ordinary skill, seeking to solve problems related to trapping carpenter bees without the use of bait, would reasonably be expected or motivated to look to bird houses or traps for insects that are attracted to light sources.  It is, thus, clear that the Examiner failed to consider applicant's claimed invention as a whole, including the

DPCC_000123

problem applicant's invention solves, in combining Ritchey and Schneidmiller to reject the pending claims and that no *prima facie* case of obviousness has been established. *See Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961; *Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149; *Benno*, 768 F.2d at 1346, 226 U.S.P.Q. at 687.

The Examiner also failed to establish why one of ordinary skill in the art would have found it obvious to combine Ritchey and Schneidmiller to achieve the claimed invention and instead improperly used knowledge from applicant's invention to make the Ritchey-Schneidmiller combination. *See In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459, (Fed. Cir. 1998)). Because no persuasive suggestion to combine the teachings of Ritchey and Schneidmiller has been presented by the Examiner, a *prima facie* case of obviousness has not been made. *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *In re Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988).

Because of the noted differences between the issues and solutions of Ritchey and Schneidmiller, the motivation, teaching, or suggestion to make the proposed combination *must* have been impermissibly derived using hindsight or using applicant's own teachings. *See Maguire*, 2002 WL 1801466 at *3, (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)); *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

For these reasons, the Examiner failed to establish why one of ordinary skill in the art would have found it obvious to combine Ritchey and Schneidmiller and, thus, failed to establish a *prima facie* case of obviousness. *See Dembiczak*, 175 F.3d at 999, 50 U.S.P.Q.2d at 1617; *Rouffet*, 149 F.3d at 1359, 47 U.S.P.Q.2d at 1459.

Furthermore, as discussed above, the combination of Ritchey and Schneidmiller fails to yield applicant's claimed invention in any event.

### Claim 4

Claim 4 is rejected under 35 U.S.C. § 102(b) over Ritchey.

DPCC_000124

Claim 4 is again dependent on claim 1, and adds the requirement that one of the walls of the housing "can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees." The final rejection of claim 4 totally fails to address the limitation added by claim 4, and there is no disclosure in Ritchey that meets the language of this claim. Thus, the rejection of claim 4 under § 102 is unsupported and should be reversed.

### Claim 6

Claim 6 is rejected under 35 U.S.C. § 103(a) over Ritchey and Rimback U.S. Patent No. 5,685,109.

Claim 6 is dependent on claim 1, which distinguishes over Ritchey in the manner discussed above. Claim 6 adds the requirement of a single-piece construction for the housing, with molded hinges and integral latching means. Rimback is relied upon to show such a one-piece construction, but this does not overcome the other shortcoming of Ritchey pointed out above, namely, failure to show the hole size required by applicant's claims. Thus, even a combination of Ritchey and Rimback does not yield the invention defined by applicant's claim 6.

The rejection of these claim 6 should be reversed for the same reasons discussed above in connection with claim 3. First, Ritchey is non-analogous art and does not meet the required criteria for using a reference to reject an invention under § 103(a). Second, even assuming, *arguendo*, that Ritchey is analogous art (which it is not) and could be applied under § 103(a), the Ritchey-Rimback combination nonetheless fails because no *prima facie* case of obviousness has been established. For example, the Examiner failed to properly consider applicant's invention as a whole, including the problem applicant's invention solves, in combining Ritchey and Rimback. In addition, the Examiner failed to identify a persuasive suggestion to combine the teachings of Ritchey and Rimback and instead improperly used knowledge from applicant's invention to make the Ritchey- Rimback combination.

As discussed above with respect to the rejection of claim 3, the law is clear that two criteria exist for determining whether a prior art reference is analogous. In order for an Examiner to rely on a reference as a basis for rejection of an applicant's claim, the reference "*must* either be in the field of the applicant's endeavor or, if not, then be reasonably pertinent to the particular problem with which the inventor was concerned." *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1445 (Fed. Cir. 1992), emphasis added, (*citing Deminski*, 796 F.2d at 442, 230 U.S.P.Q. at 315).

DPCC_000125

Ritchey is clearly non-analogous under both tests for analogous art. Ritchey is neither in the field of applicant's endeavor nor reasonably pertinent to the problems with which applicant was concerned. Thus, Ritchey cannot be used to reject applicant's claims under § 103(a), and the Examiner has not presented a *prima facie* case of obviousness. *See In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1445 (Fed. Cir. 1992), (*citing In re Deminski*, 796 F.2d 436, 442, 230 U.S.P.Q. 313, 315 (Fed. Cir. 1986)).

Even assuming, *arguendo*, that Ritchey is analogous art (which it is not) and could be applied under § 103(a), the Ritchey-Rimback combination fails for numerous additional reasons. For example, the Examiner failed to consider applicant's invention as a whole, including the problem it solves, in combining Ritchey and Rimback. Moreover, the Examiner failed to identify a persuasive suggestion to combine the teachings of Ritchey and Rimback and instead improperly used knowledge from applicant's invention to make the Ritchey-Rimback combination.

"[I]dentification in the prior art of each individual part claimed is insufficient to defeat patentability of the whole claimed invention." *In re Kotzab*, 217 F.3d 1365, 1370, 55 U.S.P.Q.2d 1313, 1316 (Fed. Cir. 2000), (*citing In re Rouffet*, 149 F.3d 1350, 1357, 47 U.S.P.Q.2d 1453, 1457 (Fed. Cir. 1998)). "When a rejection depends on a combination of prior art references, there must be some teaching, suggestion, or motivation to combine the references." *Rouffet*, 149 F.3d at 1355, 47 U.S.P.Q.2d at 1456, (*citing In re Geiger*, 815 F.2d 686, 688, 2 U.S.P.Q.2d 1276, 1278 (Fed. Cir. 1987)). A *prima facie* case of obviousness can *only* be set up where there is "a teaching or suggestion within the prior art, or within the general knowledge of a person of ordinary skill in the field of the invention, to look to particular sources of information, to select particular elements, and to combine them in the way they were combined by the inventor." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *see also In re Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988). Evidence of a suggestion, teaching, or motivation to combine "must be clear and particular." *Ex parte Maruyama*, 2001 WL 1918556, *3 (Bd. Pat. App. & Inter. 2001), (*citing C.R. Bard, Inc. v. M3 Systems Inc.*, 157 F.3d 1340, 1352, 48 U.S.P.Q.2d 1225, 1232 (Fed. Cir. 1998)).

To render the claimed invention obvious, the Examiner "must identify specifically . . . the reasons one of ordinary skill in the art would have been motivated to select the references and combine them." *In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999),

DPCC_000126

*abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459 (Fed. Cir. 1998)). Obviousness cannot "be established using hindsight or in view of the teachings or suggestions of the invention." *Ex parte Maguire* (Appendix 9), 2002 WL 1801466, *3 (Bd. Pat. App. & Inter. 2002), (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)). In other words, the knowledge to combine "*can not* come from the applicant's invention itself." *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

Section 103(a) mandates that the "invention as a whole . . . must be considered in obviousness determinations." *In re Wright*, 848 F.2d 1216, 1219, 6 U.S.P.Q.2d 1959, 1961 (Fed. Cir. 1988). The invention as a whole includes the "structure, its properties, and the problem it solves." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961. The determination of obviousness "requires cognizance of the properties of which structure and the problem which it solves, viewed in light of the teachings of the prior art." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961, (*citing In re Rinehart*, 531 F.2d 1048, 1054, 189 U.S.P.Q.2d 143, 149 (C.C.P.A. 1976)). The relevant question in an obviousness determination is "whether what the inventor did would have been obvious to one of ordinary skill in the art attempting to solve the problem upon which the inventor was working." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961-62, (*citing Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149); *see also In re Benno*, 768 F.2d 1340, 1346, 226 U.S.P.Q. 683, 687 (Fed. Cir. 1985).

The Examiner failed to properly consider applicant's claimed invention as a whole, including the problem applicant's invention solves, in combining Ritchey and Rimback to reject the pending claims, and, thus failed to present a *prima facie* case of obviousness. *See In re Wright*, 848 F.2d 1216, 1219, 6 U.S.P.Q.2d 1959, 1961 (Fed. Cir. 1988); *In re Rinehart*, 531 F.2d 1048, 1054, 189 U.S.P.Q.2d 143, 149 (C.C.P.A. 1976); *In re Benno*, 768 F.2d 1340, 1346, 226 U.S.P.Q. 683, 687 (Fed. Cir. 1985).

The Examiner failed to show that a person of ordinary skill, seeking to solve problems related to trapping carpenter bees without the use of bait, would reasonably be expected or motivated to look to a bird house. It is, thus, clear that the Examiner failed to consider applicant's claimed invention as a whole, including the problem applicant's invention solves, in combining Ritchey and Rimback to reject the pending claims and that no *prima facie* case of obviousness has

DPCC_000127

been established. *See Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961; *Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149; *Benno*, 768 F.2d at 1346, 226 U.S.P.Q. at 687.

 The Examiner also failed to establish why one of ordinary skill in the art would have found it obvious to combine Ritchey and Rimback to achieve the claimed invention and instead improperly used knowledge from applicant's invention to make the Ritchey-Rimback combination. *See In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459, (Fed. Cir. 1998)).  Because no persuasive suggestion to combine the teachings of Ritchey and Rimback  has been presented by the Examiner, a *prima facie* case of obviousness has not been made.  *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *In re Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988).

 The Examiner summarily concluded that it would have been obvious to one skilled in the art to modify the bird house of Ritchey so as to employ a one-piece construction as taught by Rimback.  Obviousness, however, requires more than such summary conclusions.  *See Ex parte Maruyama*, 2001 WL 1918556, *3 (Bd. Pat. App. & Inter. 2001), (*citing C.R. Bard, Inc. v. M3 Systems Inc.*, 157 F.3d 1340, 1352, 48 U.S.P.Q.2d 1225, 1232 (Fed. Cir. 1998)); *see also In re Dembiczak*, 175 F.3d 994, 999-1000, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000).

 Because of the noted differences between the issues and solutions of Ritchey and Rimback, the motivation, teaching or suggestion to make the proposed combination *must* have been impermissibly derived using hindsight or using applicant's own teachings.  *See Maguire*, 2002 WL 1801466 at *3, (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)); *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

 For these reasons, the Examiner failed to establish why one of ordinary skill in the art would have found it obvious to combine Ritchey and Rimback and, thus, failed to establish a *prima facie* case of obviousness.  *See Dembiczak*, 175 F.3d at 999, 50 U.S.P.Q.2d at 1617; *Rouffet*, 149 F.3d at 1359, 47 U.S.P.Q.2d at 1459.

DPCC_000128

Furthermore, any combination of Ritchey and Rimback fails to yield applicant's claimed invention in any event.

### Claim 7

Claim 7 is rejected under 35 U.S.C. 103(a) based on Ritchey alone.

This claim is dependent on claim 1, which distinguishes over Ritchey in the manner discussed above.  Claim 7 adds a requirement that the hole have a size "within the range of from about 5/16 inch to 1/2 inch," which also is not shown by Ritchey.  The final rejection admits that Ritchey fails to disclose the hole size required by claim 7, but nevertheless contends that applicant's hole size would have been obvious because it was merely "discovering optimum or workable ranges [that] involves only routine skill in the art."  This contention in the final rejection, however, ignores the admitted fact that Ritchey's structure and applicant's structure have two entirely different purposes, as discussed in detail above.  It is clearly erroneous to contend that a hole size of less than 1/2 inch is an "optimum" size for Ritchey's bird house.

### Claims 8, 11 and 12

Claims 8, 11 and 12 are rejected under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

The independent claim 8 contains all the requirements of claim 1 plus the one-piece construction and integral latching means of claim 6.  Unlike the rejection of claim 6, however, the rejection of claim 8 is based on a combination of Rimback and Schneidmiller.

Claim 8 distinguishes over Rimback in several ways.  First, claim 8 specifically requires a housing "containing no bait."  Rimback describes an insect trap that uses bait such as "a carbohydrate, typically a sweet fruit juice and/or a protein such as meat, raw fish, cat food, or hamburger."  The patent specifically states that, "The bait should be replaced every day for greatest effectiveness."  Second, claim 8 requires a hole of "about the same size as holes normally made by carpenter bees," which applicant's specification teaches to be less than about 1/2 inch.  Rimback's trap has two entrance holes, but he says nothing about the size of the holes.

The explanation of the rejection of claim 8 in the final rejection makes no mention of the Schneidmiller patent.  In any event, the shortcomings of the Schneidmiller reference have been discussed in detail above in connection with claim 3, and thus even if Schneidmiller were combined with Rimback, the resulting combination would not yield applicant's invention as

14

DPCC_000129

defined by claim 8. Neither reference discloses applicant's critical hole size, and neither mentions carpenter bees.

The rejection of claims 8, 11 and 12 should be reversed for several fundamental reasons. First, Rimback discloses non-analogous art and does not meet the required criteria for using a reference to reject an invention under § 103(a). Second, even assuming, *arguendo*, that Rimback is analogous art (which it is not) and could be applied under § 103(a), the Rimback and Schneidmiller combination nonetheless fails because no *prima facie* case of obviousness has been established. For example, the Examiner failed to properly consider applicant's invention as a whole, including the problem applicant's invention solves, in combining Rimback and Schneidmiller. In addition, the Examiner failed to identify a persuasive suggestion to combine the teachings of Rimback and Schneidmiller and instead improperly used knowledge from applicant's invention to make the Rimback and Schneidmiller combination.

"[I]dentification in the prior art of each individual part claimed is insufficient to defeat patentability of the whole claimed invention." *In re Kotzab*, 217 F.3d 1365, 1370, 55 U.S.P.Q.2d 1313, 1316 (Fed. Cir. 2000), (*citing In re Rouffet*, 149 F.3d 1350, 1357, 47 U.S.P.Q.2d 1453, 1457 (Fed. Cir. 1998)). "When a rejection depends on a combination of prior art references, there must be some teaching, suggestion, or motivation to combine the references." *Rouffet*, 149 F.3d at 1355, 47 U.S.P.Q.2d at 1456, (*citing In re Geiger*, 815 F.2d 686, 688, 2 U.S.P.Q.2d 1276, 1278 (Fed. Cir. 1987)). A *prima facie* case of obviousness can *only* be set up where there is "a teaching or suggestion within the prior art, or within the general knowledge of a person of ordinary skill in the field of the invention, to look to particular sources of information, to select particular elements, and to combine them in the way they were combined by the inventor." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *see also In re Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988). Evidence of a suggestion, teaching, or motivation to combine "must be clear and particular." *Ex parte Maruyama*, 2001 WL 1918556, *3 (Bd. Pat. App. & Inter. 2001), (*citing C.R. Bard, Inc. v. M3 Systems Inc.*, 157 F.3d 1340, 1352, 48 U.S.P.Q.2d 1225, 1232 (Fed. Cir. 1998)).

To render the claimed invention obvious, the Examiner "must identify specifically . . . the reasons one of ordinary skill in the art would have been motivated to select the references and combine them." *In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999),

DPCC_000130

*abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459 (Fed. Cir. 1998)). Obviousness cannot "be established using hindsight or in view of the teachings or suggestions of the invention." *Ex parte Maguire* (Appendix 9), 2002 WL 1801466, *3 (Bd. Pat. App. & Inter. 2002), (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)). In other words, the knowledge to combine "*can not* come from the applicant's invention itself." *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

Section 103(a) mandates that the "invention as a whole . . . must be considered in obviousness determinations." *In re Wright*, 848 F.2d 1216, 1219, 6 U.S.P.Q.2d 1959, 1961 (Fed. Cir. 1988). The invention as a whole includes the "structure, its properties, and the problem it solves." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961. The determination of obviousness "requires cognizance of the properties of which structure and the problem which it solves, viewed in light of the teachings of the prior art." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961, (*citing In re Rinehart*, 531 F.2d 1048, 1054, 189 U.S.P.Q.2d 143, 149 (C.C.P.A. 1976)). The relevant question in an obviousness determination is "whether what the inventor did would have been obvious to one of ordinary skill in the art attempting to solve the problem upon which the inventor was working." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961-62, (*citing Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149); *see also In re Benno*, 768 F.2d 1340, 1346, 226 U.S.P.Q. 683, 687 (Fed. Cir. 1985).

The problem addressed by the applicant here was to create a baitless trap for carpenter bees. As discussed above, both the Rimback baited trap and the Schneidmiller wasp trap deal with completely different issues requiring completely different solutions than those encountered in attempting to trap carpenter bees without the use of bait.

The Examiner failed to show that a person of ordinary skill, seeking to solve problems related to trapping carpenter bees without the use of bait, would reasonably be expected or motivated to look to either Rimback or Schneidmiller. It is, thus, clear that the Examiner failed to consider applicant's claimed invention as a whole, including the problem applicant's invention solves, in combining Rimback and Schneidmiller to reject the pending claims and that no *prima facie* case of obviousness has been established. *See Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at

CHICAGO 263007v1 52372-00002

DPCC_000131

1961; *Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149; *Benno*, 768 F.2d at 1346, 226 U.S.P.Q. at 687.

The Examiner also failed to establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Schneidmiller to achieve the claimed invention and instead improperly used knowledge from applicant's invention to make the Rimback-Schneidmiller combination. *See In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459, (Fed. Cir. 1998)). Because no persuasive suggestion to combine the teachings of Rimback and Schneidmiller has been presented by the Examiner, a *prima facie* case of obviousness has not been made. *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *In re Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988).

Here, the explanation of the rejection of claims 8, 11 and 12 in the final rejection makes no mention whatever of the Schneidmiller patent, and thus there is not a single word of explanation to support the rejection based on the combination of the two references. The Examiner summarily concluded that it would have been obvious to one skilled in the art to modify the baited trap of Rimback with some unidentified feature of Schneidmiller. Obviousness, however, requires more than such unsupported summary conclusions. *See Ex parte Maruyama*, 2001 WL 1918556, *3 (Bd. Pat. App. & Inter. 2001), (*citing C.R. Bard, Inc. v. M3 Systems Inc.*, 157 F.3d 1340, 1352, 48 U.S.P.Q.2d 1225, 1232 (Fed. Cir. 1998)); *see also In re Dembiczak*, 175 F.3d 994, 999-1000, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000).

Because of the noted differences between the issues and solutions of Rimback and Schneidmiller, the motivation, teaching or suggestion to make the proposed combination *must* have been impermissibly derived using hindsight or using applicant's own teachings. *See Maguire*, 2002 WL 1801466 at *3, (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)); *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

17

DPCC_000132

For these reasons, the Examiner failed to establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Schneidmiller and, thus, failed to establish a *prima facie* case of obviousness. *See Dembiczak*, 175 F.3d at 999, 50 U.S.P.Q.2d at 1617; *Rouffet*, 149 F.3d at 1359, 47 U.S.P.Q.2d at 1459.

Furthermore, as discussed above, any combination of Rimback and Schneidmiller will fail to yield applicant's claimed invention in any event.

### Claim 9

Claim 9 is rejected under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

Claim 9 is dependent on claim 8, which distinguishes over Rimback in the manner discussed above. Claim 9 adds a requirement that the interior surface of the solid wall forming the interior edge of the hole be "substantially flat." The final rejection fails to directly address the requirement added by claim 9, alleging only that "Rimback's trap is made of plastic, which has a smooth surface . . . ." This allegation does not even address the limitation added by claim 9, which specifically requires a "substantially flat" interior surface at the interior edge of the hole. This simple flat surface distinguishes applicant's invention from the structure shown in Rimback, which has cones 40 and 42 flaring away from the interior edges of the entry holes. Schneidmiller has an even larger cone 13. Thus, the rejection of claim 9 is unsupported and should be reversed.

### Claim 10

Claim 10 is rejected under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

Claim 10 is dependent on claim 8, which distinguishes over Rimback in the manner discussed above. Claim 10 adds requirements that "the exterior surface of said solid wall around said hole has a light color," and that "the walls of said housing are opaque so that said hole appears dark from outside the housing." Schneidmiller is relied upon to show an insect trap having a light-colored exterior and opaque walls. Schneidmiller's trap is designed specifically for wasps, and the particular characteristics of wasps as described in the Schneidmiller patent. These characteristics include the tendency of a wasp to fly in an upward direction and toward a light source. Because of Schneidmiller's desire to take advantage of these characteristics to trap wasps, the structure that he uses is actually diametrically opposed to the requirements of applicant's carpenter bee trap as defined by claim 3. Applicant's claim 10 requires that the walls of the housing be "opaque so that said hole appears dark from outside the housing," which is in sharp contrast to Schneidmiller, who deliberately designs his trap with a light-transmitting wall surrounding the entry hole at the top of

DPCC_000133

the cone 13. Schneidmiller's light-transmitting wall satisfies his objective of providing a light source, not a dark hole, to attract the wasps:

> Upper screen portion 46 defines a plurality of spaced orifices
> that are small enough to prevent the passage of a wasp therethrough,
> but large enough to allow passage of substantial light . . . .

In addition, the body portion of Schneidmiller's trap is also formed of a transparent plastic (col.2, ll.1-2) to illuminate the light-transmitting wall of his cone. Thus, it can be seen that Schneidmiller's design criteria are the exact opposite of applicant's: Schneidmiller wants an illuminated hole to attract wasps, whereas Applicant wants a dark hole to attract carpenter bees.

Moreover, there is no explanation whatever in the final rejection as to why it would have been obvious to one of ordinary skill in this art to combine any features of Schneidmiller's insect trap with the baited trap of Rimback. It is clear that the only basis for such a combination are the teachings of the present applicant in the present application, and the hindsight application of those teachings in an attempt to combine two completely unrelated references.

Thus, the rejection of claim 10 should be reversed for several fundamental reasons. First, Rimback discloses non-analogous art and does not meet the required criteria for using a reference to reject an invention under § 103(a). Second, even assuming, *arguendo*, that Rimback is analogous art (which it is not) and could be applied under § 103(a), the Rimback-Schneidmiller combination nonetheless fails because no *prima facie* case of obviousness has been established. For example, the Examiner failed to properly consider applicant's invention as a whole, including the problem applicant's invention solves, in combining Rimback and Schneidmiller. In addition, the Examiner failed to identify a persuasive suggestion to combine the teachings of Rimback and Schneidmiller and instead improperly used knowledge from applicant's invention to make the Rimback-Schneidmiller combination.

Because of the noted differences between the issues and solutions of Rimback and Schneidmiller, the motivation, teaching or suggestion to make the proposed combination *must* have been impermissibly derived using hindsight or using applicant's own teachings. *See Maguire*, 2002 WL 1801466 at *3, (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)); *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

DPCC_000134

For these reasons, the Examiner failed to establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Schneidmiller and, thus, failed to establish a *prima facie* case of obviousness. *See Dembiczak*, 175 F.3d at 999, 50 U.S.P.Q.2d at 1617; *Rouffet*, 149 F.3d at 1359, 47 U.S.P.Q.2d at 1459.

Furthermore, as discussed above, any combination of Rimback and Schneidmiller will fail to yield applicant's claimed invention in any event.

### Claim 13

Claim 13 is rejected under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

Schneidmiller is relied upon to show an insect trap having a light-colored exterior and opaque walls. Schneidmiller's trap is designed specifically for wasps, and the particular characteristics of wasps as described in the Schneidmiller patent. These characteristics include the tendency of a wasp to fly in an upward direction and toward a light source. Because of Schneidmiller's desire to take advantage of these characteristics to trap wasps, the structure that he uses is actually diametrically opposed to the requirements of applicant's carpenter bee trap as defined by claim 3. Applicant's claim 10 requires that the walls of the housing be "opaque so that said hole appears dark from outside the housing," which is in sharp contrast to Schneidmiller, who deliberately designs his trap with a light-transmitting wall surrounding the entry hole at the top of the cone 13. Schneidmiller's light-transmitting wall satisfies his objective of providing a light source, not a dark hole, to attract the wasps:

> Upper screen portion 46 defines a plurality of spaced orifices
> that are small enough to prevent the passage of a wasp therethrough,
> but large enough to allow passage of substantial light . . . .

In addition, the body portion of Schneidmiller's trap is also formed of a transparent plastic (col.2, ll.1-2) to illuminate the light-transmitting wall of his cone. Thus, it can be seen that Schneidmiller's design criteria are the exact opposite of applicant's: Schneidmiller wants an illuminated hole to attract wasps, whereas Applicant wants a dark hole to attract carpenter bees.

Moreover, there is no explanation whatever in the final rejection as to why it would have been obvious to one of ordinary skill in this art to combine any features of Schneidmiller's insect trap with the baited trap of Rimback. It is clear that the only basis for such a combination are the teachings of the present applicant in the present application, and the hindsight application of those teachings in an attempt to combine two completely unrelated references.

DPCC_000135

Thus, the rejection of claim 10 should be reversed for several fundamental reasons. First, Rimback discloses non-analogous art and does not meet the required criteria for using a reference to reject an invention under § 103(a). Second, even assuming, *arguendo*, that Rimback is analogous art (which it is not) and could be applied under § 103(a), the Rimback-Schneidmiller combination nonetheless fails because no *prima facie* case of obviousness has been established. For example, the Examiner failed to properly consider applicant's invention as a whole, including the problem applicant's invention solves, in combining Rimback and Schneidmiller. In addition, the Examiner failed to identify a persuasive suggestion to combine the teachings of Rimback and Schneidmiller and instead improperly used knowledge from applicant's invention to make the Rimback-Schneidmiller combination.

Because of the noted differences between the issues and solutions of Rimback and Schneidmiller, the motivation, teaching or suggestion to make the proposed combination *must* have been impermissibly derived using hindsight or using applicant's own teachings. *See Maguire*, 2002 WL 1801466 at *3, (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)); *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

For these reasons, the Examiner failed to establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Schneidmiller and, thus, failed to establish a *prima facie* case of obviousness. *See Dembiczak*, 175 F.3d at 999, 50 U.S.P.Q.2d at 1617; *Rouffet*, 149 F.3d at 1359, 47 U.S.P.Q.2d at 1459.

Furthermore, as discussed above, any combination of Rimback and Schneidmiller will fail to yield applicant's claimed invention in any event.

### Claims 14 and 17-19

Claims 14 and 17-19 are rejected under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

The independent claim 14 is a method claim directed to the use of a baitless structure to trap carpenter bees "without the use of bait or insecticide." There is no teaching whatever in the Rimback patent that his structure might be effectively used as a trap without the use of bait, nor that it might be used to trap carpenter bees. Moreover, claim 14 has the same hole-size requirement discussed above in connection with claims 1 and 8. Thus, no matter whether Rimback

DPCC_000136

is considered alone or in combination with Schneidmiller, there will be no hole of the size required by claim 14, nor any suggestion that the structure be used as a trap for carpenter bees without the use of bait. Neither Rimback nor Schneidmiller mentions carpenter bees, and neither reference suggests that carpenter bees, or other insects for that matter, can be trapped by a simple hollow container having a hole of about the same size as holes normally made by carpenter bees. Applicant's invention requires no bait and no insecticide, and thus is environmentally attractive, and vastly superior to the references' approaches from an environmental standpoint. And yet, applicant's trap is surprisingly effective in trapping carpenter bees in large numbers. For example, the test results of record were conducted with four traps that were about 2" deep by 8" high by 6" wide, with entry holes of 5/16", 3/8", 7/16" and 1/2", respectively.

Claim 14 distinguishes over Rimback in several ways. First, claim 14 specifically requires a housing "containing no bait." Rimback describes an insect trap that uses bait such as "a carbohydrate, typically a sweet fruit juice and/or a protein such as meat, raw fish, cat food, or hamburger." The patent specifically states that, "The bait should be replaced every day for greatest effectiveness." Second, claim 14 requires a hole of "about the same size as holes normally made by carpenter bees," which applicant's specification teaches to be less than about 1/2 inch. Rimback's trap has two entrance holes, but he says nothing about the size of the holes.

The explanation of the rejection of claims 14 and 17-19 in the final rejection makes no mention of the Schneidmiller patent. In any event, the shortcomings of the Schneidmiller reference have been discussed in detail above in connection with claim 3, and thus even if Schneidmiller were combined with Rimback, the resulting combination would not yield applicant's invention as defined by claim 8. Neither reference discloses applicant's critical hole size, and neither mentions carpenter bees.

The rejection of claims 14 and 17-19 should be reversed for several fundamental reasons. First, Rimback discloses non-analogous art and does not meet the required criteria for using a reference to reject an invention under § 103(a). Second, even assuming, *arguendo*, that Rimback is analogous art (which it is not) and could be applied under § 103(a), the Rimback and Schneidmiller combination nonetheless fails because no *prima facie* case of obviousness has been established. For example, the Examiner failed to properly consider applicant's invention as a whole, including the problem applicant's invention solves, in combining Rimback and Schneidmiller. In addition, the Examiner failed to identify a persuasive suggestion to combine the

DPCC_000137

teachings of Rimback and Schneidmiller and instead improperly used knowledge from applicant's invention to make the Rimback and Schneidmiller combination.

"[I]dentification in the prior art of each individual part claimed is insufficient to defeat patentability of the whole claimed invention." *In re Kotzab*, 217 F.3d 1365, 1370, 55 U.S.P.Q.2d 1313, 1316 (Fed. Cir. 2000), (*citing In re Rouffet*, 149 F.3d 1350, 1357, 47 U.S.P.Q.2d 1453, 1457 (Fed. Cir. 1998)). "When a rejection depends on a combination of prior art references, there must be some teaching, suggestion, or motivation to combine the references." *Rouffet*, 149 F.3d at 1355, 47 U.S.P.Q.2d at 1456, (*citing In re Geiger*, 815 F.2d 686, 688, 2 U.S.P.Q.2d 1276, 1278 (Fed. Cir. 1987)). A *prima facie* case of obviousness can *only* be set up where there is "a teaching or suggestion within the prior art, or within the general knowledge of a person of ordinary skill in the field of the invention, to look to particular sources of information, to select particular elements, and to combine them in the way they were combined by the inventor." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *see also In re Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988). Evidence of a suggestion, teaching, or motivation to combine "must be clear and particular." *Ex parte Maruyama*, 2001 WL 1918556, *3 (Bd. Pat. App. & Inter. 2001), (*citing C.R. Bard, Inc. v. M3 Systems Inc.*, 157 F.3d 1340, 1352, 48 U.S.P.Q.2d 1225, 1232 (Fed. Cir. 1998)).

To render the claimed invention obvious, the Examiner "must identify specifically . . . the reasons one of ordinary skill in the art would have been motivated to select the references and combine them." *In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459 (Fed. Cir. 1998)). Obviousness cannot "be established using hindsight or in view of the teachings or suggestions of the invention." *Ex parte Maguire* (Appendix 9), 2002 WL 1801466, *3 (Bd. Pat. App. & Inter. 2002), (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)). In other words, the knowledge to combine "*can not* come from the applicant's invention itself." *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

Section 103(a) mandates that the "invention as a whole . . . must be considered in obviousness determinations." *In re Wright*, 848 F.2d 1216, 1219, 6 U.S.P.Q.2d 1959, 1961 (Fed.

CHICAGO 263007v1 52372-00002

DPCC_000138

Cir. 1988). The invention as a whole includes the "structure, its properties, and the problem it solves." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961. The determination of obviousness "requires cognizance of the properties of which structure and the problem which it solves, viewed in light of the teachings of the prior art." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961, (*citing In re Rinehart*, 531 F.2d 1048, 1054, 189 U.S.P.Q.2d 143, 149 (C.C.P.A. 1976)). The relevant question in an obviousness determination is "whether what the inventor did would have been obvious to one of ordinary skill in the art attempting to solve the problem upon which the inventor was working." *Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961-62, (*citing Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149); *see also In re Benno*, 768 F.2d 1340, 1346, 226 U.S.P.Q. 683, 687 (Fed. Cir. 1985).

The problem addressed by the applicant here was to create a baitless trap for carpenter bees. As discussed above, both the Rimback baited trap and the Schneidmiller wasp trap deal with completely different issues requiring completely different solutions than those encountered in attempting to trap carpenter bees without the use of bait.

The Examiner failed to show that a person of ordinary skill, seeking to solve problems related to trapping carpenter bees without the use of bait, would reasonably be expected or motivated to look to either Rimback or Schneidmiller. It is, thus, clear that the Examiner failed to consider applicant's claimed invention as a whole, including the problem applicant's invention solves, in combining Rimback and Schneidmiller to reject the pending claims and that no *prima facie* case of obviousness has been established. *See Wright*, 848 F.2d at 1219, 6 U.S.P.Q.2d at 1961; *Rinehart*, 531 F.2d at 1054, 189 U.S.P.Q.2d at 149; *Benno*, 768 F.2d at 1346, 226 U.S.P.Q. at 687.

The Examiner also failed to establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Schneidmiller to achieve the claimed invention and instead improperly used knowledge from applicant's invention to make the Rimback-Schneidmiller combination. *See In re Dembiczak*, 175 F.3d 994, 999, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000), (*quoting In re Rouffet*, 149 F.3d 1350, 1359, 47 U.S.P.Q.2d 1453, 1459, (Fed. Cir. 1998)). Because no persuasive suggestion to combine the teachings of Rimback and Schneidmiller has been presented by the Examiner, a *prima facie* case of obviousness has not been made. *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546, 48 U.S.P.Q.2d 1321, 1329 (Fed. Cir. 1998); *In re*

24

DPCC_000139

*Jones*, 958 F.2d 347, 351, 21 U.S.P.Q.2d 1941,1943-44 (Fed. Cir. 1992); *In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1599 (Fed. Cir. 1988).

Here, the explanation of the rejection of claims 8, 11 and 12 in the final rejection makes no mention whatever of the Schneidmiller patent, and thus there is not a single word of explanation to support the rejection based on the combination of the two references. The Examiner summarily concluded that it would have been obvious to one skilled in the art to modify the baited trap of Rimback with some unidentified feature of Schneidmiller. Obviousness, however, requires more than such unsupported summary conclusions. *See Ex parte Maruyama*, 2001 WL 1918556, *3 (Bd. Pat. App. & Inter. 2001), (*citing C.R. Bard, Inc. v. M3 Systems Inc.*, 157 F.3d 1340, 1352, 48 U.S.P.Q.2d 1225, 1232 (Fed. Cir. 1998)); *see also In re Dembiczak*, 175 F.3d 994, 999-1000, 50 U.S.P.Q.2d 1614, 1617 (Fed. Cir. 1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305, 53 U.S.P.Q.2d 1769 (Fed. Cir. 2000).

Because of the noted differences between the issues and solutions of Rimback and Schneidmiller, the motivation, teaching or suggestion to make the proposed combination *must* have been impermissibly derived using hindsight or using applicant's own teachings. *See Maguire*, 2002 WL 1801466 at *3, (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)); *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

For these reasons, the Examiner failed to establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Schneidmiller and, thus, failed to establish a *prima facie* case of obviousness. *See Dembiczak*, 175 F.3d at 999, 50 U.S.P.Q.2d at 1617; *Rouffet*, 149 F.3d at 1359, 47 U.S.P.Q.2d at 1459.

Furthermore, as discussed above, any combination of Rimback and Schneidmiller will fail to yield applicant's claimed invention in any event.

### Claim 15

Claim 15 is rejected under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

Claim 15 is dependent on claim 14, which distinguishes over Rimback and Schneidmiller in the manner discussed above. Claim 15 adds a requirement that the interior surface of the solid wall forming the interior edge of the hole be "substantially flat." The explanation of the rejection of claim 15 in the final rejection never mentions Schneidmiller, and merely alleges that eliminating

DPCC_000140

the conical entry structures of the Rimback structure would merely represent an obvious "change in size." This summary conclusion is not supported by any statements in either Rimback or Schneidmiller, and thus is legally deficient for all the same reasons set forth above with respect to claim 8.

The shortcomings of the Schneidmiller reference have been discussed in detail above in connection with claim 3, and thus even if Schneidmiller were combined with Rimback, the resulting combination would not yield applicant's invention as defined by claim 15. Neither reference discloses applicant's substantially flat surface forming the interior edge of the hole, nor applicant's critical hole size, and nor the trapping of carpenter bees.

**Claim 16**

Claim 16 is rejected under 35 U.S.C. § 103(a) over Rimback and Schneidmiller.

Claim 16 is dependent on claim 14, which distinguishes over Rimback in the manner discussed above. Claim 16 adds requirements that "the exterior surface of said solid wall around said hole has a light color," and that "the walls of said housing are opaque so that said hole appears dark from outside the housing." Schneidmiller is relied upon to show an insect trap having a light-colored exterior and opaque walls. Schneidmiller's trap is designed specifically for wasps, and the particular characteristics of wasps as described in the Schneidmiller patent. These characteristics include the tendency of a wasp to fly in an upward direction and toward a light source. Because of Schneidmiller's desire to take advantage of these characteristics to trap wasps, the structure that he uses is actually diametrically opposed to the requirements of applicant's carpenter bee trap as defined by claim 3. Applicant's claim 16 requires that the walls of the housing be "opaque so that said hole appears dark from outside the housing," which is in sharp contrast to Schneidmiller, who deliberately designs his trap with a light-transmitting wall surrounding the entry hole at the top of the cone 13. Schneidmiller's light-transmitting wall satisfies his objective of providing a light source, not a dark hole, to attract the wasps:

> Upper screen portion 46 defines a plurality of spaced orifices
> that are small enough to prevent the passage of a wasp therethrough,
> but large enough to allow passage of substantial light . . . .

In addition, the body portion of Schneidmiller's trap is also formed of a transparent plastic (col.2, ll.1-2) to illuminate the light-transmitting wall of his cone. Thus, it can be seen that Schneidmiller's design criteria are the exact opposite of applicant's: Schneidmiller wants an illuminated hole to attract wasps, whereas Applicant wants a dark hole to attract carpenter bees.

CHICAGO 263007v1 52372-00002

DPCC_000141

Moreover, there is no explanation whatever in the final rejection as to why it would have been obvious to one of ordinary skill in this art to combine any features of Schneidmiller's insect trap with the baited trap of Rimback. It is clear that the only basis for such a combination are the teachings of the present applicant in the present application, and the hindsight application of those teachings in an attempt to combine two completely unrelated references.

Thus, the rejection of claim 10 should be reversed for several fundamental reasons. First, Rimback discloses non-analogous art and does not meet the required criteria for using a reference to reject an invention under § 103(a). Second, even assuming, *arguendo*, that Rimback is analogous art (which it is not) and could be applied under § 103(a), the Rimback-Schneidmiller combination nonetheless fails because no *prima facie* case of obviousness has been established. For example, the Examiner failed to properly consider applicant's invention as a whole, including the problem applicant's invention solves, in combining Rimback and Schneidmiller. In addition, the Examiner failed to identify a persuasive suggestion to combine the teachings of Rimback and Schneidmiller and instead improperly used knowledge from applicant's invention to make the Rimback-Schneidmiller combination.

Because of the noted differences between the issues and solutions of Rimback and Schneidmiller, the motivation, teaching or suggestion to make the proposed combination *must* have been impermissibly derived using hindsight or using applicant's own teachings. *See Maguire*, 2002 WL 1801466 at *3, (*quoting Para-Ordnance Mfg. Inc. v. SGS Importers Int'l Inc.*, 73 F.3d 1085, 1087, 37 U.S.P.Q.2d 1237, 1239 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 822 (1996)); *In re Oetiker*, 977 F.2d 1443, 1447, 24 U.S.P.Q.2d 1443, 1446 (Fed. Cir. 1992), emphasis added.

For these reasons, the Examiner failed to establish why one of ordinary skill in the art would have found it obvious to combine Rimback and Schneidmiller and, thus, failed to establish a *prima facie* case of obviousness. *See Dembiczak*, 175 F.3d at 999, 50 U.S.P.Q.2d at 1617; *Rouffet*, 149 F.3d at 1359, 47 U.S.P.Q.2d at 1459.

Furthermore, as discussed above, any combination of Rimback and Schneidmiller will fail to yield applicant's claimed invention in any event.

### Claim 20

Claim 20 is rejected under 35 U.S.C. § 103(a) over Rimback and Schneidmiller. wasp to fly

CHICAGO 263007v1 52372-00002

DPCC_000142

Claim 20 is dependent on claim 14, which distinguishes over Rimback and Schneidmiller in the manner discussed above. Claim 20 adds a requirement that the hole have a size "within the range of from about 5/16 inch to 1/2 inch," which also is not shown by Rimback or Schneidmiller. The final rejection admits that Rimback fails to disclose the hole size required by claim 20, but nevertheless contends that applicant's hole size would have been obvious because, "It would have been obvious to one having ordinary skill in the art at the time the invention was made to make the hole of a diameter ranging between 5/16 to 1/2 inch, since it has been held that where the general conditions of a claim are disclosed in the prior art, discovering optimum or workable ranges involves only routine skill in the art." This contention in the final rejection, however, ignores the admitted fact that Rimback's structure and applicant's structure have two entirely different purposes, and fails to even attempt to point out where or how Rimback discloses "the general conditions" of applicant's claim.   Thus, the final rejection of claim 20 is unsupported and should be reversed.

### III.     Conclusion

For the reasons set forth above, it is respectfully submitted that the final rejections of all of applicant's claims 1-20 should be reversed.

The fee of $160.00 required by 37 C.F.R. § 1.17(f) is enclosed herewith.  The Commissioner is hereby authorized to charge deposit account No. 10-0447/52372-00002 for any additional fees inadvertently omitted which may be necessary now or during the pendency of this application, except for the issue fee.

Respectfully submitted,

August 11, 2003
Date

Stephen G. Rudisill
Reg. No. 20,087
Jenkens & Gilchrist, P.C.
225 West Washington Street, Suite 2600
Chicago, IL  60606-3418
(312) 425-8570
Attorneys for Applicant

CHICAGO 263007v1 52372-00002

DPCC_000143

**Appendix of Appealed Claims 1-20**

1.     A carpenter bee trap comprising a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, said housing containing no bait.

2.     The carpenter bee trap of claim 1 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

3.     The carpenter bee trap of claim 1 in which said housing has only a single hole, and the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

4.     The carpenter bee trap of claim 1 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

5.     The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth.

6.     The carpenter bee trap of claim 1 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

7.     The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

8.     A carpenter bee trap comprising a housing made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls, said housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter

CHICAGO 263007v1 52372-00002

DPCC_000144

the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, said housing containing no bait.

9.     The carpenter bee trap of claim 8 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

10.     The carpenter bee trap of claim 8 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

11.     The carpenter bee trap of claim 8 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

12.     The carpenter bee trap of claim 8 in which the interior surfaces of said housing are smooth.

13.     The carpenter bee trap of claim 8 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

14.     A method of trapping carpenter bees without the use of bait or insecticide comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, and said housing containing no bait, and periodically removing trapped bees from said hollow interior of said housing.

15.     The method of trapping carpenter bees as set forth in claim 14 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

CHICAGO 263007v1 52372-00002

DPCC_000145

16.     The method of trapping carpenter bees as set forth in claim 14 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

17.     The method of trapping carpenter bees as set forth in claim 14 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

18.     The method of trapping carpenter bees as set forth in claim 14 in which the interior surfaces of said housing are smooth.

19.     The method of trapping carpenter bees as set forth in claim 14 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

20.     The method of trapping carpenter bees as set forth in claim 14 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

CHICAGO 263007v1 52372-00002

DPCC_000146

#10/ E.O.T.
(1)
2 Hey
Q/19/03

PTO/SB/22 (08-13)
Approved for use through 4/30/2003. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a)

Docket Number  52372-00002USPT

| In re Application of | Bruce H. Prince | |
| Application Number | 09/818,347 | Filed  03/27/01 |
| For  CARPENTER BEE TRAP | | |
| Art Unit  3644 | Examiner  Alimenti, Susan C. | |

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above identified application.

The requested extension and appropriate non-small-entity fee are as follows (check time period desired):

☒ One month (37 CFR 1.17(a)(1))          $ 110.00
☐ Two months (37 CFR 1.17(a)(2))          $ _____
☐ Three months (37 CFR 1.17(a)(3))        $ _____
☐ Four months (37 CFR 1.17(a)(4))         $ _____
☐ Five months (37 CFR 1.17(a)(5))         $ _____

**RECEIVED**
JUN 18 2003
**GROUP 3600**

☒ Applicant claims small entity status. See 37 CFR 1.27. Therefore, the fee amount shown above is reduced by one-half, and the resulting fee is:  $55.00.

☒ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director has already been authorized to charge fees in this application to a Deposit Account.

☒ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to Deposit Account Number 10-0447/52372-00002USPT.

I have enclosed a duplicate copy of this sheet.

I am the  ☐ applicant/inventor

☐ assignee of record of the entire interest.  See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) is enclosed.  (Form PTO/SB/96).

☐ attorney or agent of record.

☒ attorney or agent under 37 CFR 1.34(a).
Registration number if acting under 37 CFR 1.34(a) 20,087.

**WARNING: Information on this form may become public.  Credit card information should not be included on this form.  Provide credit card information and authorization on PTO-2038.**

6-9-03
Date

Signature

06/16/2003 MAHMED1  00000090 09818347
02 FC:2251          55.00 00

(312) 425-8570
Telephone Number

Stephen G. Rudisill
Typed or printed name

NOTE:  Signatures of all of the inventors or assignees of record of the entire interest or their representative(s) are required.  Submit multiple forms if more than one signature is required, see below.

☒     Total of  2  forms are submitted.

This collection of information is required by 37 CFR 1.136(a).  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 6 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9100 and select option 2.*

CHICAGO 258406v1 52372-00002



PATENT

#71 Notice
Appeal
Bentley
6/19/03

**RECEIVED**

JUN 1 8 2003

**GROUP 3600**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Appl. No. | : | 09/818,347 |
| Applicant | : | Bruce H. Prince |
| Filed | : | March 27, 2001 |
| Title | : | CARPENTER BEE TRAP |
| | | |
| TC/A.U. | : | 3644 |
| Examiner | : | Alimenti, Susan C. |
| | | |
| Docket No. | : | 52372-00002USPT |

### NOTICE OF APPEAL FROM THE PRIMARY
### EXAMINER TO THE BOARD OF APPEALS

**MS AF**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

```
┌─────────────────────────────────────────────────┐
│            CERTIFICATE OF MAILING                 │
│                 37 C.F.R. 1.8                     │
│ I hereby certify that this correspondence is being│
│ deposited with the U.S. Postal Service as First   │
│ Class Mail in an envelope addressed to:  MS AF,   │
│ Commissioner for Patents, P.O. Box 1450,          │
│ Alexandria, VA 22313-1450 on the date indicated   │
│ below:                                            │
│ 6-9-03              Lynn A. _____               │
│ Date                        Signature             │
└─────────────────────────────────────────────────┘
```

Dear Commissioner:

    Applicant hereby appeals to the Board of Appeals from the decision dated February 10, 2003, of the Primary Examiner finally rejecting claims 1-20.

    A check is the amount of $215.00 is enclosed to cover the fees associated with the filing of this Notice of Appeal and Petition for One-Month Extension of Time submitted herewith.  If, however, this check is inadvertently omitted or is otherwise insufficient, the Commissioner is authorized to charge any additional fees which may be required (except payment of the issue fee) to JENKENS & GILCHRIST, P.C. Deposit Account No. 10-0447/52372-00002USPT.

Respectfully submitted,

_____6-9-03_____
Date

Stephen G. Rudisill
Reg. No. 20,087
Jenkens & Gilchrist, P.C.
225 West Washington Street, Suite 2600
Chicago, IL  60606-3418
(312) 425-8570
Attorneys for Applicant

06/16/2003 MAHMED1  00000090 09818347
01 FC:2401                      160.00 OP

DPCC_000148



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/818,347 | 03/27/2001 | Bruce H. Prince | 52372-00002 | 1204 |

30223        7590        05/28/2003

JENKENS & GILCHRIST, P.C.
225 WEST WASHINGTON
SUITE 2600
CHICAGO, IL  60606

| EXAMINER |
|---|
| ALIMENTI, SUSAN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3644 | |

DATE MAILED: 05/28/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

DPCC_000149

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/818,347 | PRINCE, BRUCE H |
| | Examiner | Art Unit |
| | Susan C. Alimenti | 3644 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Susan C. Alimenti*.  (3)_____.

(2) *Stephen Rudisill*.  (4)_____.

Date of Interview: *23 May 2003*.

Type:  a)☒ Telephonic  b)☐ Video Conference
c)☐ Personal [copy given to: 1)☐ applicant  2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes  e)☒ No.
If Yes, brief description: _____.

Claim(s) discussed: *1*.

Identification of prior art discussed: *Rimback & Cutter*.

Agreement with respect to the claims f)☐ was reached.  g)☒ was not reached.  h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Mr.Rudisill discussed the nature of the invention and success in use and then inquired as to what course of action with regard to the claims could put it in condition for allowance.  The Examiner explained that if more structural limitations are claimed, such as the latching means clearly viewed in Figures 5 and 6, allowable subject matter may be present, however this will require further consideration.*.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an Attachment to a signed Office action.

Examiner's signature, if required

U.S. Patent and Trademark Office
PTO-413 (Rev. 04-03)  Interview Summary  Paper No. 9



Summary  f Record of Interview Requirement

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR §1.2  Business to be transacted in writing.**
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

————

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication.  If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

2

DPCC_000151

   

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/818,347 | 03/27/2001 | Bruce H. Prince | 52372-00002 | 1204 |

30223       7590       02/10/2003

JENKENS & GILCHRIST, P.C.
225 WEST WASHINGTON
SUITE 2600
CHICAGO, IL   60606

| EXAMINER |
|---|
| ALIMENTI, SUSAN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3644 | |

DATE MAILED: 02/10/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| **Office Action Summary** | Application N . | Applicant(s) |
| | 09/818,347 | PRINCE, BRUCE  H. |
| | Examiner | Art Unit |
| | Susan C. Alimenti | 3644 |

-- The MAILING DATE  f this communication appears on the c ver sheet with the correspondence address --

**Period for R ply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED  (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1)☒  Responsive to communication(s) filed on <u>04 November 2002</u> .

2a)☒  This action is **FINAL**.        2b)☐  This action is non-final.

3)☐  Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒  Claim(s) <u>1-20</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐  Claim(s) _____ is/are allowed.

6)☒  Claim(s) <u>1-20</u> is/are rejected.

7)☐  Claim(s) _____ is/are objected to.

8)☐  Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐  The specification is objected to by the Examiner.

10)☐  The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

        Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

11)☐  The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

        If approved, corrected drawings are required in reply to this Office action.

12)☐  The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐  Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐  None of:

        1.☐  Certified copies of the priority documents have been received.

        2.☐  Certified copies of the priority documents have been received in Application No. _____ .

        3.☐  Copies of the certified copies of the priority documents have been received in this National Stage
            application from the International Bureau (PCT Rule 17.2(a)).

        * See the attached detailed Office action for a list of the certified copies not received.

14)☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

        a) ☐ The translation of the foreign language provisional application has been received.

15)☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)               4)☐ Interview Summary (PTO-413) Paper No(s). _____ .
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)   5)☐ Notice of Informal Patent Application (PTO-152)
3)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .   6)☐ Other:  .

DPCC_000153

Application/Control Number: 09/818,347                                        Page 2
Art Unit: 3644

## DETAILED ACTION

### *Claim Rejections - 35 USC § 102*

1.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

2.      Claims 1, 2, 4 and 5 are rejected under 35 U.S.C. 102(b) as being anticipated by Ritchey

(USPN 5,493,997).

        Ritchey discloses a device that is the same as that which is cited in claims 1-5. In Figures

7 and 8 Ritchey shows a housing comprising a hinged door (62), attached to flat sidewalls (22,

24, 26, 28) enclosing a hollow interior. A hole (30) is located on one sidewall (28) for allowing

small animals or insects to enter in from outside, and there is not bait contained within the

housing.  In column 4, lines 52-56, Ritchey describes how the hole diameter can be adjusted to

much smaller sizes.  The choice to use plastic or wood, would provide a smooth interior surface.

It is further noted that intended that the intended use of Ritchey's device as a birdhouse is

irrelevant, as it provides the structure necessary to trap carpenter bees as described by the

Applicant.

### *Claim Rejections - 35 USC § 103*

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4.      Claim 3 is rejected under 35 U.S.C. 103(a) as being unpatentable over Ritchey as applied to claims 1, 2, 4 and 5 above, and further in view of Schneidmiller (USPN 4,551,941).

Ritchey discloses the claimed invention except the color of the exterior surface around the hole is not specified. Ritchey, however, does disclose in column 4, lines 9-12 that a multitude of colors and materials could be used in the fabrication of the main housing. Scheidmiller discloses an insect trap that teaches the use of a bright yellow color to attract wasps or the like.

The insects enter into the trap through a bottom element (45) that is colored yellow. In column 6, lines 16-19, Scheidmiller explains that said bottom element is made of an, "opaque material so that the base prevents the passage of light", he further states in column 7, lines 9-13, how the entrance appears darker to the insect upon entry into the trap. It would have been obvious to one of ordinary skill in the art at the time the invention was made to modify Ritchey's device by painting it a bright color that would provide a more drastic contrast and make the entrance appear dark, thus making it more attractive to bees or wasps.

5.      Claim 6 is rejected under 35 U.S.C. 103(a) as being unpatentable over Ritchey as applied to claims 1, 2, 4, and 5 above, and further in view of Rimback (USPN 5,685,109).

Ritchey discloses the claimed invention except it is not constructed of a single piece of molded plastic. Rimback discloses a bee trap, as described above, that includes all the limitations cited in claim 6, and further states in column 3, line 30, that the single plastic mold provides a simpler manufacturing process. It would have been obvious to one of ordinary skill in the art at

Application/Control Number: 09/818,347                                    Page 4
Art Unit: 3644

the time the invention was made to modify Ritchey's device by making is a single piece of

molded plastic in order to ease in the manufacturing process

6.      Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Ritchey as applied

to claims 1, 2, 4, and 5 above.

        Ritchey discloses the claimed invention except he is not specific as to the diameter of the

holes.  It would have been obvious to one having ordinary skill in the art at the time the invention

was made to make the hole of a diameter ranging between 5/16 to 1/2 inch, since it has been held

that where the general conditions of a claim are disclosed in the prior art, discovering optimum

or workable ranges involves only routine skill in the art. *In re Aller,* 105 USPQ 233

7.      Claims 8-13 are rejected under 35 U.S.C. 103(a) as being unpatentable by Rimback, and

further in view of Scheidmiller.

        Regarding claims 8, 11 and 12, Rimback discloses the claimed invention except the

housing contains bait.  In Figure 1 it can be seen that the trap comprises two side panels (12,14),

each including a hole (40,42) therein for the entrance of an insect, and an integral latching means

(56) latching the two sidewalls together. Rimback's trap is made of plastic, which has a smooth

surface and further comprises hinges (18,20) that allow for the device to be opened and closed to

repeatedly remove the contents therein.  It would have been obvious to one having ordinary skill

in the art at the time the invention was made to remove the bait from Rimback's trap, since it has

been held that omission of an element and it's function in a combination where the remaining

elements perform the same functions as before involves only routine skill in the art. *In re*

*Karlson,* 136 USPQ 184.

Application/Control Number: 09/818,347            Page 5

Art Unit: 3644

8.      Regarding claim 9, Rimback discloses the claimed invention except the interior surface forming the edge of the hole is not substantially flat. It would have been obvious to one having ordinary skill in the art at the time the invention was made to make Rimback's "frustro-conical entrance" (40, 42) smaller so that it is contained entirely in the side panel (12,14) and each edge of the entrance is flush with the interior and exterior walls of the side panels, since such a modification would have involved a mere change in the size of a component. A change in size is generally recognized as being within the level of ordinary skill in the art. *In re Rose,* 105 USPQ 237 (CCPA 1955).

9.      Regarding claim 10, Rimback discloses the claimed invention except the color of the exterior surface around the hole is not specified. Scheidmiller discloses an insect trap that teaches the use of a bright yellow color to attract wasps or the like. The insects enter into the trap through a bottom element (45) that is colored yellow. In column 6, lines 16-19, Scheidmiller explains that said bottom element is made of an, "opaque material so that the base prevents the passage of light", he further states in column 7, lines 9-13, how the entrance appears darker to the insect upon entry into the trap. It would have been obvious to one of ordinary skill in the art at the time the invention was made to modify Ritchey's device by painting it a bright color that would provide a more drastic contrast and make the entrance appear dark, thus making it more attractive to bees or wasps.

10.      Regarding claim 13, Rimback discloses the claimed invention except he is not specific as to the diameter of the holes. It would have been obvious to one having ordinary skill in the art at the time the invention was made to make the hole of a diameter ranging between 5/16 to 1/2 inch, since it has been held that where the general conditions of a

DPCC_000157

Application/Control Number: 09/818,347                                      Page 6
Art Unit: 3644

claim are disclosed in the prior art, discovering optimum or workable ranges involves only

routine skill in the art. *In re Aller*, 105 USPQ 233.

11.     Claims 14-20 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Rimback, in view of Scheidmiller.

        Rimback discloses the claimed method of providing a housing having a hollow interior,

and periodically removing the trapped bees from said hollow interior except Rimback uses bait.

It would have been obvious to one having ordinary skill in the art at the time the invention was

made to remove the bait from Rimback's trap, since it has been held that omission of an element

and it's function in a combination where the remaining elements perform the same functions as

before involves only routine skill in the art. *In re Karlson*, 136 USPQ 184.

12.     Regarding claim 15, Rimback discloses the claimed invention except the interior

surface forming the edge of the hole is not substantially flat.  It would have been obvious

to one having ordinary skill in the art at the time the invention was made to make

Rimback's "frustro-conical entrance" (40, 42) smaller so that it is contained entirely in the

side panel (12,14) and each edge of the entrance is flush with the interior and exterior side

panels of the trap, since such a modification would have involved a mere change in the size

of a component.  A change in size is generally recognized as being within the level of

ordinary skill in the art. *In re Rose*, 105 USPQ 237 (CCPA 1955).

13.     Regarding claim 16, Rimback discloses the claimed invention except the color of the

exterior surface around the hole is not specified. Scheidmiller discloses an insect trap that

teaches the use of a bright yellow color to attract wasps or the like. The insects enter into the trap

through a bottom element (45) that is colored yellow.  In column 6, lines 16-19, Scheidmiller

DPCC_000158

Application/Control Number: 09/818,347                                    Page 7
Art Unit: 3644

explains that said bottom element is made of an, "opaque material so that the base prevents the

passage of light", he further states in column 7, lines 9-13, how the entrance appears darker to

the insect upon entry into the trap.  It would have been obvious to one of ordinary skill in the art

at the time the invention was made to modify Ritchey's device by painting it a bright color that

would provide a more drastic contrast and make the entrance appear dark, thus making it more

attractive to bees or wasps.

14.      Regarding claim 20, Rimback discloses the claimed invention except he is not

specific as to the diameter of the holes.  It would have been obvious to one having ordinary

skill in the art at the time the invention was made to make the hole of a diameter ranging

between 5/16 to 1/2 inch, since it has been held that where the general conditions of a

claim are disclosed in the prior art, discovering optimum or workable ranges involves only

routine skill in the art. In *re Aller,* 105 USPQ 233.


### *Response to Arguments*

15.      Applicant's arguments filed 4 Novemeber 2002 have been fully considered but they are

not persuasive.

          In response to Applicant's arguments that the holes disclosed by both Ritchey and

Rimback are inadequate in size, the Examiner respectfully disagrees.  With regard to Ritchey, the

Applicant claims that the hole is "too large to satisfy the requirements of the present applicant's

invention", however Ritchey positively discloses that the hole size is adjustable and can be

modified to accommodate any diameter required.  Regarding Rimback's insect trap, the hole

disclosed is designed to accommodate at least insects such as yellow jackets, which require a

DPCC_000159

Application/Control Number: 09/818,347                                      Page 8
Art Unit: 3644

hole similar in size to that of a carpenter bee.  To further define the state of the art, the Examiner

cites USPN 4,858,374 to Clemons, in which Clemons teaches, in column 2, lines 54-56, the

dimension of an entrance hole for the passage of bees to be in the range of 6-13 mm.  This is

approximately equivalent to a range of 0.236-0.512 in., which comprises the diametrical range

cited in dependent claims 7, 13, and 20.

Finally regarding Applicant's argument that the amended limitation of "said housing

containing no bait" should render the claims allowable, the Examiner respectfully disagrees.  It is

first noted that Ritchey's device contains no bait and therefore claims 1, 2, 4 and 5 remain

rejected under 35 U.S.C. 102(b).  With regard to Rimback, it stands that it is obvious to omit an

element and it's function in a combination where the remaining elements perform the same

functions as before, *In re Karlson,* 136 USPQ 184.  Therefore, even with the omission of the

bait, Rimback's device, as modified by Schneidmiller's method of using a color attractant, still

performs the desired function of the present invention.


### *Conclusion*

16.     Applicant's amendment necessitated the new ground(s) of rejection presented in this

Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP § 706.07(a).

Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

Application/Control Number: 09/818,347                                         Page 9
Art Unit: 3644

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the date of this

final action.

17.       Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Susan C. Alimenti whose telephone number is 703-306-0360.

The examiner can normally be reached on Monday-Thursday, 8am-6pm.

          If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Charles T. Jordan can be reached on 703-306-4159.  The fax phone numbers for the

organization where this application or proceeding is assigned are 703-305-7687 for regular

communications and 703-305-7687 for After Final communications.

          Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-308-1113.


Susan C. Alimenti
February 5, 2003

CHARLES T. JORDAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

| *Notice of References Cited* | Application/Control No. 09/818,347 | Applicant(s)/Patent Under Reexamination PRINCE, BRUCE H. | |
|---|---|---|---|
| | Examiner Susan C. Alimenti | Art Unit 3644 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-D306,061 | 02-1990 | Cutter, John W. | D22/122 |
| | B | US-4,858,374 | 08-1989 | Clemons, Carl W. | 43/122 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 8

3644

Customer No. 30223                                                    PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In Re Application Of: | ) | Atty. Docket No.: 52372-00002 |
| Bruce H. Prince | ) | |
| | ) | )      Examiner:  Susan C. Alimenti |
| Application No.: 09/818,347 | ) | Group Art Unit: 3644 |
| | ) | |
| Filed:  March 27, 2001 | ) | |
| | ) | |
| For:   CARPENTER BEE TRAP | ) | |
| | ) | |

RECEIVED
NOV 1 5 2002
GROUP 3600

### AMENDMENT TRANSMITTAL

Box Non-Fee Amendment
Commissioner for Patents
Washington, D.C.  20231

CERTIFICATE OF MAILING
I hereby certify that this correspondence is being deposited with the
United States Postal Service as first class mail, postage prepaid, in
an envelope addressed to the Commissioner for Patents, Box Non-
Fee Amendment, Washington, D.C. 20231

Date:  November 4, 2002

Signature: _____
              Lynn R. Handrick

Dear Sir:

Transmitted herewith is an "Amendment and Response To Office Action Dated August

12, 2002" for this application.

The Applicant is other than a small entity.

The proceedings herein are for a patent application, and the provisions of 37 C.F.R. §

1.136 apply.

The Applicant believes that no extension of time is required.  This conditional petition is

being made, however, to provide for the possibility that the Applicant has inadvertently

overlooked the need for a petition for extension of time.

CHICAGO 240745v1 52372-00002

The fee for claims (37 C.F.R. § 1.16(b)-(d)) has been calculated as shown below.

|  | Claims Remaining | Highest No. Paid For | Extra | Small Entity | Large Entity |
|---|---|---|---|---|---|
| Total | 20 | 20 | 0 x | $  9 = $ | $  18 = $  0 |
| Independent | 3 | 3 | 0 x | $  42 = $ | $  84 = $  0 |
| Multiple Dependent Claim Presented |  |  |  | $ 140 = $ | $ 280 = $  0 |
| **TOTAL ADDITIONAL FEE** |  |  |  |  | $  0 |

There is no additional fee for claims.

The Commissioner is hereby authorized to charge any additional fees which may be required, or credit any overpayment, to Deposit Account No. 10-0447 (52372-00002).  A duplicate copy of this Transmittal is enclosed for that purpose.

Respectfully submitted,

Date:  November 4, 2002

Stephen G. Rudisill
Reg. No. 20,087
Jenkens & Gilchrist
225 West Washington Street, Suite 2600
Chicago, IL  60606-3418
(312) 425-3900
Attorney for Applicant

DPCC_000164





## Prince Carpenter Bee Trap --Test Results

| Trap # | Install | Examine | Direction | Height{ft] | Building | # of Bees |
|---|---|---|---|---|---|---|
| 1 | 03/10/01 | 04/05/01 | SW | 10 | Stable | 70 |
|  |  | 06/25/01 |  |  |  | 52 |
|  |  | 04/14/02 |  |  |  | 87 |
|  |  | 06/26/02 |  |  |  | 67 |
| 2 | 03/10/01 | 04/05/01 | E | 10 | Stable | 33 |
|  |  | 06/25/01 |  |  |  | 77 |
|  |  | 10/01/01 |  |  |  | 54 |
|  |  | 04/14/02 |  |  |  | 75 |
|  |  | 06/26/02 |  |  |  | 70 |
| 3 | 03/15/01 | 05/04/02 | W | 20 | Barn | 97 |
|  |  | 04/14/02 |  |  |  | 75 |
|  |  | 06/26/02 |  |  |  | 70 |
| 4 | 03/01/02 | 04/14/02 | S | 15 | House | 59 |
|  |  | 06/26/02 |  |  |  | 60 |

RECEIVED NOV 15 2002 GROUP 3600



**PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | |
| Inventor:   Bruce H. Prince | Attorney Docket:   52372-00002 |
| Serial No.:   09/818,347 | Group Art:   3644 |
| Filed:   March 27, 2001 | Examiner:   Susan C. Alimenti |
| Title:   CARPENTER BEE TRAP | |

**AMENDMENT AND RESPONSE TO**
**OFFICE ACTION DATED AUGUST 6, 2002**

RECEIVED
NOV 1 5 2002
GROUP 3600

**CERTIFICATE OF MAILING**
37 C.F.R. 1.8

I hereby certify that this correspondence is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to:   Commissioner for Patents, Washington, D.C. on the date indicated below:

11-4-02

Date                    Lynn A. Handrick

Commissioner For Patents
Washington, D.C.  20231

Dear Commissioner:

In response to the Office Action mailed August 6, 2002, please amend the above-identified application as follows:

**In the Claims**

Please amend claims 1, 8 and 14 as follows:

1.      (Amended)  A carpenter bee trap comprising a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, said housing containing no bait.

8.      (Amended)  A carpenter bee trap comprising a housing made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and

1

CHICAGO 237313v1 52372-00002

including integral latching means for releasably latching selected pairs of adjacent walls, said housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, said housing containing no bait.

14.     (Twice Amended)  A method of trapping carpenter bees without the use of bait or insecticide comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees and said housing containing no bait, and periodically removing trapped bees from said hollow interior of said housing.

## REMARKS

The original drawings were objected to because of questions concerning the reference numerals 10, 11 and 14.  Proposed drawings amendments to overcome the objections were submitted with response to the last Office Action, and now new formal drawings incorporating those proposed amendments are submitted herewith.

Claims 1, 2, 4 and 5 were rejected under 35 U.S.C. 102(b) based on Ritchey U.S. Patent No. 5,493,997.  Ritchey describes a bird house that would not be suitable for use as a carpenter bee trap.  The only specific teaching by Ritchey with respect to the size of the hole is that a typical size range is "from one to six inches in diameter."  This would be too large to satisfy the requirements of the present applicant's invention.  Independent claims 1 and 14 in the present application both require a hole of "about the same size as holes normally made by carpenter bees," which applicant's specification teaches to be less than about 1/2 inch.  Thus, the Ritchey patent fails to anticipate, under 35 U.S.C. 102(b), any of claims 1, 2, 4 and 5.

Claims 8, 11 and 12 were rejected under 35 U.S.C. 102(b) based on Rimback U.S. Patent No. 5,685,109.  Rimback describes an insect trap that uses bait such as "a carbohydrate, typically a sweet fruit juice and/or a protein such as meat, raw fish, cat food, or hamburger."  The patent specifically states that, "The bait should be replaced every day for greatest effectiveness. These claims all require a hole of "about the same size as holes normally made by carpenter bees," which applicant's specification teaches to be less than about 1/2 inch.  Rimback's trap has two entrance holes 40 and 42, but he says nothing about

DPCC_000167

the size of the holes.  Thus, the Rimback patent fails to anticipate, under 35 U.S.C. 102(b), any of claims 8, 11 and 12.

Claims 3, 6 and 7 were rejected under 35 U.S.C. 103(a) based on Ritchey, with the addition of Schneidmiller U.S. Patent No. 4,551,941 in the rejection of claim 3, and with the addition of Rimback in the rejection of claim 6.  These claims are all dependent on claim 1, which distinguishes over Ritchey in the manner discussed above.  Schneidmiller is relied upon to show the use of opaque material, but this does not overcome the other shortcomings of Ritchey pointed out above, namely, failure to show the hole size required by applicant's claims.  Thus, even a combination of Ritchey and Schneidmiller does noes not yield the invention defined by applicant's claims 3, 6 and 7.

Thus, reconsideration of the rejection of claims 3, 6 and 7 under 103(a) based on Ritchey alone or in combination with Schneidmiller or Rimback is respectfully requested.

Claims 9-10 and 13-20 were rejected under 35 U.S.C. 103(a) based Rimback, with the addition of Schneidmiller in the rejection of claim 10.  Claims 9, 10 and 13 are dependent on claim 8, which distinguishes over Rimback in the manner discussed above.  Schneidmiller is relied upon to show the use of opaque material, but this does not overcome the other shortcomings of Rimback pointed out above, namely, failure to show the hole size required by applicant's claims.  Thus, even a combination of Ritchey and Schneidmiller does noes not yield the invention defined by applicant's claims 9, 10 and 13.

Claim 14 is a method claim directed to the use of such a structure to trap carpenter bees "without the use of bait or insecticide," and has been amended to further recite "said housing containing no bait." Claims 15-20 are all dependent on claim 14.  There is no teaching whatever in the Rimback patent that his structure might be effectively used as a trap without the use of bait, nor that it might be used to trap carpenter bees.  Moreover, claim 14 has the same hole-size requirement discussed above in connection with claims 1 and 8.  Thus, no matter whether Rimback is considered alone or in combination with Ritchey and/or Schneidmiller, there will be no hole of the size required by the claims, nor any suggestion that the structure be used as a trap for carpenter bees without the use of bait.

The cited prior art never mentions carpenter bees, and never suggests that carpenter bees, or other insects for that matter, can be trapped by a simple hollow container having a hole of about the same size as holes normally made by carpenter bees.  Applicant's invention requires no bait and no insecticide, and thus is environmentally attractive, and vastly superior to the references' approach from an environmental standpoint.  And yet, applicant's trap is surprisingly effective in trapping carpenter bees.  For example, see the attached test results

3

DPCC_000168

conducted with four traps that were about 2" deep by 8" high by 6" wide, with entry holes of 5/16", 3/8", 7/16" and 1/2", respectively.

In addition to the distinctions found in the independent claims 1 and 14, dependent claims 3 and 16 further distinguish over Ritchey and Rimback by requiring that the wall around the hole have a "light color" so that the hole "appears dark" from outside the housing. This feature assists in attracting carpenter bees for trapping, and is not taught anywhere in the cited references.

Thus, reconsideration of the rejection of claims 9-10 and 13-20 under 103(a) based on Rimback alone or in combination with Schneidmiller is respectfully requested.

Attached hereto is a marked-up version of the changes made to the specification and claims by the current amendment. Attached hereto is a clean copy of the pending claims after entry of the present amendment captioned "**Pending Claims After Entry of Amendment and Reply to Office Acton Mailed August 6, 2002**."

It is believed that no fee is presently due; however, should any additional fees be required (except for payment of the issue fee), the Commissioner is authorized to deduct the fees from Jenkens & Gilchrist, P.C. Deposit Account No. 10-0447, Order No. 52372-00002.

Respectfully submitted,

November 4, 2002

Stephen G. Rudisill
Reg. No. 20,087
Jenkens & Gilchrist, P.C.
225 West Washington Street, Suite 2600
Chicago, IL  60606-3418
(312) 425-8570
Attorneys for Applicant

DPCC_000169

U.S. Patent Application Serial No. 09/818,347



## PENDING CLAIMS AFTER ENTRY OF AMENDMENT AND
## REPLY TO OFFICE ACTION MAILED APRIL 4, 2002

1.     A carpenter bee trap comprising a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees.

2.     The carpenter bee trap of claim 1 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

3.     (Amended)  The carpenter bee trap of claim 1 in which said housing has only a single hole, and the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

4.     The carpenter bee trap of claim 1 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

5.     The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth.

6.     The carpenter bee trap of claim 1 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

7.     The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.



8.     A carpenter bee trap comprising a housing made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls, said having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to

5

CHICAGO 237313v1 52372-00002

DPCC_000170



enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees.

9.     The carpenter bee trap of claim 8 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

10.     The carpenter bee trap of claim 8 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

11.     The carpenter bee trap of claim 8 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

12.     The carpenter bee trap of claim 8 in which the interior surfaces of said housing are smooth.

13.     The carpenter bee trap of claim 8 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.



14.     (Amended)  A method of trapping carpenter bees without the use of bait or insecticide comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, and periodically removing trapped bees from said hollow interior of said housing.

15.     (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

16.     (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

6

DPCC_000171

17.    (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

18.    (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which the interior surfaces of said housing are smooth.

19.    (Amended)  The method of trapping carpenter bees as set forth in claim 14 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

20.    (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

7

DPCC_000172

 

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/818,347 | 03/27/2001 | Bruce H. Prince | 52372-00002 | 1204 |

30223      7590      08/06/2002

JENKENS & GILCHRIST, P.C.
225 WEST WASHINGTON
SUITE 2600
CHICAGO, IL  60606

| EXAMINER |
|---|
| ALIMENTI, SUSAN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3644 | |

DATE MAILED: 08/06/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

DPCC_000173

| *Office Action Summary* | Application No. 09/818,347 | Applicant(s) PRINCE, BRUCE H. |
|---|---|---|
| | Examiner Susan C. Alimenti | Art Unit 3644 |

*-- The MAILING DATE f this communication appears on the c ver sheet with th c rrespondence address --*

**Period f r Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>12 July 2002</u> .

2a)☐ This action is **FINAL**.   2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-20</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-20</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Pri rity under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____ .

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a)☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4)☐ Interview Summary (PTO-413) Paper No(s). _____ .
5)☐ Notice of Informal Patent Application (PTO-152)
6)☐ Other: .

DPCC_000174

Application/Control Number: 09/818,347                                    Page 2
Art Unit: 3644

## DETAILED ACTION

### *Claim Rejections - 35 USC § 102*

1.     The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on
> sale in this country, more than one year prior to the date of application for patent in the United States.

2.     Claims 1, 2, 4 and 5 are rejected under 35 U.S.C. 102(b) as being anticipated by Ritchey

(USPN 5,493,997).

       Ritchey discloses a device that is the same as that which is cited in claims 1-5.  In Figures

7 and 8 Ritchey shows a housing comprising a hinged door (62), attached to flat sidewalls (22,

24, 26, 28) enclosing a hollow interior.  A hole (30) is located on one sidewall (28) for allowing

small animals or insects to enter in from outside.  In column 4, lines 52-56 Ritchey describes

how the hole diameter can be adjusted to much smaller sizes.  The choice to use plastic or wood,

would provide a smooth interior surface.  It is further noted that intended that the intended use of

Ritchey's device as a birdhouse is irrelevant, as it provides the structure necessary to trap

carpenter bees as described by the Applicant.

3.     Claims 8, 11 and 12 are rejected under 35 U.S.C. 102(b) as being anticipated by Rimback

(USPN 5,685,109).

       Rimback discloses a trap for flying insects that meets all the limitations set forth in

claims 8, 11 and 12.  In Figure 1 it can be seen that the trap comprises two side panels (12,14),

each including a hole (40,42) therein for the entrance of an insect, and an integral latching means

(56) latching the two sidewalls together.  Rimback's trap is made of plastic, which has a smooth

Application/Control Number: 09/818,347                                        Page 3

Art Unit: 3644

surface and further comprises hinges (18,20) that allow for the device to be opened and closed to

repeatedly remove the contents therein.

### *Claim Rejections - 35 USC § 103*

4.       The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

5.       Claim 3 is rejected under 35 U.S.C. 103(a) as being unpatentable over Ritchey as applied

to claims 1, 2, 4 and 5 above, and further in view of Schneidmiller (USPN 4,551,941).

Ritchey discloses the claimed invention except the color of the exterior surface around

the hole is not specified.  Ritchey, however, does disclose in column 4, lines 9-12 that a

multitude of colors and materials could be used in the fabrication of the main housing.

Scheidmiller discloses an insect trap that teaches the use of a bright yellow color to attract wasps

or the like.   The insects enter into the trap through a bottom element (45) that is colored yellow.

In column 6, lines 16-19, Scheidmiller explains that said bottom element is made of an, "opaque

material so that the base prevents the passage of light", he further states in column 7, lines 9-13,

how the entrance appears darker to the insect upon entry into the trap.  It would have been

obvious to one of ordinary skill in the art at the time the invention was made to modify Ritchey's

device by painting it a bright color that would provide a more drastic contrast and make the

entrance appear dark, thus making it more attractive to bees or wasps.

6.       Claim 6 is rejected under 35 U.S.C. 103(a) as being unpatentable over Ritchey as applied

to claims 1, 2, 4, and 5 above, and further in view of Rimback.

DPCC_000176

Application/Control Number: 09/818,347                                   Page 4
Art Unit: 3644

Ritchey discloses the claimed invention except it is not constructed of a single piece of molded plastic.  Rimback discloses a bee trap, as described above, that includes all the limitations cited in claim 6, and further states in column 3, line 30, that the single plastic mold provides a simpler manufacturing process.  It would have been obvious to one of ordinary skill in the art at the time the invention was made to modify Ritchey's device by making is a single piece of molded plastic in order to ease in the manufacturing process

7.      Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Ritchey as applied to claims 1, 2, 4, and 5 above.

Ritchey discloses the claimed invention except he is not specific as to the diameter of the holes.  It would have been obvious to one having ordinary skill in the art at the time the invention was made to make the hole of a diameter ranging between 5/16 to 1/2 inch, since it has been held that where the general conditions of a claim are disclosed in the prior art, discovering optimum or workable ranges involves only routine skill in the art.  *In re Aller*, 105 USPQ 233.

8.      Claim 9 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rimback as applied to claims 8, 11 and 12 above.

Rimback discloses the claimed invention except the interior surface forming the edge os the hole is not substantially flat.  It would have been obvious to one having ordinary skill in the art at the time the invention was made to make Rimback's "frustro-conical entrance" (40, 42) smaller so that it is contained entirely in the side panel (12,14) and each edge of the entrance is flush with the interior and exterior walls of the side panels, since such a modification would have involved a mere change in the size of a component.  A change in size is generally recognized as being within the level of ordinary skill in the art.  *In re Rose*, 105 USPQ 237 (CCPA 1955).

Application/Control Number: 09/818,347                                    Page 5
Art Unit: 3644

9.      Claim10 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rimback as

applied to claims 8, 11 and 12 above, and further in view of Scheidmiller.

        Rimback discloses the claimed invention except the color of the exterior surface around

the hole is not specified.  Scheidmiller discloses an insect trap that teaches the use of a bright

yellow color to attract wasps or the like.   The insects enter into the trap through a bottom

element (45) that is colored yellow.  In column 6, lines 16-19, Scheidmiller explains that said

bottom element is made of an, "opaque material so that the base prevents the passage of light",

he further states in column 7, lines 9-13, how the entrance appears darker to the insect upon entry

into the trap.  It would have been obvious to one of ordinary skill in the art at the time the

invention was made to modify Ritchey's device by painting it a bright color that would provide a

more drastic contrast and make the entrance appear dark, thus making it more attractive to bees

or wasps.

10.     Claim 13 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rimback as

applied to claims 8, 11 and 12 above.

        Rimback discloses the claimed invention except he is not specific as to the diameter of

the holes It would have been obvious to one having ordinary skill in the art at the time the

invention was made to make the hole of a diameter ranging between 5/16 to 1/2 inch, since it has

been held that where the general conditions of a claim are disclosed in the prior art, discovering

optimum or workable ranges involves only routine skill in the art. *In re Aller*, 105 USPQ 233.

11.     Claims 14, and 17-19 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Rimback.

Application/Control Number: 09/818,347                                    Page 6
Art Unit: 3644

        Rimback discloses the claimed method of providing a housing having a hollow interior,

and periodically removing the trapped bees from said hollow interior except Rimback uses bait.

It would have been obvious to one having ordinary skill in the art at the time the invention was

made to remove the bait from Rimback's trap, since it has been held that omission of an element

and it's function in a combination where the remaining elements perform the same functions as

before involves only routine skill in the art. *In re Karlson*, 136 USPQ 184.

12.     Claim 15 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rimback as

applied to claims 14 and 17-19 above.

        Rimback discloses the claimed invention except the interior surface forming the edge os

the hole is not substantially flat.  It would have been obvious to one having ordinary skill in the

art at the time the invention was made to make Rimback's "frustro-conical entrance" (40, 42)

smaller so that it is contained entirely in the side panel (12,14) and each edge of the entrance is

flush with the interior and exterior side panels of the trap, since such a modification would have

involved a mere change in the size of a component.  A change in size is generally recognized as

being within the level of ordinary skill in the art. *In re Rose*, 105 USPQ 237 (CCPA 1955).

13.     Claim 16 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rimback as

applied to claims 14 and 17-19 above.

        Rimback discloses the claimed invention except the color of the exterior surface around

the hole is not specified.  Scheidmiller discloses an insect trap that teaches the use of a bright

yellow color to attract wasps or the like.   The insects enter into the trap through a bottom

element (45) that is colored yellow.  In column 6, lines 16-19, Scheidmiller explains that said

bottom element is made of an, "opaque material so that the base prevents the passage of light",

Application/Control Number: 09/818,347                                    Page 7
Art Unit: 3644

he further states in column 7, lines 9-13, how the entrance appears darker to the insect upon entry

into the trap.  It would have been obvious to one of ordinary skill in the art at the time the

invention was made to modify Ritchey's device by painting it a bright color that would provide a

more drastic contrast and make the entrance appear dark, thus making it more attractive to bees

or wasps.

14.    Claim 20 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rimback as

applied to claims 14 and 17-19 above.

Rimback discloses the claimed invention except he is not specific as to the diameter of

the holes It would have been obvious to one having ordinary skill in the art at the time the

invention was made to make the hole of a diameter ranging between 5/16 to 1/2 inch, since it has

been held that where the general conditions of a claim are disclosed in the prior art, discovering

optimum or workable ranges involves only routine skill in the art. *In re Aller*, 105 USPQ 233.


### *Response to Arguments*

15.    Applicant's arguments with respect to claims 1-20 have been considered but are moot in

view of the new grounds of rejection.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Susan C. Alimenti whose telephone number is (703)306-0360.

The examiner can normally be reached on Monday-Thursday, 7:30am-5:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Charles  Jordan can be reached on 703-306-4159.  The fax phone numbers for the

Application/Control Number: 09/818,347                                  Page 8
Art Unit: 3644

organization where this application or proceeding is assigned are 703-306-4195 for regular

communications and 703-305-3597 for After Final communications.

     Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-306-5771.


SCA
July 31, 2002

CHARLES T. JORDAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

DPCC_000181

## Attachment for PTO-948 (Rev. 03/01, or earlier)
### 6/18/01

## The below text replaces the pre-printed text under the heading, "Information on How to Effect Drawing Changes," on the back of the PTO-948 (Rev. 03/01, or earlier) form.

## INFORMATION ON HOW TO EFFECT DRAWING CHANGES

### 1. Correction of Informalities -- 37 CFR 1.85

New corrected drawings must be filed with the changes incorporated therein. Identifying indicia, if provided, should include the title of the invention, inventor's name, and application number, or docket number (if any) if an application number has not been assigned to the application. If this information is provided, it must be placed on the front of each sheet and centered within the top margin. If corrected drawings are required in a Notice of Allowability (PTOL-37), the new drawings MUST be filed within the THREE MONTH shortened statutory period set for reply in the Notice of Allowability. Extensions of time may NOT be obtained under the provisions of 37 CFR 1.136(a) or (b) for filing the corrected drawings after the mailing of a Notice of Allowability. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

### 2. Corrections other than Informalities Noted by Draftsperson on form PTO-948.

All changes to the drawings, other than informalities noted by the Draftsperson, MUST be made in the same manner as above except that, normally, a highlighted (preferably red ink) sketch of the changes to be incorporated into the new drawings MUST be approved by the examiner before the application will be allowed. No changes will be permitted to be made, other than correction of informalities, unless the examiner has approved the proposed changes.

### Timing of Corrections

Applicant is required to submit the drawing corrections within the time period set in the attached Office communication. See 37 CFR 1.85(a).

Failure to take corrective action within the set period will result in ABANDONMENT of the application.

Co 21 01

DPCC_000182

| *Notice f R ferenc s Cited* | Application/Control No. 09/818,347 | | Applicant(s)/Patent Under Reexamination PRINCE, BRUCE  H. | |
|---|---|---|---|---|
| | Examiner Susan C. Alimenti | | Art Unit 3644 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Nam | Classification |
|---|---|---|---|---|---|
| | A | US-4,551,941 | 11-1985 | Schneidmiller, Rodney G. | 43/107 |
| | B | US-5,685,109 | 11-1997 | Rimback, Peter | 43/107 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN  PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

Customer No. 30223

**COPY OF PAPERS ORIGINALLY FILED**

#51mdt 3644
(Bentley
7/28/02
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

| | | | | |
|---|---|---|---|---|
| Inventor: | Bruce H. Prince | | Attorney Docket: | 52372-00002 |
| Serial No.: | 09/818,347 | | Group Art: | 3644 |
| Filed: | March 27, 2001 | | Examiner: | Susan C. Alimenti |
| Title: | CARPENTER BEE TRAP | | | |

**AMENDMENT AND RESPONSE TO**
**OFFICE ACTION DATED APRIL 4, 2002**

**RECEIVED**
JUL 1 7 2002
**GROUP 3600**

Commissioner For Patents
Washington, D.C.  20231

**CERTIFICATE OF MAILING**
37 C.F.R. 1.8

I hereby certify that this correspondence is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to: Commissioner for Patents, Washington, D.C. on the date indicated below:

7/3/02

Date          Signature

Dear Commissioner:

In response to the Office Action mailed April 4, 2002, please amend the above-identified application as follows:

**In the Claims**

Please amend claims 3 and 14-20 as follows:

3.     (Amended)  The carpenter bee trap of claim 1 in which said housing has only a single hole, and the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

14.     (Amended)  A method of trapping carpenter bees without the use of bait or insecticide comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed therein to permit carpenter bees to enter the hollow interior of

1

CHICAGO 228198v1 52372-00002

 

**Customer No. 30223**

COPY OF PAPERS
ORIGINALLY FILED

the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, and periodically removing trapped bees from said hollow interior of said housing.

15.    (Amended) The [carpenter bee trap of ] method of trapping carpenter bees as set forth in claim 14 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

16.    (Amended) The [carpenter bee trap of ] method of trapping carpenter bees as set forth in claim 14 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

17.    (Amended) The [carpenter bee trap of ] method of trapping carpenter bees as set forth in claim 14 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

18.    (Amended) The [carpenter bee trap of ] method of trapping carpenter bees as set forth in claim 14 in which the interior surfaces of said housing are smooth.

19.    (Amended) The [carpenter bee trap of ] method of trapping carpenter bees as set forth in claim 14 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

20.    (Amended) The [carpenter bee trap of ] method of trapping carpenter bees as set forth in claim 14 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

## **REMARKS**

The disclosure was objected to as lacking page numbers.  Page numbers are on the disclosure but are set higher on the page than normal.  In a telephone conversation with the

CHICAGO 228198v1 52372-00002

DPCC_000185

COPY OF PAPERS
ORIGINALLY F

**Customer No. 30223**

Examiner, the Examiner requested that the height of the page numbers be mentioned and that a new disclosure should not be sent.

The original drawings were objected to because of questions concerning the reference numerals 10, 11 and 14. Proposed drawings amendments to overcome the objections are submitted herewith

Original claims 15-20 were rejected under 35 U.S.C. 112, second paragraph, because these claims referred to a "carpenter bee trap," but depended from claim 14 which is directed to a "method of trapping carpenter bees." This rejection has been overcome by amending claims 15-20 to refer to the "method of trapping carpenter bees" rather than the "carpenter bee trap" of claim 14.

Original claims 1-5 and 14-18 were rejected under 35 U.S.C. 102(b) based on Ritchey U.S. Patent No. 5,493,997. Ritchey describes a bird house that would not be suitable for use as a carpenter bee trap. The only specific teaching by Ritchey with respect to the size of the hole is that a typical size range is "from one to six inches in diameter." This would be too large for a carpenter bee trap. Independent claims 1 and 14 in the present application both require a hole of "about the same size as holes normally made by carpenter bees," which applicant's specification teaches to be less than about 1/2 inch. In addition, claim 14 is a method claim directed to the use of such a structure to trap carpenter bees and "periodically removing trapped bees from said hollow interior of said housing." There is no teaching whatever in the Ritchey patent that his structure might be used as a bee trap, nor that trapped bees should be periodically removed. Thus, the Ritchey patent fails to anticipate, under 35 U.S.C. 102(b), any of claims 1-5 and 14-18.

In addition to the distinctions found in the independent claims 1 and 14, dependent claims 3 and 16 further distinguish over Ritchey by requiring that the wall around the hole have a "light color" so that the hole "appears dark" from outside the housing. This features assists in attracting carpenter bees for trapping, and is not taught anywhere in the Ritchey patent.

Thus, reconsideration of the rejection of claims 1-5 and 14-18 under 102(b) is respectfully requested.

Original claims 6, 8-12 and 19 were rejected under 35 U.S.C. 103(a) based on Ritchey U.S. Patent No. 5,493,997in combination with Spragins U.S. Patent No.5,448,852. Spragins was cited to show an integrally molded plastic hinge and a latch. However, all these claims have the same limitations discussed above in connection with claims 1 and 14, and Spragins

3

DPCC_000186

COPY OF PAPERS
ORIGINALLY FILED

Customer No. 30223 

does not contain any teaching that could overcome the shortcomings of Ritchey with respect to those limitations. Specifically, Spragins describes a rodent bait station having holes even larger than those described by Ritchey. Thus, even if Ritchey and Spragins were combined, the resulting combination would still be lacking a hole of the size required by the claims, the light color around the hole, and a suggestion that the structure be used as a trap for carpenter bees.

Thus, reconsideration of the rejection of claims 6, 8-12 and 19 under 103(a) based on the combination of Ritchey and Spragins is respectfully requested.

Original claims 7, 13 and 20 were rejected under 35 U.S.C. 103(a) based on Ritchey U.S. Patent No. 5,493,997 in combination with Feigin U.S. Patent No. 3,803,753. Feigin describes a "bait station" for yellow jacket bait containing an insecticide that kills the yellow jackets when they eat the bait. Feigin teaches that a suitable bait is cat food, and a suitable insecticide is dodecachloroocthydro-1,3,4-metheno-2H-cyclobuta[cd]pentalene. Feigin provides a cover that can be snapped onto the rim of a can filled with the insecticide-laced bait. The cover has 10 to 15 holes about 1/2 inch in diameter to allow both ingress and egress by the yellow jackets to the bait so that they can take the bait back to the yellow jacket nests and feed it to the queen and young yellow jackets. Feigin does not disclose a "hollow" housing as required by all the claims of applicant.

Feigin never mentions carpenter bees, and never suggests that carpenter bees, or yellow jackets for that matter, can be trapped by a simple hollow container having a hole of about the same size as holes normally made by carpenter bees. Applicant's invention requires no bait and no insecticide, and thus is environmentally attractive, and vastly superior to Feigin's approach from an environmental standpoint. To bring this feature of applicant's invention into sharper focus, applicant's independent method claim 14 has been amended to require a method of trapping carpenter bees "without the use of bait or insecticide." This limitation also applies, of course, to the dependent claims 15-20.

Thus, reconsideration of the rejection of claims 7, 13 and 20 under 103(a) based on the combination of Ritchey and Feigin is respectfully requested.

Attached hereto is a marked-up version of the changes made to the specification and claims by the current amendment. Attached hereto is a clean copy of the pending claims after entry of the present amendment captioned "**Pending Claims After Entry of Amendment and Reply to Office Acton Mailed April 4, 2002.**"

DPCC_000187



COPY OF PAPER
ORIGINALLY FILED

**Customer No. 30223**

    It is believed that no fee is presently due; however, should any additional fees be

required (except for payment of the issue fee), the Commissioner is authorized to deduct the

fees from Jenkens & Gilchrist, P.C. Deposit Account No. 10-0447, Order No. 52372-00002.

                                        Respectfully submitted,

July 3, 2002

                                        Stephen G. Rudisill
                                        Reg. No. 20087
                                        Jenkens & Gilchrist, P.C.
                                        225 West Washington Street, Suite 2600
                                        Chicago, IL  60606-3418
                                        (312) 425-8570
                                        Attorneys for Applicant

5

DPCC_000188

**Customer No. 30223** 


COPY OF PAPERS
ORIGINALLY FILED

U.S. Patent Application Serial No. 09/818,347

## PENDING CLAIMS AFTER ENTRY OF AMENDMENT AND
## REPLY TO OFFICE ACTION MAILED APRIL 4, 2002

1.    A carpenter bee trap comprising a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees.

2.    The carpenter bee trap of claim 1 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

3.    (Amended)  The carpenter bee trap of claim 1 in which said housing has only a single hole, and the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

4.    The carpenter bee trap of claim 1 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

5.    The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth.

6.    The carpenter bee trap of claim 1 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

7.    The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

8.    A carpenter bee trap comprising a housing made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls, said having a hollow

6

CHICAGO 228198v1 52372-00002

DPCC_000189

COPY OF PAPERS
ORIGINALLY FILED

**Customer No. 30223**

interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees.

9.      The carpenter bee trap of claim 8 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

10.     The carpenter bee trap of claim 8 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

11.     The carpenter bee trap of claim 8 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

12.     The carpenter bee trap of claim 8 in which the interior surfaces of said housing are smooth.

13.     The carpenter bee trap of claim 8 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

14.     (Amended)  A method of trapping carpenter bees without the use of bait or insecticide comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, and periodically removing trapped bees from said hollow interior of said housing.

15.     (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

7

DPCC_000190

**Customer No. 30223**

COPY OF PAPERS
ORIGINALLY FILED

16.    (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

17.    (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

18.    (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which the interior surfaces of said housing are smooth.

19.    (Amended)  The method of trapping carpenter bees as set forth in claim 14 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

20.    (Amended)  The method of trapping carpenter bees as set forth in claim 14 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

8

DPCC_000191

 



### United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/818,347 | 03/27/2001 | Bruce H. Prince | 52372-00002 | 1204 |

30223      7590      04/04/2002

JENKENS & GILCHRIST, P.C.
225 WEST WASHINGTON
SUITE 2600
CHICAGO, IL  60606

| EXAMINER |
|---|
| ALIMENTI, SUSAN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3644 | |

DATE MAILED: 04/04/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| | Applicati n N . | Applicant( ) |
|---|---|---|
| **Office Action Summary** | 09/818,347 | PRINCE, BRUCE  H. |
| | **Examiner** | **Art Unit** |
| | Susan C. Alimenti | 3644 |

-- *The MAILING DATE f this c mmunication app ars on th  c ver sheet with the correspondenc  address* --

**P  ri  d for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED  (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1)☒  Responsive to communication(s) filed on <u>29 March 2001</u> .

2a)☐  This action is **FINAL**.          2b)☒  This action is non-final.

3)☐  Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disp  sition of Claims**

4)☒  Claim(s) <u>1-20</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐  Claim(s) _____ is/are allowed.

6)☒  Claim(s) <u>1-20</u> is/are rejected.

7)☐  Claim(s) _____ is/are objected to.

8)☐  Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☒  The specification is objected to by the Examiner.

10)☒  The drawing(s) filed on <u>29 March 2001</u> is/are:  a)☐ accepted or b)☒ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

11)☐  The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12)☐  The oath or declaration is objected to by the Examiner.

**Pri  rity under 35 U.S.C. §§ 119 and 120**

13)☐  Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐  Certified copies of the priority documents have been received.

      2.☐  Certified copies of the priority documents have been received in Application No. _____ .

      3.☐  Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐  The translation of the foreign language provisional application has been received.

15)☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other:  .



Application/Control Number: 09/818,347                                         Page 2
Art Unit: 3644

## DETAILED ACTION

### *Specification*

1.      The disclosure is objected to because of the following informalities: No page numbers are

listed through out the application.  Appropriate correction is required.


### *Drawings*

2.      The drawings are objected to as failing to comply with 37 CFR 1.84(p)(4) because

reference characters "10" and "11" have both been used to designate the "rear wall".

Furthermore the rear wall is referenced as character "14" in the Specification on page 3, however

in the drawings and in other parts of the Specification "14" represents a "side wall".  A proposed

drawing correction or corrected drawings are required in reply to the Office action to avoid

abandonment of the application.  The objection to the drawings will not be held in abeyance.


3.      The drawings are objected to because it is unclear where plastic hanger (17) is located on

the device.  A proposed drawing correction or corrected drawings are required in reply to the

Office action to avoid abandonment of the application.  The objection to the drawings will not be

held in abeyance.


### *Claim Rejections - 35 USC § 112*

4.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the
> subject matter which the applicant regards as his invention.



Application/Control Number: 09/818,347                                  Page 3
Art Unit: 3644

5.      Claims 15-20 are rejected under 35 U.S.C. 112, second paragraph, as failing to set forth

the subject matter which applicant regards as their invention.  Evidence that claims 15-20 fail to

correspond in scope with that which applicant regards as the invention can be found in Paper No.

1 filed 03/27/2001.  In that paper, applicant has stated in claim 14 that a method of trapping

carpenter bees is to be disclosed, and this statement indicates that the invention is different from

what is defined in the claims 15-20 because said claims are dependent upon claim 14, and

therefore should similarly disclose a method, not the bee trap device.


### *Claim Rejections - 35 USC § 102*

6.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on
> sale in this country, more than one year prior to the date of application for patent in the United States.

7.      Claims 1-5 and 14-18 are rejected under 35 U.S.C. 102(b) as being anticipated by

Ritchey (USPN 5,493,997).

        Ritchey discloses a device that is the same as that which is cited in claims 1-5 and 14-18.

In Figures 7 and 8 Ritchey shows a housing comprising a hinged door (62), attached to flat

sidewalls (22, 24, 26, 28) enclosing a hollow interior.  A hole (30) is located on one sidewall (28)

for allowing small animals or insects to enter in from outside.  In column 4, lines 52-56 Ritchey

describes how the hole diameter can be adjusted to much smaller sizes.  Furthermore in column

4, lines 9-12 it is discussed that a multitude of colors and materials could be used in the

DPCC_000195



Application/Control Number: 09/818,347                                        Page 4
Art Unit: 3644

fabrication of said housing.  The choice to use plastic or wood, would provide a smooth exterior

surface.


### *Claim Rejections - 35 USC § 103*

8.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

9.      Claims 6, 8-12, and 19 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Ritchey as applied to claims 1-5 and 14-18 above, and further in view of Spragins et al. (USPN

5,448,852).

        Ritchey discloses a housing that is very similar to that which is disclosed in claims 1-6, 8-

12, and 14-19 except he does not utilize a frame that is integrally attached with molded hinges.

In column 4 lines 23-25, Ritchey states that the walls of the housing can be integrally formed

with each other, but he does not go into any further detail.  Spragins et al. (hereafter Spragins)

teaches in Figure 1 the use of an integrally molded plastic hinge (34), and a means for latching or

securing the folded element to the main body.  It would have been obvious to one, in the art at

the time the invention was made, to modify Ritchey's housing by implementing Spragins' hinge

on all respective connecting walls in order to accommodate packaging restrictions.

10.     Claims 7, 13, and 20 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Ritchey as applied to claims 1-5 and 14-18 above, and further in view of Feigin et al. (USPN

3,803,753).



Application/Control Number: 09/818,347                                          Page 5
Art Unit: 3644

Ritchey, as modified, discloses a housing that includes all that is described in claims 1-5, 7, 13-18 and 20 except the precise diameter of the hole is not specified. Feigin et al. discloses a bee trapping system that teaches the use of a hole (6) that would be of appropriate size for the application. In column 6, lines 5 and 6, Feigin et al. claims the orifice to be approximately 0.5 inches in diameter. It would have been obvious to one in the art, at the time the invention was made, to use a diameter near to or exactly 0.5 inches for the bee entrance holes in order to appropriately accommodate the insect size.

### *Conclusion*

11.     The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

The following patents are cited to further show the state of the art with regard to trapping or housing devices:

U.S. Patent No. 3,872,619 to McIlwain

U.S. Patent No. 5,305,546 to Edwards

U.S. Patent No. 5,339,563 to Job

U.S. Patent No. 6,170,437 to Jones

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Susan C. Alimenti whose telephone number is (703)306-0360. The examiner can normally be reached on Monday-Thursday, 7:30am-6:00pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Charles Jordan can be reached on 703-306-4159. The fax phone numbers for the

Application/Control Number: 09/818,347                                                            Page 6
Art Unit: 3644

organization where this application or proceeding is assigned are 703-306-4196 for regular

communications and 703-305-3597 for After Final communications.

    Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-306-5771.

SCA
March 26, 2002

CHARLES T. JORDAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

| Notice of References Cited | Application/Control No. | Applicant(s)/Patent Under Reexamination | |
|---|---|---|---|
| | 09/818,347 | PRINCE, BRUCE H. | |
| | Examiner | Art Unit | |
| | Susan C. Alimenti | 3644 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-3,803,753 | 04-1974 | Feigin et al. | 119/131 |
| | B | US-3,872,619 | 03-1975 | McIlwain | 43/60 |
| | C | US-5,305,546 | 04-1994 | Edwards | 43/134 |
| | D | US-5,339,563 | 08-1994 | Job | 43/107 |
| | E | US-5,448,862 | 09-1995 | Spragins et al. | 43/131 |
| | F | US-5,493,997 | 02-1996 | Ritchey | 119/23 |
| | G | US-6,170,437 | 01-2001 | Jones | 119/428 |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)

Notice of References Cited

Part of Paper No. 4

| Form PTO-1449 (modified)<br><br>List of Patents and Publications for Applicant's<br>**INFORMATION DISCLOSURE STATEMENT**<br><br>Page 1 | Atty. Docket No.:<br>52372-00002 | Serial No.:<br>09/818,347 |
|---|---|---|
| | Applicant:  Bruce H. Prince | |
| | Filing Date:<br>March 27, 2001 | Group:<br>3643 |

## U.S. Patent Documents

| Examiner Initial | Ref | Document Number | Date | Name | Class | Sub-Class | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| ✓A | A1 | 835,264 | 11/06/06 | Steinmann | | | |
| ✓A | A2 | 970,944 | 09/20/10 | Odatey | | | |
| ✓A | A3 | 1,091,550 | 03/31/14 | Walters | | | |
| ✓A | A4 | 1,364,949 | 01/11/21 | Niewinski | | | |
| SA | A5 | 4,858,374 | 08/22/89 | Clemons | 43/122 | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| **EXAMINER:** *Susan C. Alvarez* | **DATE CONSIDERED:** *03-26-2002* |
|---|---|

EXAMINER: INITIAL IF REFERENCE CONSIDERED, WHETHER OR NOT CITATION IS IN CONFORMANCE WITH MPEP609; DRAW LINE THROUGH CITATION IF NOT IN CONFORMANCE AND NOT CONSIDERED. INCLUDE COPY OF THIS FORM WITH NEXT COMMUNICATION TO APPLICANT.

*INFORMATION DISCLOSURE STATEMENT — PTO-1449 (MODIFIED)*

DPCC_000200

|    | Type | Hits  | Search Text |
|----|------|-------|-------------|
| 1  | IS&R | 316   | (43/65).CCLS. |
| 2  | IS&R | 0     | ("L1 and hole").PN. |
| 3  | BRS  | 5     | ((43/65).CCLS.) and hole |
| 4  | BRS  | 279   | 43/66 |
| 5  | BRS  | 23    | 43/66 and (hole or hindge) |
| 6  | IS&R | 195   | (43/67).CCLS. |
| 7  | BRS  | 15    | ((43/67).CCLS.) and (hole or holes) |
| 8  | BRS  | 397   | 43/58 |
| 9  | BRS  | 75    | 43/58 and hole |
| 10 | BRS  | 83    | 43/$.ccls. and (bee or bees or wasp or hornet) |
| 11 | IS&R | 94    | (119/428).CCLS. |
| 12 | BRS  | 14    | ((119/428).CCLS.) and (hinge or hinged) |
| 13 | BRS  | 7     | (((119/428).CCLS.) and (hinge or hinged)) and (plastic or polymer) |
| 14 | BRS  | 43    | (43/$.ccls. and (bee or bees or wasp or hornet)) and (in. or inch or diameter) |
| 15 | IS&R | 0     | (229/117.7).CCLS. |
| 16 | IS&R | 334   | (229/117.01).CCLS. |
| 17 | IS&R | 30008 | (43/$.ccls. and (molded with hinge)).CCLS. |
| 18 | BRS  | 65    | 43/$.ccls. and (molded with hinge) |

Susan C. Alinat   3/26/02

03/26/2002, EAST Version: 1.03.0002

DPCC_000201



| | DBs | Time Stamp | Comments | Error Definition |
|---|---|---|---|---|
| 1 | USPAT | 2002/03/25 15:54 | | |
| 2 | USPAT | 2002/03/25 13:03 | | |
| 3 | USPAT | 2002/03/25 13:04 | | |
| 4 | USPAT | 2002/03/25 13:04 | | |
| 5 | USPAT | 2002/03/25 13:07 | | |
| 6 | USPAT | 2002/03/25 13:07 | | |
| 7 | USPAT | 2002/03/25 13:09 | | |
| 8 | USPAT | 2002/03/25 13:09 | | |
| 9 | USPAT | 2002/03/25 13:13 | | |
| 10 | USPAT | 2002/03/25 14:03 | | |
| 11 | USPAT | 2002/03/25 13:34 | | |
| 12 | USPAT | 2002/03/25 13:35 | | |
| 13 | USPAT | 2002/03/25 13:36 | | |
| 14 | USPAT | 2002/03/25 14:08 | | |
| 15 | USPAT | 2002/03/25 14:08 | | |
| 16 | USPAT | 2002/03/25 14:09 | | |
| 17 | USPAT | 2002/03/25 15:54 | | |
| 18 | USPAT | 2002/03/25 15:55 | | |

03/26/2002, EAST Version: 1.03.0002

DPCC_000202

| | Errors |
|---|---|
| 1 | 0 |
| 2 | 0 |
| 3 | 0 |
| 4 | 0 |
| 5 | 0 |
| 6 | 0 |
| 7 | 0 |
| 8 | 0 |
| 9 | 0 |
| 10 | 0 |
| 11 | 0 |
| 12 | 0 |
| 13 | 0 |
| 14 | 0 |
| 15 | 0 |
| 16 | 0 |
| 17 | 0 |
| 18 | 0 |

03/26/2002, EAST Version: 1.03.0002

DPCC_000203



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

*#3*
*Chg of Address*
*S.Burns*
*05/09/02*

## CHANGE OF ADDRESS/POWER OF ATTORNEY

FILE LOCATION    36E1    SERIAL NUMBER 09818347    PATENT NUMBER

    THE CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER #  30223

    THE PRACTITIONERS OF RECORD HAVE BEEN CHANGED TO CUSTOMER #  30223

    THE FEE ADDRESS HAS BEEN CHANGED TO CUSTOMER #  30223

    ON 02/19/02 THE ADDRESS OF RECORD FOR CUSTOMER NUMBER  30223 IS:

        JENKENS & GILCHRIST, P.C.
        225 WEST WASHINGTON
        SUITE 2600
        CHICAGO IL 60606


    AND THE PRACTITIONERS OF RECORD FOR CUSTOMER NUMBER  30223 ARE:

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 20087 | 26044 | 27187 | 27786 | 27957 | 34713 | 38206 | 39618 | 41774 | 42568 |
| 42571 | 44192 | 47100 | 48311 | 48655 | 48733 | | | | |

**RECEIVED**
FEB 2 8 2002
**GROUP 3600**

PTO INSTRUCTIONS: PLEASE TAKE THE FOLLOWING ACTION WHEN THE
CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER NUMBER:
RECORD, ON THE NEXT AVAILABLE CONTENTS LINE OF THE FILE JACKET,
'ADDRESS CHANGE TO CUSTOMER NUMBER'.  LINE THROUGH THE OLD
ADDRESS ON THE FILE JACKET LABEL AND ENTER ONLY THE 'CUSTOMER
NUMBER' AS THE NEW ADDRESS.  FILE THIS LETTER IN THE FILE JACKET.
WHEN ABOVE CHANGES ARE ONLY TO FEE ADDRESS AND/OR PRACTITIONERS
OF RECORD, FILE LETTER IN THE FILE JACKET.
THIS FILE IS ASSIGNED TO GAU 3644.

PTO-FMD
TALBOT-1/97

DPCC_000204

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED

|  |  |  |
|---|---|---|
| In re Application of: | ) | |
| | ) | |
| Bruce H. Prince | ) | Group Art Unit: 3643 |
| | ) | |
| Serial No.: 09/818,347 | ) | Examiner: Unknown |
| | ) | |
| Filed: March 27, 2001 | ) | |
| | ) | Atty. Docket No.: 52372-00002 |
| For: Carpenter Bee Trap | ) | |

AUG 23 2001

·n 3600 MAIL ROOM

### INFORMATION DISCLOSURE STATEMENT
### UNDER 37 C.F.R. §§1.97 and 1.98

Assistant Commissioner
for Patents
Washington, D.C. 20231

**CERTIFICATE OF MAILING**

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail, postage prepaid, in an envelope addressed to the Assistant Commissioner For Patents and Trademarks, Washington, D.C. 20231, on *8-15-01*.

Signature: *anna M. Hanson*

Dear Sir:

In compliance with the duty of disclosure under 37 C.F.R. § 1.56, it is respectfully requested that this Information Disclosure Statement be entered and the references listed on attached Form PTO-1449 be considered by the Examiner and made of record. In accordance with 37 C.F.R. § 1.98(d), copies of the listed references are enclosed.

In accordance with 37 C.F.R. §§ 1.97(g),(h), this Information Disclosure Statement is not to be construed as a representation that a search has been made, and is not to be construed to be an admission that the information disclosed is, or is considered to be, prior art with respect to the present application or material to patentability as defined in 37 C.F.R. §§ 1.56.

The present Information Disclosure statement is being filed prior to the receipt of a first Official Action reflecting an examination on the merits and hence is believed to be timely in accordance with 37 C.F.R. § 1.97(b). Accordingly, no fees are believed to be due in connection with the filing of this Information Disclosure Statement. However, should any

C: 101936(26NK011.DOC)

DPCC_000205

fees be deemed necessary (except payment of the issue fee), the Commissioner is authorized to charge any deficiency or to credit any over payment to Jenkens & Gilchrist P.C. Deposit Account No. 10-0447, Order No. 52372-00002.

Respectfully submitted,

Dated: _8- 15- 01_

Stephen G. Rudisill
Reg. No. 20,087
Jenkens & Gilchrist
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202-2799
Phone: 312-425-3900
Fax: 214-855-4300
Attorneys for Applicant

2

DPCC_000206

03-28-01



J1042 U.S. PTO 03/27/01

09/818844 03/27/01 J1046 U

PTO/SB/05 (12/9)
Approved for use through 09/30/00. OMB 0651-003
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **UTILITY PATENT APPLICATION TRANSMITTAL** *(Only for new nonprovisional applications under 37 CFR 1.53(b))* | *Attorney Docket No.* | 52372-00002 | *Total Pages* | 13 |
|---|---|---|---|---|
| | *First Named Inventor or Application Identifier* | | | |
| | Bruce H. Prince | | | |
| | *Express Mail Label No.* | EL 720693472 US, filed March 27, 2001 | | |

| APPLICATION ELEMENTS See MEP chapter 600 concerning utility patent application contents. | *ADDRESS TO:* | Assistant Commissioner for Patents Box Patent Application Washington, DC 20231 |
|---|---|---|

1. ☒ Fee Transmittal Form
   *(Submit an original, and a duplicate for fee processing)*
2. ☒ Specification     [Total Pages 10]
   *(preferred arrangement set forth below)*
   - Descriptive title of the Invention
   - Cross References to Related Applications
   - Statement Regarding Fed sponsored R & D Invention
   - Reference to Microfiche Appendix
   - Background of the Invention
   - Brief Summary of the Invention
   - Brief Description of the Drawings (*if filed*)
   - Detailed Description
   - Claim(s)
   - Abstract of the Disclosure
3. ☒ Drawing(s) (*35 USC 113*)     [Total Sheets 5]
4. ☒ Oath or Declaration     [Total Pages 3]
   a. ☒ Newly executed (original or copy)
   b. ☐ Copy from a prior application (37 CFR 1.63(d))
      *(for continuation/divisional with Box 17 completed)*
      [Note Box 5 below]
      i. ☐ DELETION OF INVENTOR(S)
         Signed statement attached deleting inventor(s) named in the prior application, see 37 CFR 1.63(d)(2) and 1.33(b).
5. ☐ Incorporation By Reference (useable if Box 4b is checked)
   The entire disclosure of the prior application, from which a copy of the oath or declaration is supplied under 4b, is considered as being part of the disclosure of the accompanying application and is hereby incorporated by reference therein.

6. ☐ Microfiche Computer Program (Appendix)
7. Nucleotide and/or Amino Acid Sequence Submission
   *(if applicable, all necessary)*
   a. ☐ Computer Readable Copy
   b. ☐ Paper Copy (identical to computer copy)
   c. ☐ Statement verifying identity of above copies

| **Accompanying Application Parts** |
|---|
8. ☐ Assignment Papers (cover sheet & document(s))
9. ☐ 37 CFR 3.73(b) Statement   ☐ Power of Attorney
   *(when there is an assignee)*
10. ☐ English Translation Document (*if applicable*)
11. ☐ Information Disclosure   ☐ Copies of IDS
    Statement (IDS)/PTO-1449     Citations
12. ☐ Preliminary Amendment
13. ☒ Return Receipt Postcard (MPEP 503)
    *(Should be specifically itemized)*
14. ☐ Small Entity   ☐ Statement filed in prior application,
    Statement(s),     Status still proper and desired
15. ☐ Certified Copy of Priority Document(s)
    *(if foreign priority is claimed)*
16. ☒ Other  Check No. 9020 for $355.00

17. If a CONTINUING APPLICATION, check appropriate box and supply the requisite information:
☐ Continuation   ☐ Divisional   ☐ Continuation-in-part (CIP)   of prior application No: _____/_____

18. CORRESPONDENCE ADDRESS

☒ *Customer Number or Bar Code Label*   23932   *(Insert Customer No. or Attach bar code label here)*   or ☐ *New correspondence address below*

| *NAME* | Stephen G. Rudisill | | | | |
|---|---|---|---|---|---|
| *ADDRESS* | Jenkens & Gilchrist | | | | |
| | 1445 Ross Avenue – Suite 3200 | | | | |
| *CITY* | Dallas | *STATE* | Texas | *ZIP CODE* | 75202-2799 |
| *COUNTRY* | U.S.A. | *TELEPHONE* | 312-425-3900 | *FAX* | 214-855-4300 |

| Name (Print/Type) | Stephen G. Rudisill | Registration No. (Attorney/Agent) | 20,087 |
|---|---|---|---|
| Signature | *[signature]* | Date | 03/27/01 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Box CPA, Washington, DC 20231.

CHICAGO 162759v1 52372-00002

PTO/SB/17 (08-00)
Approved for use through 10/31/2002. OMB 0651-0032
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL

Patent fees are subject to annual revision

| Complete if Known | |
|---|---|
| Application Number | Unknown |
| Filing Date | March 27, 2001 |
| First Named Inventor | Bruce H. Prince |
| Examiner Name | Unknown |
| Group Art Unit | Unknown |
| Attorney Docket Number | 52372-00002 |

| TOTAL AMOUNT OF PAYMENT | ($) 355.00 |
|---|---|

## METHOD OF PAYMENT (check one)

1. ☐ The Commissioner is hereby authorized to charge indicated fees and credit any over payments to:

Deposit Account Number **10-0447/52372-00002**

Deposit Account Name   Jenkens & Gilchrist

☒ Charge Any Additional Fee Required Under 37 CFR 1.16 and 1.17

☐ Applicant claims small entity status. See 37 CFR 1.27

2. ☒ Payment Enclosed:
☒ Check  ☐ Credit card  ☐ Money Order  ☐ Other

## FEE CALCULATION (fees effective 10/01/2000)

### 1. FILING FEE

| Large Entity | | Small Entity | | | |
|---|---|---|---|---|---|
| Fee Code | Fee ($) | Fee Code | Fee ($) | Fee Description | Fee Paid |
| 101 | 710 | 201 | 355 | Utility filing fee | 355.00 |
| 106 | 320 | 206 | 160 | Design filing fee | |
| 107 | 490 | 207 | 245 | Plant filing fee | |
| 108 | 690 | 710 | 355 | Reissue filing fee | |
| 114 | 150 | 214 | 75 | Provisional filing fee | |
| | | | | SUBTOTAL (1) | ($) 355.00 |

### 2. CLAIMS

| | | Extra | | Fee from below | | Fee Paid |
|---|---|---|---|---|---|---|
| Total Claims 20 -20 = | | 0 | X | 9 | = | 0 |
| Independent 3 - 3 = Claims | | 0 | X | 40 | = | 0 |
| Multiple Dependent Claims | | | X | | = | |

| Large Entity | | Small Entity | | | |
|---|---|---|---|---|---|
| Fee Code | Fee ($) | Fee Code | Fee ($) | Fee Description | |
| 103 | 18 | 203 | 9 | Claims in excess of 20 | |
| 102 | 80 | 202 | 40 | Independent claims in excess of 3 | |
| 104 | 270 | 204 | 135 | Multiple dependent claim | |
| 109 | 80 | 209 | 40 | Reissue independent claims over original patent | |
| 110 | 22 | 18 | 9 | Reissue claims in excess of 20 and over original patent | |
| | | | | SUBTOTAL (2) | ($) 0 |

## FEE CALCULATION (continued)

### 3. ADDITIONAL FEES

| Large Fee Code | Entity Fee ($) | Small Fee Code | Entity Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 105 | 130 | 205 | 65 | Surcharge - late filing fee or oath | |
| 127 | 50 | 227 | 25 | Surcharge - late provisional filing or cover sheet. | |
| 139 | 130 | 139 | 130 | Non-English specification | |
| 147 | 2,520 | 147 | 2,520 | For filing a request for reexamination | |
| 112 | 920* | 112 | 920* | Requesting publication of SIR prior to Examiner action | |
| 113 | 1,840* | 113 | 1,840* | Requesting publication of SIR after Examiner action | |
| 115 | 110 | 215 | 55 | Extension for response within first month | |
| 116 | 390 | 216 | 195 | Extension for response within second month | |
| 117 | 890 | 217 | 445 | Extension for response within third month | |
| 118 | 1,390 | 218 | 695 | Extension for response within fourth month | |
| 119 | 310 | 219 | 155 | Notice of Appeal | |
| 120 | 310 | 220 | 155 | Filing a brief in support of an appeal | |
| 121 | 270 | 221 | 135 | Request for oral hearing | |
| 138 | 1,510 | 138 | 1,510 | Petition to institute a public use proceeding | |
| 140 | 110 | 240 | 55 | Petition to revive unavoidably abandoned application | |
| 141 | 1,240 | 241 | 620 | Petition to revive unintentionally abandoned application | |
| 142 | 1,240 | 242 | 620 | Utility issue fee (or reissue) | |
| 143 | 440 | 243 | 220 | Design issue fee | |
| 144 | 600 | 244 | 300 | Plant issue fee | |
| 122 | 130 | 122 | 130 | Petitions to the Commissioner | |
| 123 | 50 | 123 | 50 | Petitions related to provisional applications | |
| 126 | 240 | 126 | 240 | Submission of Information Disclosure Stmt | |
| 581 | 40 | 581 | 40 | Recording each patent assignment per property (times number of properties) | |
| 146 | 710 | 246 | 355 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 149 | 710 | 249 | 355 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| | | | | Other fee (specify) | |
| | | | | Other fee (specify) | |
| | | | | SUBTOTAL (3) | ($) |

* Reduced by Basic Filing Fee Paid

| SUBMITTED BY | | | Complete (if applicable) | |
|---|---|---|---|---|
| Typed or Printed Name | Stephen G. Rudisill | Reg. Number 20,087 | Telephone | 312-425-3900 |
| Signature | | | Date | 03/27/01 |

CHICAGO 162772v1 52372-00002

DPCC_000208

1

**PATENT**

**Attorney Docket No. 52372-00002**

# APPLICATION FOR UNITED STATES LETTERS PATENT

## FOR

## CARPENTER BEE TRAP

### By:

### Bruce H. Prince

---

EXPRESS MAIL
MAILING  LABEL NUMBER:       EL 720693472 US
DATE OF MAILING:                 March 27, 2001

I hereby certify that this paper or fee is being deposited with the United States Postal Service
"EXPRESS MAIL POST OFFICE TO ADDRESSEE" service under 37 C.F.R. 1.10 on the date
indicated above and is addressed to:  Box Patent Application, Assistant Commissioner for
Patents, Washington, D.C. 20231.

---

CHICAGO 162579v1 52372-00002

DPCC_000209

2

# CARPENTER BEE TRAP

## Cross-Reference to Related Applications

This application claims the benefit of priority of U.S. Provisional Patent
5   Application Serial No. 60/192,239 filed on March 27, 2000.

## Field of the Invention

This invention relates generally to insect traps and, more particularly, to a trap
for carpenter bees.

10

## Background of the Invention

Carpenter bees are a problem in certain geographical regions because they tend
to bore holes in various wooden structures, including houses.  Once the wooden
facade of a house has been penetrated by these bees, they can spread through the
15   interior of the house, becoming a nuisance and causing physical damage and sometimes
even physical harm to occupants.  Thus, there has been a need for a trap for these pests
in the vicinity of wooden structures to be protected from them.

It is a primary object of the present invention to provide such a trap which is
effective in trapping carpenter bees and can be efficiently and economically
20   manufactured in large numbers.

## Summary of the Invention

In accordance with the present invention, there is provided a carpenter bee trap
comprising a housing having a hollow interior and at least one solid wall having a hole
25   formed therein to permit carpenter bees to enter the hollow interior of the housing, the
hole having about the same size as holes normally made by carpenter bees so that the
hole tends to attract such bees.  The preferred hole size is in the range from about 5/16
inch to about 1/2 inch.  The interior surface of the solid wall forming the interior edge
of said hole is substantially flat.  The exterior surface of the solid wall around the hole

CHICAGO 162579v1 52372-00002

DPCC_000210

3

preferably has a light color, and the walls of housing are preferably opaque so that the hole appears dark from outside the housing. The interior surface of the solid wall forming the interior edge of the hole is preferably substantially flat.  In a particularly preferred embodiment, the trap is made of a single piece of molded plastic with molded

5   hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

**Brief Description of the Drawings**

The invention may best be understood by reference to the following description taken in conjunction with the accompanying drawings, in which:

10   FIG. 1 is a top plan view of a carpenter bee trap embodying the invention;

FIG. 2 is a front elevation of the carpenter bee trap shown in FIG. 1;

FIG. 3 is a side elevation of the carpenter bee trap shown in FIGs. 1 and 2;

FIG. 4 is an exploded perspective view of a modified carpenter bee trap embodying the invention;

15   FIG. 5 is a perspective view of the trap shown in FIG. 4 in a partially assembled form;

FIG. 6 is a perspective view of the trap shown in FIG. 4 in a fully assembled form;

FIG. 7 is an enlarged front elevation view of the trap shown in FIG. 6;

20   FIG. 8 is a sectional view taken along line 8-8 in FIG. 7;

FIG. 9 is a plan view of the trap shown in FIG. 4 with all the parts laid out flat in a common plane; and

FIG. 10 is side elevation of the parts shown in FIG. 9.

25   **Detailed Description of the Preferred Embodiments**

Although the invention will be described next in connection with certain preferred embodiments, it will be understood that the invention is not limited to those particular embodiments. On the contrary, the description of the invention is intended to cover all alternatives, modifications, and equivalent arrangements as may be

30   included within the spirit and scope of the invention as defined by the appended claims.

CHICAGO 162579v1 52372-00002

DPCC_000211

4

Turning now to the drawings, and referring first to FIGs. 1-3, there is shown a carpenter bee trap that is essentially a rectangular plastic housing formed by six walls, including front and rear walls 10 and 11, top and bottom walls 12 and 13, and a pair of side walls 14 and 15. The bottom and rear walls 13 and 14 are connected by a hinge

5    16 so that the bottom wall 13 can be pivoted downwardly away from the bottom edge of the front wall 10 to permit removal of bees trapped inside the housing. The exterior surface of the rear wall 14 is also equipped with a plastic hanger 17 to facilitate mounting of the trap on a supporting surface. The hinged bottom wall 13 also carries a hinged plastic hasp 18 which permits the bottom wall 13 to be latched to, and

10   unlatched from, the front wall 10.

It has been found that carpenter bees will enter an opening having a size similar to the size of the holes that carpenter bees normally form in wooden structures. The size of such holes is typically within the range from about 5/16 in. to about 1/2 inch in diameter. A hole 19 of this size is provided in the front wall 10, near the top of the

15   wall. To improve the visibility of the hole 19, the exterior surface of the front wall 10 of the housing, at least the region surrounding the hole 19, preferably has a light color such as light gray or tan to provide a sharp contrast with the dark hole. After a bee enters the housing through the hole 19, it is difficult for the bee to re-enter the hole from inside the house and escape. Consequently, most bees that enter the hole 19 from

20   outside the housing become trapped within the housing and eventually die from lack of nourishment and moisture. To make it even more difficult for the bee to escape from the housing once inside, the inside walls of the housing are preferably made with a smooth surface so that there is no frictional surface that the bee can use to crawl toward the hole through which it entered the housing.

25   FIGs. 4-10 illustrate a modified version of the trap comprising a single molded plastic part 20 forming multiple molded hinges that permit the trap to be packaged and shipped as a substantially flat sheet, and then quickly and easily assembled when removed from the package by a user. The molded plastic part 20 forms a rear panel 21 that has four molded hinges 22, 23, 24 and 25 extending along its four sides. These

30   four hinges 22-25 join the rear panel 21 with a bottom panel 26, a right side panel 27, a

CHICAGO 162579v1 52372-00002

5

top panel 28, and a left side panel 29, respectively.  A fifth molded hinge 30 extends
along the second elongated edge of the top panel and joins the top panel to a front
panel 31 that forms a hole 32 through which bees enter the trap.

As can be seen in FIGs. 9 and 10, the molded plastic part 20 can be flattened
5   for packaging and shipping, so that a large number of traps can be efficiently packaged
and shipped together in a package that contains little empty space by simply stacking
multiple parts 20 on top of each other in their flattened condition.  When it is desired
to assemble the trap, the top panel 28 and the front panel 31 hinged thereto are folded
toward the rear panel 21, as illustrated in FIGs. 4 and 5.  When the front panel 31 is
10   aligned with the rear panel 21, the two side panels 27 and 29 are folded toward the
front panel 31 and pressed against the side edges of the front panel 31 so that multiple
lugs 33 and 34 on the front edges of the side panels 27 and 29, respectively, snap into
mating slots 35 and 36 formed in the front panel 31 along its two side edges.  The lugs
33 and 34 have beveled leading edges that serve as cams to bend the lugs slightly as
15   they engage the side edges of the front panel 31 and slide over the inside surface of
that panel until they snap into the slots 35 and 36.  Engagement of the lugs 33, 34 in
the slots 35, 36 locks the side panels 27 and 29 to the front panel 31.  The front panel
31 also forms a pair of integral flanges 37 and 38 that engage the inside surfaces of the
side panels 27 and 29 when the panels are all locked together.

20   The final step in the assembly operation is to fold the bottom panel 26 toward
the bottom edge of the front panel 31 until an integral latching lug 39 on the front edge
of the bottom panel 26 engages a mating slot 40 in the front panel 31.  As can be seen
in FIG. 5, the leading edge of the latching lug 39 is beveled to serve as a cam that
bends the latching lug slightly away from the front panel 31 as the lug engages the
25   bottom edge of the front panel 31 and slides across the surface of a recess 41 leading
from the bottom edge of the panel 31 to the slot 40.  When the lug 39 reaches the slot
40, it snaps into the slot to latch the bottom panel 26 to the front panel 31.  When the
user wishes to remove trapped bees from the trap, an integral flange 42 depending
from the latching lug 39 is pressed to release the lug from the slot 40, and then the

DPCC_000213

6

bottom panel 26 can be pivoted downwardly to open the interior of the trap and remove the trapped bees.

As can be seen in FIGs. 4 and 9, an integral hanger 43 is molded into the inside surface of the rear panel 21 to facilitate mounting of the trap.  If desired, an attractant for the bees may also be placed in the interior of the trap.

5

CHICAGO 162579v1 52372-00002

DPCC_000214

7

**Claims:**

1.     A carpenter bee trap comprising a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees.

2.     The carpenter bee trap of claim 1 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

3.     The carpenter bee trap of claim 1 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

4.     The carpenter bee trap of claim 1 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

5.     The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth.

6.     The carpenter bee trap of claim 1 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

7.     The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

8.     A carpenter bee trap comprising a housing made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and

DPCC_000215

8

including integral latching means for releasably latching selected pairs of adjacent walls, said having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees.

9.    The carpenter bee trap of claim 8 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

10.    The carpenter bee trap of claim 8 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

11.    The carpenter bee trap of claim 8 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

12.    The carpenter bee trap of claim 8 in which the interior surfaces of said housing are smooth.

13.    The carpenter bee trap of claim 8 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

14.    A method of trapping carpenter bees comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, and periodically removing trapped bees from said hollow interior of said housing.

CHICAGO 162579v1 52372-00002

9

15.     The carpenter bee trap of claim 14 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

16.     The carpenter bee trap of claim 14 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

17.     The carpenter bee trap of claim 14 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

18.     The carpenter bee trap of claim 14 in which the interior surfaces of said housing are smooth.

19.     The carpenter bee trap of claim 14 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

20.     The carpenter bee trap of claim 14 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

DPCC_000217

10

### Abstract of the Disclosure

A carpenter bee trap comprises a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, the hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees.  The preferred hole size is in the range from about 5/16 inch to about 1/2 inch.  The exterior surface of the solid wall around the hole preferably has a light color, and the walls of housing are preferably opaque so that the hole appears dark from outside the housing.  The interior surface of the solid wall forming the interior edge of the hole is preferably substantially flat.  The trap may be made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

CHICAGO 162579v1 52372-00002

DPCC_000218

1/5





DPCC_000219

2/5



*FIG. 4*



3/5

*FIG. 5*

*FIG. 6*



FIG. 7



FIG. 8

DPCC_000222

5/5



*FIG. 9*

*FIG. 10*

DPCC_000223

**PATENT**

## RULES 63 AND 67 (37 C.F.R. §§ 1.63 and 1.67)
## DECLARATION AND POWER OF ATTORNEY

### FOR UTILITY/DESIGN/CIP/PCT NATIONAL APPLICATIONS

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name; and

I believe that I am the original, first and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled **"CARPENTER BEE TRAP"** the specification of which:  (mark only one)

| | | |
|---|---|---|
| X | (a) | is attached hereto. |
| ___ | (b) | was filed on _____ as Application Serial No. _____ and was amended on _____ (if applicable) |
| ___ | (c) | was filed as PCT International Application No. _____ on _____, and was amended on _____ (if applicable). |
| ___ | (d) | was filed on _____ as Application Serial No. _____ and was issued a Notice of Allowance on _____. |
| ___ | (e) | was filed on _____ and bearing attorney docket number _____. |

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims as amended by any amendment referred to above or as allowed as indicated above.

I acknowledge the duty to disclose all information known to me to be material to the patentability of this application as defined in 37 C.F.R. § 1.56.  If this is a continuation-in-part (CIP) application, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of 35 U.S.C. § 112, I acknowledge the duty to disclose to the Office all information known to me to be material to patentability of the application as defined in 37 C.F.R. § 1.56 which became available between the filing date of the prior application and the national or PCT international filing date of this CIP application.

I hereby claim foreign priority benefits under 35 U.S.C. § 119/365 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate filed by me or my assignee disclosing the subject matter claimed in this application and having a filing date (1) before that of the application on which my priority is claimed or, (2) if no priority is claimed, before the filing date of this application:

CHICAGO 162442v1 99999-00001

DPCC_000224

PRIOR FOREIGN PATENTS

| Number | Country | Month/Day/ Year Filed | Date First Laid-Open or Published | Date Patented or Granted | Priority Claimed Yes | No |
|---|---|---|---|---|---|---|
| | | | | | | |

I hereby claim the benefit under 35 U.S.C. § 120/365 of any United States application(s) listed below and PCT international applications listed above or below:

PRIOR U.S. OR PCT APPLICATIONS

| Application No. | Month/Day/Year Filed | Status(pending, abandoned, patented) |
|---|---|---|
| 60/192,239 | March 27, 2000 | Pending |

I hereby appoint:

TIMOTHY G. ACKERMANN, Reg. No. 44,493
THOMAS E. ANDERSON, Reg. No. 37,063
BENJAMIN J. BAI, Reg. No. 43,481
MICHAEL J. BLANKSTEIN, Reg. No. 37,097
MARY JO BOLDINGH, Reg. No. 34,713
MARGARET A. BOULWARE, Reg. No. 28,708
ARTHUR J. BRADY, Reg. No. 42,356
MATTHEW O. BRADY, Reg. No. 44,554
DANIEL J. BURNHAM, Reg. No. 39,618
THOMAS L. CANTRELL, Reg. No. 20,849
RONALD B. COOLLEY, Reg. No. 27,187
THOMAS L. CRISMAN, Reg. No. 24,846
STUART D. DWORK, Reg. No. 31,103
WILLIAM F. ESSER, Reg. No. 38,053
ROGER J. FRENCH, Reg. No. 27,786
JANET M. GARETTO, Reg. No. 42,568
JOHN C. GATZ, Reg. No. 41,774
RUSSELL J. GENET, Reg. No. 42,571
GERALD H. GLANZMAN, Reg. No. 25,035

J. KEVIN GRAY, Reg. No. 37,141
STEVEN R. GREENFIELD, Reg. No. 38,166
JOSHUA A. GRISWOLD, Reg. No. 46,310
J. PAT HEPTIG, Reg. No. 40,643
SHARON A. ISRAEL, Reg. No. 41,867
JOHN R. KIRK JR., Reg. No. 24,477
PAUL R. KITCH, Reg. No. 38,206
TIMOTHY M. KOWALSKI, Reg. No. 44,192
JAMES F. LEA III, Reg. No. 41,143
HSIN-WEI LUANG, Reg. No. 44,213
ROBERT W. MASON, Reg. No. 42,848
ROGER L. MAXWELL, Reg. No. 31,855
ROBERT A. McFALL, Reg. No. 28,968
STEVEN T. McDONALD, Reg. No. 45,999
LISA H. MEYERHOFF, Reg. No. 36,869
STANLEY R. MOORE, Reg. No. 26,958
RICHARD J. MOURA, Reg. No. 34,883
MARK V. MULLER, Reg. No. 37,509
P. WESTON MUSSELMAN JR. Reg. No. 31,644

DANIEL G. NGUYEN, Reg. No. 42,933
SPENCER C. PATTERSON, Reg. No. 43,849
RUSSELL N. RIPPAMONTI, Reg. No. 39,521
ROSS T. ROBINSON, Reg. No. 47,031
STEPHEN G. RUDISILL, Reg. No. 20,087
HOLLY L. RUDNICK, Reg. No. 43,065
J.L. JENNIE SALAZAR, Reg. No. 45,065
KEITH W. SAUNDERS, Reg. No. 41,462
JERRY R. SELINGER, Reg. No. 26,582
GARY B. SOLOMON, Reg. No. 44,347
WAYNE O. STACY, Reg. No. 45,125
STEVE Z. SZCZEPANSKI, Reg. No. 27,957
ANDRE M. SZUWALSKI, Reg. No. 35,701
ALAN R. THIELE, Reg. No. 30,694
TAMSEN VALOIR, Reg. No. 41,417
RAYMOND VAN DYKE, Reg. No. 34,746
BRIAN D. WALKER, Reg. No. 37,751
GERALD T. WELCH, Reg. No. 30,332
HAROLD N. WELLS, Reg. No. 26,044
WILLIAM D. WIESE, Reg. No. 45,217

all of the firm of **JENKENS & GILCHRIST, P.C.**, 3200 Fountain Place, 1445 Ross Avenue, Dallas, Texas 75202-2799, as my attorneys and/or agents, with full power of substitution and revocation, to prosecute this application, provisionals thereof, continuations, continuations-in-part, divisionals, appeals, reissues, substitutions, and extensions thereof and to transact all business in the United States Patent and Trademark Office connected therewith, to appoint any individuals under an associate power of attorney and to file and prosecute any international patent application filed thereon before any international authorities, and I hereby authorize them to act and rely on instructions from and communicate directly with the person/assignee/attorney/firm/organization who/which first sent this case to them and by whom/which I hereby declare that I have consented after full disclosure to be represented unless/until I instruct them in writing to the contrary.

DPCC_000225

Please address all correspondence and direct all telephone calls as follows.

> Stephen G. Rudisill, Esq.
> Jenkens & Gilchrist, P.C.
> 3200 Fountain Place
> 1445 Ross Avenue
> Dallas, TX 75202-2799
> (312) 425-3900
> (214) 855-4300 (fax)

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

**NAMED INVENTOR(S)**

| Bruce H. Prince<br><br>**Full Name** | BRUCE H. PRINCE<br><br>**Inventor's Signature** | 3/25/01<br><br>**Date** |
|---|---|---|
| 1352 Upper Grandview Road<br>Jasper, Georgia 30143<br><br>**Residence** (city, state, country) | U.S.A.<br><br>**Citizenship** | |
| Same as Residence<br><br>**Post Office Address** (include zip code) | | |

CHICAGO 162442v1 99999-00001

DPCC_000226

11046 U.S. PTO
09/818347
03/29/01

PATENT NUMBER

U.S. **UTILITY** Patent Application

O.I.P.E.
SCANNED  5A  o.a.

PATENT DATE

| APPLICATION NO. | CONT/PRIOR | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 09/818347 | D | 043 | 58 | 3643 3644 | |

APPLICANT: Bruce Prince

TITLE: Carpenter bee trap

*BEST AVAILABLE COPY*

PTO-2040
12/99

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | |
|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | |

**INTERNATIONAL CLASSIFICATION**

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Continued on Issue Slip Inside File Jacket

| ☐ TERMINAL DISCLAIMER | DRAWINGS | | CLAIMS ALLOWED | |
|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |

☐ The term of this patent subsequent to _____ (date) has been disclaimed.

☐ The term of this patent shall not extend beyond the expiration date of U.S Patent No. _____

☐ The terminal _____ months of this patent have been disclaimed.

(Assistant Examiner)          (Date)

(Primary Examiner)          (Date)

(Legal Instruments Examiner)          (Date)

**NOTICE OF ALLOWANCE MAILED**

**ISSUE FEE**

| Amount Due | Date Paid |
|---|---|

**ISSUE BATCH NUMBER**

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 6/99)

FILED WITH: ☐ DISK (CRF)   ☐ FICHE   ☐ CD-ROM
(Attached in pocket on right inside flap)

(FACE)



BEST AVAILABLE C

| SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 43 | 66 | 3/25/002 | SA |
| 43 | 58 | | SA |
| 43 | 65 | | SA |
| 119 | 428 | | SA |
| 229 | 117.01 | | SA |
| 43 | 65 | 3/25/002 | SA |
| 43 { | 107 | 7/26/02 | SA |
| | 122 | | |
| | 6 | | |
| | 57 | | |
| 229 { | 122.2 | 2/4/03 | SA |
| | 149 | | |
| | 195 | | |
| 220 { | 6 | | |
| | 690 | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | Date | Exmr. |
| See attachment inside | 1/26/02 | SA |
| 220 & 229 Search from Stephen Garbe | 2/4/03 | SA |
| Discussed potential allowable subject matter w/Kurt Rowan AU 3643 for interview on 5/21/03 | 5/22/03 | SA |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| | | | |

(RIGHT OUTSIDE)

DPCC_000228

ISSUE SLIP STAPLE AREA (for additional cross references)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| FEE DETERMINATION | 2105010-1 | | 03-05-01 |
| O.I.P.E. CLASSIFIER | | 48 | |
| FORMALITY REVIEW | AH | 912 | 05-04-01 |
| RESPONSE FORMALITY REVIEW | | | |

*BEST AVAILABLE COPY*

## INDEX OF CLAIMS

✓ .............................. Rejected
= .............................. Allowed
— (Through numeral)... Canceled
÷ .............................. Restricted

N ............................. Non-elected
I .............................. Interference
A ............................. Appeal
O ............................. Objected

| Claim | | | Date | | | | | | Claim | | | Date | | | | | | Claim | | | Date | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | | | | | | | | Final | Original | | | | | | | | Final | Original | | | | | | | |
| 1 | | | | | | | | | 51 | | | | | | | | | 101 | | | | | | | | |
| 2 | | | | | | | | | 52 | | | | | | | | | 102 | | | | | | | | |
| 3 | | | | | | | | | 53 | | | | | | | | | 103 | | | | | | | | |
| 4 | | | | | | | | | 54 | | | | | | | | | 104 | | | | | | | | |
| 5 | | | | | | | | | 55 | | | | | | | | | 105 | | | | | | | | |
| 6 | | | | | | | | | 56 | | | | | | | | | 106 | | | | | | | | |
| 7 | | | | | | | | | 57 | | | | | | | | | 107 | | | | | | | | |
| 8 | | | | | | | | | 58 | | | | | | | | | 108 | | | | | | | | |
| 9 | | | | | | | | | 59 | | | | | | | | | 109 | | | | | | | | |
| 10 | | | | | | | | | 60 | | | | | | | | | 110 | | | | | | | | |
| 11 | | | | | | | | | 61 | | | | | | | | | 111 | | | | | | | | |
| 12 | | | | | | | | | 62 | | | | | | | | | 112 | | | | | | | | |
| 13 | | | | | | | | | 63 | | | | | | | | | 113 | | | | | | | | |
| 14 | | | | | | | | | 64 | | | | | | | | | 114 | | | | | | | | |
| 15 | | | | | | | | | 65 | | | | | | | | | 115 | | | | | | | | |
| 16 | | | | | | | | | 66 | | | | | | | | | 116 | | | | | | | | |
| 17 | | | | | | | | | 67 | | | | | | | | | 117 | | | | | | | | |
| 18 | | | | | | | | | 68 | | | | | | | | | 118 | | | | | | | | |
| 19 | | | | | | | | | 69 | | | | | | | | | 119 | | | | | | | | |
| 20 | | | | | | | | | 70 | | | | | | | | | 120 | | | | | | | | |
| 21 | | | | | | | | | 71 | | | | | | | | | 121 | | | | | | | | |
| 22 | | | | | | | | | 72 | | | | | | | | | 122 | | | | | | | | |
| 23 | | | | | | | | | 73 | | | | | | | | | 123 | | | | | | | | |
| 24 | | | | | | | | | 74 | | | | | | | | | 124 | | | | | | | | |
| 25 | | | | | | | | | 75 | | | | | | | | | 125 | | | | | | | | |
| 26 | | | | | | | | | 76 | | | | | | | | | 126 | | | | | | | | |
| 27 | | | | | | | | | 77 | | | | | | | | | 127 | | | | | | | | |
| 28 | | | | | | | | | 78 | | | | | | | | | 128 | | | | | | | | |
| 29 | | | | | | | | | 79 | | | | | | | | | 129 | | | | | | | | |
| 30 | | | | | | | | | 80 | | | | | | | | | 130 | | | | | | | | |
| 31 | | | | | | | | | 81 | | | | | | | | | 131 | | | | | | | | |
| 32 | | | | | | | | | 82 | | | | | | | | | 132 | | | | | | | | |
| 33 | | | | | | | | | 83 | | | | | | | | | 133 | | | | | | | | |
| 34 | | | | | | | | | 84 | | | | | | | | | 134 | | | | | | | | |
| 35 | | | | | | | | | 85 | | | | | | | | | 135 | | | | | | | | |
| 36 | | | | | | | | | 86 | | | | | | | | | 136 | | | | | | | | |
| 37 | | | | | | | | | 87 | | | | | | | | | 137 | | | | | | | | |
| 38 | | | | | | | | | 88 | | | | | | | | | 138 | | | | | | | | |
| 39 | | | | | | | | | 89 | | | | | | | | | 139 | | | | | | | | |
| 40 | | | | | | | | | 90 | | | | | | | | | 140 | | | | | | | | |
| 41 | | | | | | | | | 91 | | | | | | | | | 141 | | | | | | | | |
| 42 | | | | | | | | | 92 | | | | | | | | | 142 | | | | | | | | |
| 43 | | | | | | | | | 93 | | | | | | | | | 143 | | | | | | | | |
| 44 | | | | | | | | | 94 | | | | | | | | | 144 | | | | | | | | |
| 45 | | | | | | | | | 95 | | | | | | | | | 145 | | | | | | | | |
| 46 | | | | | | | | | 96 | | | | | | | | | 146 | | | | | | | | |
| 47 | | | | | | | | | 97 | | | | | | | | | 147 | | | | | | | | |
| 48 | | | | | | | | | 98 | | | | | | | | | 148 | | | | | | | | |
| 49 | | | | | | | | | 99 | | | | | | | | | 149 | | | | | | | | |
| 50 | | | | | | | | | 100 | | | | | | | | | 150 | | | | | | | | |

If more than 150 claims or 10 actions
staple additional sheet here

(LEFT INSIDE)



PTO/SB/17 (08-00)
Approved for use through 10/31/2002. OMB 0651-0032
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL

Patent fees are subject to annual revision

| Complete if Known | |
|---|---|
| Application Number | Unknown |
| Filing Date | March 27, 2001 |
| First Named Inventor | Bruce H. Prince |
| Examiner Name | Unknown |
| Group Art Unit | Unknown |
| Attorney Docket Number | 52372-00002 |

| TOTAL AMOUNT OF PAYMENT | ($) 355.00 |
|---|---|

## METHOD OF PAYMENT (check one)

1. ☐ The Commissioner is hereby authorized to charge indicated fees and credit any over payments to:

Deposit Account Number  **10-0447/52372-00002**

Deposit Account Name  Jenkens & Gilchrist

☒ Charge Any Additional Fee Required Under 37 CFR 1.16 and 1.17

☐ Applicant claims small entity status. See 37 CFR 1.27

2. ☒ Payment Enclosed:
☒ Check  ☐ Credit card  ☐ Money Order  ☐ Other

## FEE CALCULATION (fees effective 10/01/2000)

### 1. FILING FEE

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 101 | 710 | 201 | 355 | Utility filing fee | 355.00 |
| 106 | 320 | 206 | 160 | Design filing fee | |
| 107 | 490 | 207 | 245 | Plant filing fee | |
| 108 | 690 | 710 | 355 | Reissue filing fee | |
| 114 | 150 | 214 | 75 | Provisional filing fee | |

SUBTOTAL (1)  ($) 355.00

### 2. CLAIMS

| | Extra | | Fee from below | | Fee Paid |
|---|---|---|---|---|---|
| Total Claims 20 -20 = | 0 | X | 9 | = | 0 |
| Independent 3 - 3 = Claims | 0 | X | 40 | = | 0 |
| Multiple Dependent Claims | _____ | X | | = | |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description |
|---|---|---|---|---|
| 103 | 18 | 203 | 9 | Claims in excess of 20 |
| 102 | 80 | 202 | 40 | Independent claims in excess of 3 |
| 104 | 270 | 204 | 135 | Multiple dependent claim |
| 109 | 80 | 209 | 40 | Reissue independent claims over original patent |
| 110 | 22 | 18 | 9 | Reissue claims in excess of of 20 and over original patent |

SUBTOTAL (2)  ($) 0

## FEE CALCULATION (continued)

### 3. ADDITIONAL FEES

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 105 | 130 | 205 | 65 | Surcharge - late filing fee or oath | |
| 127 | 50 | 227 | 25 | Surcharge - late provisional filing or cover sheet. | |
| 139 | 130 | 139 | 130 | Non-English specification | |
| 147 | 2,520 | 147 | 2,520 | For filing a request for reexamination | |
| 112 | 920* | 112 | 920* | Requesting publication of SIR prior to Examiner action | |
| 113 | 1,840* | 113 | 1,840* | Requesting publication of SIR after Examiner action | |
| 115 | 110 | 215 | 55 | Extension for response within first month | |
| 116 | 390 | 216 | 195 | Extension for response within second month | |
| 117 | 890 | 217 | 445 | Extension for response within third month | |
| 118 | 1,390 | 218 | 695 | Extension for response within fourth month | |
| 119 | 310 | 219 | 155 | Notice of Appeal | |
| 120 | 310 | 220 | 155 | Filing a brief in support of an appeal | |
| 121 | 270 | 221 | 135 | Request for oral hearing | |
| 138 | 1,510 | 138 | 1,510 | Petition to institute a public use proceeding | |
| 140 | 110 | 240 | 55 | Petition to revive unavoidably abandoned application | |
| 141 | 1,240 | 241 | 620 | Petition to revive unintentionally abandoned application | |
| 142 | 1,240 | 242 | 620 | Utility issue fee (or reissue) | |
| 143 | 440 | 243 | 220 | Design issue fee | |
| 144 | 600 | 244 | 300 | Plant issue fee | |
| 122 | 130 | 122 | 130 | Petitions to the Commissioner | |
| 123 | 50 | 123 | 50 | Petitions related to provisional applications | |
| 126 | 240 | 126 | 240 | Submission of Information Disclosure Stmt | |
| 581 | 40 | 581 | 40 | Recording each patent assignment per property (times number of properties) | |
| 146 | 710 | 246 | 355 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 149 | 710 | 249 | 355 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| | | | | Other fee (specify) | |
| | | | | Other fee (specify) | |

SUBTOTAL (3)  ($) _____

* Reduced by Basic Filing Fee Paid

| SUBMITTED BY | | | | Complete (if applicable) |
|---|---|---|---|---|
| Typed or Printed Name | Stephen G. Rudisill | Reg. Number | 20,087 | Telephone  312-425-3900 |
| Signature | | | | Date  03/27/01 |

DPCC_000230

03-28-01





Please type a plus sign (+) inside this box → ☐+

PTO/SB/05 (12/9?)
Approved for use through 09/30/00. OMB 0651-00??
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **UTILITY PATENT APPLICATION TRANSMITTAL** (Only for new nonprovisional applications under 37 CFR 1.53(b)) | Attorney Docket No. | 52372-00002 | Total Pages | 13 |
| | *First Named Inventor or Application Identifier* | | | |
| | Bruce H. Prince | | | |
| | Express Mail Label No. | EL 720693472 US, filed March 27, 2001 | | |

| **APPLICATION ELEMENTS** See MEEP chapter 600 concerning utility patent application contents. | **ADDRESS TO:** **Assistant Commissioner for Patents** **Box Patent Application** **Washington, DC 20231** |

1. ☒ Fee Transmittal Form
   *(Submit an original, and a duplicate for fee processing)*
2. ☒ Specification    [Total Pages **10** ]
   *(preferred arrangement set forth below)*
   - Descriptive title of the Invention
   - Cross References to Related Applications
   - Statement Regarding Fed sponsored R & D Invention
   - Reference to Microfiche Appendix
   - Background of the Invention
   - Brief Summary of the Invention
   - Brief Description of the Drawings *(if filed)*
   - Detailed Description
   - Claim(s)
   - Abstract of the Disclosure
3. ☒ Drawing(s) *(35 USC 113)*    [Total Sheets **5**]
4. ☒ Oath or Declaration    [Total Pages **3**]
   a. ☒ Newly executed (original or copy)
   b. ☐ Copy from a prior application (37 CFR 1.63(d))
      *(for continuation/divisional with Box 17 completed)*
      **[Note Box 5 below]**
      i. ☐ DELETION OF INVENTOR(S)
         Signed statement attached deleting inventor(s) named in the prior application, see 37 CFR 1.63(d)(2) and 1.33(b).
5. ☐ Incorporation By Reference (useable if Box 4b is checked)
   The entire disclosure of the prior application, from which a copy of the oath or declaration is supplied under Box 4b, is considered as being part of the disclosure of the accompanying application and is hereby incorporated by reference therein.

6. ☐ Microfiche Computer Program (Appendix)
7. Nucleotide and/or Amino Acid Sequence Submission
   *(if applicable, all necessary)*
   a. ☐ Computer Readable Copy
   b. ☐ Paper Copy (identical to computer copy)
   c. ☐ Statement verifying identity of above copies

| **Accompanying Application Parts** |
8. ☐ Assignment Papers (cover sheet & document(s))
9. ☐ 37 CFR 3.73(b) Statement   ☐ Power of Attorney
   *(when there is an assignee)*
10. ☐ English Translation Document *(if applicable)*
11. ☐ Information Disclosure    ☐ Copies of IDS
    Statement (IDS)/PTO-1449        Citations
12. ☐ Preliminary Amendment
13. ☒ Return Receipt Postcard (MEEP 503)
    *(Should be specifically itemized)*
14. ☐ Small Entity    ☐ Statement filed in prior application,
    Statement(s)        Status still proper and desired
15. ☐ Certified Copy of Priority Document(s)
    *(if foreign priority is claimed)*
16. ☒ Other ..Check No. 9020 for $355.00..

**17. If a CONTINUING APPLICATION,** check appropriate box and supply the requisite information:
☐ Continuation   ☐ Divisional   ☐ Continuation-in-part (CIP)   of prior application No: ____/____

| **18. CORRESPONDENCE ADDRESS** |
| ☒ *Customer Number or Bar Code Label* | 23932 *(Insert Customer No. or Attach bar code label here)* | or ☐ New correspondence address below |
| NAME | Stephen G. Rudisill | | |
| ADDRESS | Jenkens & Gilchrist | | |
| | 1445 Ross Avenue – Suite 3200 | | |
| CITY | Dallas | STATE | Texas | ZIP CODE | 75202-279? |
| COUNTRY | U.S.A. | TELEPHONE | 312-425-3900 | FAX | 214-855-400? |

| Name (Print/Type) | Stephen G. Rudisill | Registration No. (Attorney/Agent) | 20,087 |
| Signature | *[signature]* | Date | 03/27/01 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Box CPA, Washington, DC 20231.

CHICAGO 162759v1 52372-00002

DPCC_000231

1/5



2/5



*FIG. 4*

DPCC_000233

3/5



FIG. 5

FIG. 6

DPCC_000234



FIG. 7



FIG. 8

DPCC_000235

5/5



*FIG. 9*

*FIG. 10*

DPCC_000236

1

PATENT

Attorney Docket No. 52372-00002

# APPLICATION FOR UNITED STATES LETTERS PATENT

## FOR

## CARPENTER BEE TRAP

By:

**Bruce H. Prince**

EXPRESS MAIL
MAILING  LABEL NUMBER:      EL 720693472 US
DATE OF MAILING:            March 27, 2001

I hereby certify that this paper or fee is being deposited with the United States Postal Service
"EXPRESS MAIL POST OFFICE TO ADDRESSEE" service under 37 C.F.R. 1.10 on the date
indicated above and is addressed to:  Box Patent Application, Assistant Commissioner for
Patents, Washington, D.C. 20231.

CHICAGO 162579v1 52372-00002

DPCC_000237

2

# CARPENTER BEE TRAP

## Cross-Reference to Related Applications

This application claims the benefit of priority of U.S. Provisional Patent
5    Application Serial No. 60/192,239 filed on March 27, 2000.

## Field of the Invention

This invention relates generally to insect traps and, more particularly, to a trap
for carpenter bees.

10

## Background of the Invention

Carpenter bees are a problem in certain geographical regions because they tend
to bore holes in various wooden structures, including houses.  Once the wooden
facade of a house has been penetrated by these bees, they can spread through the
15   interior of the house, becoming a nuisance and causing physical damage and sometimes
even physical harm to occupants.  Thus, there has been a need for a trap for these pests
in the vicinity of wooden structures to be protected from them.

It is a primary object of the present invention to provide such a trap which is
effective in trapping carpenter bees and can be efficiently and economically
20   manufactured in large numbers.

## Summary of the Invention

In accordance with the present invention, there is provided a carpenter bee trap
comprising a housing having a hollow interior and at least one solid wall having a hole
25   formed therein to permit carpenter bees to enter the hollow interior of the housing, the
hole having about the same size as holes normally made by carpenter bees so that the
hole tends to attract such bees.  The preferred hole size is in the range from about 5/16
inch to about 1/2 inch.  The interior surface of the solid wall forming the interior edge
of said hole is substantially flat.  The exterior surface of the solid wall around the hole

CHICAGO 162579v1 52372-00002

3

preferably has a light color, and the walls of housing are preferably opaque so that the hole appears dark from outside the housing.  The interior surface of the solid wall forming the interior edge of the hole is preferably substantially flat.   In a particularly preferred embodiment, the trap is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

**Brief Description of the Drawings**

The invention may best be understood by reference to the following description taken in conjunction with the accompanying drawings, in which:

FIG. 1 is a top plan view of a carpenter bee trap embodying the invention;

FIG. 2 is a front elevation of the carpenter bee trap shown in FIG. 1;

FIG. 3 is a side elevation of the carpenter bee trap shown in FIGs. 1 and 2;

FIG. 4 is an exploded perspective view of a modified carpenter bee trap embodying the invention;

FIG. 5 is a perspective view of the trap shown in FIG. 4 in a partially assembled form;

FIG. 6 is a perspective view of the trap shown in FIG. 4 in a fully assembled form;

FIG. 7 is an enlarged front elevation view of the trap shown in FIG. 6;

FIG. 8 is a sectional view taken along line 8-8 in FIG. 7;

FIG. 9 is a plan view of the trap shown in FIG. 4 with all the parts laid out flat in a common plane; and

FIG. 10 is side elevation of the parts shown in FIG. 9.

**Detailed Description of the Preferred Embodiments**

Although the invention will be described next in connection with certain preferred embodiments, it will be understood that the invention is not limited to those particular embodiments.  On the contrary, the description of the invention is intended to cover all alternatives, modifications, and equivalent arrangements as may be included within the spirit and scope of the invention as defined by the appended claims.

CHICAGO 162579v1 52372-00002

DPCC_000239

4

Turning now to the drawings, and referring first to FIGs. 1-3, there is shown a carpenter bee trap that is essentially a rectangular plastic housing formed by six walls, including front and rear walls 10 and 11, top and bottom walls 12 and 13, and a pair of side walls 14 and 15. The bottom and rear walls 13 and 14 are connected by a hinge

5   16 so that the bottom wall 13 can be pivoted downwardly away from the bottom edge of the front wall 10 to permit removal of bees trapped inside the housing. The exterior surface of the rear wall 14 is also equipped with a plastic hanger 17 to facilitate mounting of the trap on a supporting surface. The hinged bottom wall 13 also carries a hinged plastic hasp 18 which permits the bottom wall 13 to be latched to, and

10   unlatched from, the front wall 10.

It has been found that carpenter bees will enter an opening having a size similar to the size of the holes that carpenter bees normally form in wooden structures. The size of such holes is typically within the range from about 5/16 in. to about 1/2 inch in diameter. A hole 19 of this size is provided in the front wall 10, near the top of the

15   wall. To improve the visibility of the hole 19, the exterior surface of the front wall 10 of the housing, at least the region surrounding the hole 19, preferably has a light color such as light gray or tan to provide a sharp contrast with the dark hole. After a bee enters the housing through the hole 19, it is difficult for the bee to re-enter the hole from inside the house and escape. Consequently, most bees that enter the hole 19 from

20   outside the housing become trapped within the housing and eventually die from lack of nourishment and moisture. To make it even more difficult for the bee to escape from the housing once inside, the inside walls of the housing are preferably made with a smooth surface so that there is no frictional surface that the bee can use to crawl toward the hole through which it entered the housing.

25   FIGs. 4-10 illustrate a modified version of the trap comprising a single molded plastic part 20 forming multiple molded hinges that permit the trap to be packaged and shipped as a substantially flat sheet, and then quickly and easily assembled when removed from the package by a user. The molded plastic part 20 forms a rear panel 21 that has four molded hinges 22, 23, 24 and 25 extending along its four sides. These

30   four hinges 22-25 join the rear panel 21 with a bottom panel 26, a right side panel 27, a

DPCC_000240

5

top panel 28, and a left side panel 29, respectively.  A fifth molded hinge 30 extends along the second elongated edge of the top panel and joins the top panel to a front panel 31 that forms a hole 32 through which bees enter the trap.

As can be seen in FIGs. 9 and 10, the molded plastic part 20 can be flattened
5    for packaging and shipping, so that a large number of traps can be efficiently packaged and shipped together in a package that contains little empty space by simply stacking multiple parts 20 on top of each other in their flattened condition.  When it is desired to assemble the trap, the top panel 28 and the front panel 31 hinged thereto are folded toward the rear panel 21, as illustrated in FIGs. 4 and 5.  When the front panel 31 is
10   aligned with the rear panel 21, the two side panels 27 and 29 are folded toward the front panel 31 and pressed against the side edges of the front panel 31 so that multiple lugs 33 and 34 on the front edges of the side panels 27 and 29, respectively, snap into mating slots 35 and 36 formed in the front panel 31 along its two side edges.  The lugs 33 and 34 have beveled leading edges that serve as cams to bend the lugs slightly as
15   they engage the side edges of the front panel 31 and slide over the inside surface of that panel until they snap into the slots 35 and 36.  Engagement of the lugs 33, 34 in the slots 35, 36 locks the side panels 27 and 29 to the front panel 31.  The front panel 31 also forms a pair of integral flanges 37 and 38 that engage the inside surfaces of the side panels 27 and 29 when the panels are all locked together.

20   The final step in the assembly operation is to fold the bottom panel 26 toward the bottom edge of the front panel 31 until an integral latching lug 39 on the front edge of the bottom panel 26 engages a mating slot 40 in the front panel 31.  As can be seen in FIG. 5, the leading edge of the latching lug 39 is beveled to serve as a cam that bends the latching lug slightly away from the front panel 31 as the lug engages the
25   bottom edge of the front panel 31 and slides across the surface of a recess 41 leading from the bottom edge of the panel 31 to the slot 40.  When the lug 39 reaches the slot 40, it snaps into the slot to latch the bottom panel 26 to the front panel 31.  When the user wishes to remove trapped bees from the trap, an integral flange 42 depending from the latching lug 39 is pressed to release the lug from the slot 40, and then the

CHICAGO 162579v1 52372-00002

DPCC_000241

6

bottom panel 26 can be pivoted downwardly to open the interior of the trap and remove the trapped bees.

    As can be seen in FIGs. 4 and 9, an integral hanger 43 is molded into the inside surface of the rear panel 21 to facilitate mounting of the trap.  If desired, an attractant

5    for the bees may also be placed in the interior of the trap.

CHICAGO 162579v1 52372-00002

DPCC_000242

7

**Claims:**

1.      A carpenter bee trap comprising a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees.

2.      The carpenter bee trap of claim 1 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

3.      The carpenter bee trap of claim 1 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

4.      The carpenter bee trap of claim 1 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

5.      The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth.

6.      The carpenter bee trap of claim 1 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

7.      The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

8.      A carpenter bee trap comprising a housing made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and

DPCC_000243



8

including integral latching means for releasably latching selected pairs of adjacent walls, said having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole

5   tends to attract such bees

9.      The carpenter bee trap of claim 8 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

10      10.      The carpenter bee trap of claim 8 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

11.      The carpenter bee trap of claim 8 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of
15   the housing to be opened for the removal of trapped bees.

12.      The carpenter bee trap of claim 8 in which the interior surfaces of said housing are smooth.

20

13.      The carpenter bee trap of claim 8 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

14.      A method of trapping carpenter bees comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed
25   therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, and periodically removing trapped bees from said hollow interior of said housing.

30

CHICAGO 162579v1 52372-00002

9

15.    The carpenter bee trap of claim 14 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

16.    The carpenter bee trap of claim 14 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

17.    The carpenter bee trap of claim 14 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

18.    The carpenter bee trap of claim 14 in which the interior surfaces of said housing are smooth.

19.    The carpenter bee trap of claim 14 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

20.    The carpenter bee trap of claim 14 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

CHICAGO 162579v1 52372-00002

7

**Claims:**

1.    A carpenter bee trap comprising a housing having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes

5    normally made by carpenter bees so that the hole tends to attract such bees.

2.    The carpenter bee trap of claim 1 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

3.    The carpenter bee trap of claim 1 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

4.    The carpenter bee trap of claim 1 in which at least one of the walls of

15    said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

5.    The carpenter bee trap of claim 1 in which the interior surfaces of said housing are smooth.

20

6.    The carpenter bee trap of claim 1 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

25

7.    The carpenter bee trap of claim 1 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

8.    A carpenter bee trap comprising a housing made of a single piece of

30    molded plastic with molded hinges connecting selected pairs of adjacent walls, and

CHICAGO 162579v1 52372-00002

DPCC_000246



8

including integral latching means for releasably latching selected pairs of adjacent walls, said having a hollow interior and at least one solid wall having a hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees.

9.     The carpenter bee trap of claim 8 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

10.     The carpenter bee trap of claim 8 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

11.     The carpenter bee trap of claim 8 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

12.     The carpenter bee trap of claim 8 in which the interior surfaces of said housing are smooth.

13.     The carpenter bee trap of claim 8 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

14.     A method of trapping carpenter bees comprising providing a housing having a hollow interior and at least one solid wall having an exposed hole formed therein to permit carpenter bees to enter the hollow interior of the housing, said hole having about the same size as holes normally made by carpenter bees so that the hole tends to attract such bees, and periodically removing trapped bees from said hollow interior of said housing.

9

15.    The carpenter bee trap of claim 14 in which the interior surface of said solid wall forming the interior edge of said hole is substantially flat.

16.    The carpenter bee trap of claim 14 in which the exterior surface of said solid wall around said hole has a light color, and the walls of said housing are opaque so that said hole appears dark from outside the housing.

17.    The carpenter bee trap of claim 14 in which at least one of the walls of said housing can be pivoted away from adjacent walls to permit the hollow interior of the housing to be opened for the removal of trapped bees.

18.    The carpenter bee trap of claim 14 in which the interior surfaces of said housing are smooth.

19.    The carpenter bee trap of claim 14 which is made of a single piece of molded plastic with molded hinges connecting selected pairs of adjacent walls, and including integral latching means for releasably latching selected pairs of adjacent walls.

20.    The carpenter bee trap of claim 14 in which said hole has a diameter within the range of from about 5/16 inch to 1/2 inch.

CHICAGO 162579v1 52372-00002

DPCC_000248

 

**PATENT**

## RULES 63 AND 67 (37 C.F.R. §§ 1.63 and 1.67)
## DECLARATION AND POWER OF ATTORNEY

### FOR UTILITY/DESIGN/CIP/PCT NATIONAL APPLICATIONS

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name; and

I believe that I am the original, first and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled **"CARPENTER BEE TRAP"** the specification of which: (mark only one)

<u>X</u>   (a)   is attached hereto.

___   (b)   was filed on _____ as Application Serial No. _____ and was amended on _____ (if applicable)

___   (c)   was filed as PCT International Application No. _____ on _____, and was amended on _____ (if applicable).

___   (d)   was filed on _____ as Application Serial No. _____ and was issued a Notice of Allowance on _____.

___   (e)   was filed on _____ and bearing attorney docket number _____.

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims as amended by any amendment referred to above or as allowed as indicated above.

I acknowledge the duty to disclose all information known to me to be material to the patentability of this application as defined in 37 C.F.R. § 1.56. If this is a continuation-in-part (CIP) application, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of 35 U.S.C. § 112, I acknowledge the duty to disclose to the Office all information known to me to be material to patentability of the application as defined in 37 C.F.R. § 1.56 which became available between the filing date of the prior application and the national or PCT international filing date of this CIP application.

I hereby claim foreign priority benefits under 35 U.S.C. § 119/365 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate filed by me or my assignee disclosing the subject matter claimed in this application and having a filing date (1) before that of the application on which my priority is claimed or, (2) if no priority is claimed, before the filing date of this application:

CHICAGO 162442v1 99999-00001

DPCC_000249

  

PATENT APPLICATION SERIAL NO. _____

**U.S. DEPARTMENT OF COMMERCE**
**PATENT AND TRADEMARK OFFICE**
FEE RECORD SHEET

03/29/2001 MBELETE1 00000023 09018347
01 FC:201                      355.00 OP

**PTO-1556**
(5/87)
*U.S. GPO: 2000-468-987/39595

DPCC_000250

# PATENT APPLICATION FEE DETERMINATION RECORD
Effective October 1, 2000

**Application or Docket Number**

*2372 ~0002*

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | *20* | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | *20* minus 20= | *0* |
| INDEPENDENT CLAIMS | *3* minus 3 = | *0* |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

\* If the difference in column 1 is less than zero, enter "0" in column 2

**SMALL ENTITY TYPE** ☐   OR   **OTHER THAN SMALL ENTITY**

| | RATE | FEE | | RATE | FEE |
|---|---|---|---|---|---|
| BASIC FEE | 355.00 | | OR BASIC FEE | 710.00 | |
| | X$ 9= | | OR | X$18= | |
| | X40= | | OR | X80= | |
| | +135= | | OR | +270= | |
| TOTAL | *355.0* | | OR TOTAL | | |

## CLAIMS AS AMENDED - PART II

**SMALL ENTITY**   OR   **OTHER THAN SMALL ENTITY**

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|
| Total | * *20* | Minus ** *20* | = ✓ | X$ 9= | | OR X$18= | |
| Independent | * *3* | Minus *** *3* | = ✓ | X40= | | OR X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +135= | | OR +270= | |
| | | | | TOTAL ADDIT. FEE | | OR TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|
| Total | * *20* | Minus ** *20* | = | X$ 9= | | OR X$18= | |
| Independent | * *3* | Minus *** *3* | = | X40= | | OR X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +135= | | OR +270= | |
| | | | | TOTAL ADDIT. FEE | | OR TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | X$ 9= | | OR X$18= | |
| Independent | * | Minus *** | = | X40= | | OR X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +135= | | OR +270= | |
| | | | | TOTAL ADDIT. FEE | | OR TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\*If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 8/00)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

DPCC_000251

AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|-----|----------------|----------------|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court *N D of Alabama* on the following ☑ Patents or ☐ Trademarks:

| DOCKET NO.<br>*1:19-CV-848-VJA* | DATE FILED<br>*6/3/2019* | U.S. DISTRICT COURT<br>*Northern District of Alabama* |
|-----|-----|-----|
| PLAINTIFF<br>*Davis Product Creation and Consulting, LLC d/b/a Beesnthings* | | DEFENDANT<br>*Brian Blazer d/b/a Carpenter Bee Solutions* |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|-----|-----|-----|
| 1 *6,764,611* | *7/27/2004* | *DPCC* |
| 2 *D672,426* | *12/11/2012* | *DPCC* |
| 3 *D690,384* | *9/24/2013* | *DPCC* |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|-----|-----|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|-----|-----|-----|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|-----|
| |

| CLERK<br>*Sharon N. Harris* | (BY) DEPUTY CLERK | DATE |
|-----|-----|-----|

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

DPCC_000252



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/419,910 | 12/11/2012 | D672426 | 202399-301002 | 6900 |

32009          7590          11/21/2012

BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)

Design patents have a term measured from the issue date of the patent and the term remains the same length regardless of the time that the application for the design patent was pending. Since the above-identified application is an application for a design patent, the patent is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Clifford Warren Davis JR., Prattville, AL;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit <u>SelectUSA.gov</u>.

IR103 (Rev. 10/09)

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/419,910 | 05/02/2012 | Clifford Warren Davis JR. | 202399-301002 | 6900 |

32009        7590        11/08/2012
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

| EXAMINER |
|---|
| OLIVER-GARCIA, CATHERINE R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2914 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/08/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

DPCC_000254

| ***SUPPLEMENTAL*** <br> ***Notice of Allowability*** <br> ***For*** <br> ***A Design Application*** | **Application No.** <br> 29/419,910 | **Applicant(s)** <br> DAVIS, CLIFFORD  WARREN | |
|---|---|---|---|
| | **Examiner** <br> CATHERI OLIVER | **Art Unit** <br> 2914 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application.  If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.**  This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant.  See 37 CFR 1.313 and MPEP 1308.

1. ☐ This communication is responsive to _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____;
   the restriction requirement and election have been incorporated into this action.

3. ☒ The claim is allowed.

4. ☐ Acceptable drawings:

    (a) ☐ The drawings filed on _____ are accepted by the Examiner.

    (b) ☐ Drawing Figures  filed on _____ and drawing Figures  filed on _____ are accepted by the Examiner.

5. ☐ The claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f) is acknowledged.

    a) ☐ All    b) ☐ Some* c) ☐ None   of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____.

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
   International Bureau (PCT Rule 17.2(a)).

        * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below.  Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of

    Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

| **Attachment(s)** | |
|---|---|
| 1. ☐ Notice of References Cited (PTO-892) | 4. ☐ Examiner's Amendment/Comment |
| 2. ☒ Information Disclosure Statements (PTO/SB/08), <br> Paper No./Receipt Date 9/26/2012 | 5. ☐ Examiner's Statement of Reasons for Allowance |
| 3. ☐ Interview Summary (PTO-413), <br> Paper No./Mail Date _____ . | 6. ☐ Other _____. |

**NOTE:**

/Catherine R. Oliver/
Primary Examiner, Art Unit 2914

DPCC_000255

PTO/SB/08a (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 29/419,910 |
| | Filing Date | 05/02/2012 |
| | First Named Inventor | Clifford Warren Davis, Jr. |
| | Art Unit | |
| | Examiner Name | |
| Sheet | 1 | of | 1 | Attorney Docket Number | 202399-301002 |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| /C.O./ | 1 | US- 20100269402 | 10/28/2010 | Blazer et al. | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3]·Number[4]·Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Catherine Oliver/ | Date Considered | 11/05/2012 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax**  (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

32809        7590        09/28/2012

BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

Certificate of Mailing or Transmission
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/419,910 | 05/02/2012 | Clifford Warren Davis JR. | 202399-301002 | 6900 |

TITLE OF INVENTION: INSECT TRAP

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $495 | $0 | $0 | $495 | 12/28/2012 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| OLIVER-GARCIA, CATHERINE R | 2914 | D22-122000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Jeremy A. Smith
2  Joel Kuehnert
3  Bradely Arant Boult Cummings LLP

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent):   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number  504293  (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.   ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____   Date  10/17/2012

Typed or printed name  Jeremy A. Smith   Registration No.  62,730

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 29419910 |
| **Filing Date:** | 02-May-2012 |
| **Title of Invention:** | INSECT TRAP |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Attorney Docket Number:** | 202399-301002 |

Filed as Small Entity

### Design    Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| Design Appl issue fee | 2502 | 1 | 505 | 505 |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Miscellaneous: | | | | |
| **Total in USD ($)** | | | | **505** |

DPCC_000260

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14007132 |
| **Application Number:** | 29419910 |
| **International Application Number:** | |
| **Confirmation Number:** | 6900 |
| **Title of Invention:** | INSECT TRAP |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399-301002 |
| **Receipt Date:** | 17-OCT-2012 |
| **Filing Date:** | 02-MAY-2012 |
| **Time Stamp:** | 14:51:23 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $505 |
| RAM confirmation Number | 1275 |
| Deposit Account | 504293 |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees) | |

DPCC_000261

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | Issue_Fee.pdf | 149893 <br> 07754f1ead27ef04860aaa1fe85254ab203c d27d | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 29880 <br> 9dc6710d944f8d2dd6961db10a62f8c12b7 9577d | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | | 179773 | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

DPCC_000262



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

32009        7590        09/28/2012

BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

| EXAMINER |
|---|
| OLIVER-GARCIA, CATHERINE R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2914 | |

DATE MAILED: 09/28/2012

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/419,910 | 05/02/2012 | Clifford Warren Davis JR. | 202399-301002 | 6900 |

TITLE OF INVENTION: INSECT TRAP

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $495 | $0 | $0 | $495 | 12/28/2012 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

DPCC_000263

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or <u>Fax</u>   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

32009        7590        09/28/2012
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/419,910 | 05/02/2012 | Clifford Warren Davis JR. | 202399-301002 | 6900 |

TITLE OF INVENTION: INSECT TRAP

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $495 | $0 | $0 | $495 | 12/28/2012 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| OLIVER-GARCIA, CATHERINE R | 2914 | D22-122000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                     (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.        ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____        Date _____

Typed or printed name _____        Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



## UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/419,910 | 05/02/2012 | Clifford Warren Davis JR. | 202399-301002 | 6900 |

32009     7590     09/28/2012
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

| EXAMINER |
|---|
| OLIVER-GARCIA, CATHERINE R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2914 | |

DATE MAILED: 09/28/2012

### Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)

Design patents have a term measured from the issue date of the patent and the term remains the same length regardless of the time that the application for the design patent was pending. Since the above-identified application is an application for a design patent, the patent is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

Page 3 of 3

PTOL-85 (Rev. 02/11)

DPCC_000265

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability*<br>*For*<br>*A Design Application* | **Application No.**<br>29/419,910 | **Applicant(s)**<br>DAVIS, CLIFFORD  WARREN | |
|---|---|---|---|
| | **Examiner**<br>CATHERI OLIVER | **Art Unit**<br>2914 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☐ This communication is responsive to _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____;
   the restriction requirement and election have been incorporated into this action.

3. ☒ The claim is allowed.

4. ☒ Acceptable drawings:

   (a) ☒ The drawings filed on _5/2/2012_ are accepted by the Examiner.

   (b) ☐ Drawing Figures  filed on _____ and drawing Figures  filed on _____ are accepted by the Examiner.

5. ☐ The claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f) is acknowledged.
   a) ☐ All   b) ☐ Some* c) ☐ None   of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
         International Bureau (PCT Rule 17.2(a)).
         * Certified copies not received: _____.

   Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements
   noted below. Failure to timely comply will result in ABANDONMENT of this application.
   **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

6. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF
   INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

7. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
      1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.

   (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
      Paper No./Mail Date _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of
   each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

| **Attachment(s)** | |
|---|---|
| 1. ☒ Notice of References Cited (PTO-892) | 6. ☐ Interview Summary (PTO-413),<br>Paper No./Mail Date _____. |
| 2. ☐ Notice of Draftperson's Pate65<br>nt Drawing Review (PTO-948) | 7. ☒ Examiner's Amendment/Comment |
| 3. ☐ Information Disclosure Statements (PTO/SB/08),<br>Paper No./Receipt Date _____ | 8. ☐ Examiner's Statement of Reasons for Allowance |
| 5. ☐ Notice of Informal Patent Application | 9. ☐ Other _____. |

**NOTE:**

/Catherine R. Oliver/
Primary Examiner, Art Unit 2914

U.S. Patent and Trademark Office
PTOL-37D (Rev. 03-11)                              **Notice of Allowability**                              Part of Paper No./Mail Date 20120924

DPCC_000267

Application/Control Number: 29/419,910                                    Page 2
Art Unit: 2914

1.      An examiner's amendment to the record appears below. Should the
changes and/or additions be unacceptable to applicant, an amendment may be filed as
provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be
submitted no later than the payment of the issue fee.

2.      This application contains the following embodiments:

Embodiment 1 - Figs. 1 - 5

Embodiment 2 - Figs. 6 - 10

Multiple embodiments of a single inventive concept may be included in the same
design application only if they are patentably indistinct.  See *In re Rubinfield*, 270 F.2d
391, 123 USPQ 210 (CCPA 1959).  Embodiments that are patentably distinct from one
another do not constitute a single inventive concept and thus may not be included in the
same design application.  See *In re Platner*, 155 USPQ 222 (Comm'r Pat. 1967).

The above-identified embodiments are considered by the examiner to present
overall appearances that are basically the same.  Furthermore, the differences between
the appearances of the embodiments are considered minor and patentably indistinct, or
are shown to be obvious in view of analogous prior art cited.  Accordingly, they are
deemed to be obvious variations and are being retained and examined in the same
application.

3.      Any inquiries regarding communications from the Examiner should be
directed to Catherine R. Oliver, whose telephone number is (571)272-2655.   The
Examiner can normally be reached on Monday through Friday from 9:00 a.m. to 5:30
p.m.

Application/Control Number: 29/419,910                                    Page 3
Art Unit: 2914

If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's

supervisor, Ms. Celia Murphy can be reached at (571)272-2654.  The FAX phone

number for this group is (571)273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov.  Shoud

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

/Catherine R. Oliver/

Primary Examiner, Art Unit 2914

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| ***Notice of References Cited*** | | 29/419,910 | DAVIS, CLIFFORD WARREN |
| | | Examiner | Art Unit | |
| | | CATHERI OLIVER | 2914 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-D370,746 | 06-1996 | Gordon, Richard A. | D30/110 |
| * | B | US-D478,958 | 08-2003 | Harris et al. | D22/122 |
| * | C | US-D532,479 | 11-2006 | Child, Kenneth John | D22/122 |
| * | D | US-D536,413 | 02-2007 | Duston, Tyler D. | D22/122 |
| * | E | US-D634,808 | 03-2011 | Tsai, Yi-Yi | D22/122 |
| * | F | US-7,082,712 | 08-2006 | Harris et al. | 43/122 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                          **Notice of References Cited**                          Part of Paper No. 20120924

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29419910 | DAVIS, CLIFFORD  WARREN |
| | **Examiner** | **Art Unit** |
| | CATHERI OLIVER-GARCIA | 2914 |

| ORIGINAL | | INTERNATIONAL CLASSIFICATION | |
|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | **NON-CLAIMED** |
| D22 | 122 | 22 / 06 | |

**CROSS REFERENCE(S)**

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

☒ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |

| NONE | | | Total Claims Allowed: |
|---|---|---|---|
| | | ✍ Use images from artifact folder | 1 |
| (Assistant Examiner) | (Date) | ✍ Do not use images from artifact folder | |

| /CATHERI OLIVER-GARCIA/ Primary Examiner.Art Unit 2914 | | O.G. Print Claim(s) | O.G. Print Figure |
|---|---|---|---|
| | 09/24/2012 | 1 | 1 |
| (Primary Examiner) | (Date) | | |

U.S. Patent and Trademark Office

Part of Paper No.  20120924

DPCC_000271

 UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

### CONFIRMATION NO. 6900

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 29/419,910 | 05/02/2012 | D22 | 2914 | 202399-301002 |
| | RULE | | | |

**APPLICANTS**
  Clifford Warren Davis JR., Prattville, AL;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* \*\* SMALL ENTITY \*\***
  05/11/2012

| Foreign Priority claimed ☐ Yes ☑ No | | | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | | ☐ Met after Allowance | | | | |
| Verified and Acknowledged | /CATHERI R OLIVER-GARCIA/ Examiner's Signature | Initials | AL | 6 | 1 | 1 |

**ADDRESS**

  BRADLEY ARANT BOULT CUMMINGS LLP
  200 CLINTON AVE. WEST
  SUITE 900
  HUNTSVILLE, AL 35801
  UNITED STATES

**TITLE**

  Insect Trap

| FILING FEE RECEIVED 330 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

DPCC_000272

| Search Notes | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29419910 | DAVIS, CLIFFORD  WARREN |
| | **Examiner** | **Art Unit** |
| | CATHERI OLIVER-GARCIA | 2914 |

| SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| d22 | 119-124 | 9/21/2012 | cro |
| 43 | 112-113,124,131,132.1 | 9/21/2012 | cro |
| d30 | 110 | 9/21/2012 | cro |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| inventor name search | 9/21/2012 | cro |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| d22 | 119-124 | 9/24/2012 | cro |

| | |
|---|---|
| | |

Part of Paper No. :  20120924

DPCC_000273

PTO/SB/08a (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 29/419,910 |
| | Filing Date | 05/02/2012 |
| | First Named Inventor | Clifford Warren Davis, Jr. |
| | Art Unit | |
| Sheet 1 of 1 | Examiner Name | |
| | Attorney Docket Number | 202399-301002 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number<br><br>Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US- 20100269402 | 10/28/2010 | Blazer et al. | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br><br>Country Code[3] Number[4] Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

## Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13845393 |
| **Application Number:** | 29419910 |
| **International Application Number:** | |
| **Confirmation Number:** | 6900 |
| **Title of Invention:** | INSECT TRAP |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399-301002 |
| **Receipt Date:** | 26-SEP-2012 |
| **Filing Date:** | 02-MAY-2012 |
| **Time Stamp:** | 16:35:21 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Information Disclosure Statement (IDS) Form (SB08) | IDS.pdf | 264668 ceab164b996fca652a22ac6173c7ef541822 c7d5 | no | 2 |

**Warnings:**

**Information:**

| | |
|---|---|
| This is not an USPTO supplied IDS fillable form | |
| **Total Files Size (in bytes):** | 264668 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

DPCC_000277



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 29/419,910 | 05/02/2012 | Clifford Warren Davis JR. | 202399-301002 |

**CONFIRMATION NO. 6900**

32009
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

**POA ACCEPTANCE LETTER**

*OC000000054948837*

Date Mailed: 06/22/2012

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 06/19/2012.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

/hnguyen/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

DPCC_000278

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE RECD | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 29/419,910 | 05/02/2012 | 2913 | 330 | 202399-301002 | 1 | 1 |

**CONFIRMATION NO. 6900**

32009
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

**UPDATED FILING RECEIPT**

*OC000000054948839*

Date Mailed: 06/22/2012

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**

    Clifford Warren Davis JR., Prattville, AL;

**Power of Attorney:** The patent practitioners associated with Customer Number 32009

**Domestic Priority data as claimed by applicant**

**Foreign Applications** (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)

**If Required, Foreign Filing License Granted:** 05/11/2012

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 29/419,910**

**Projected Publication Date:** None, application is not eligible for pre-grant publication

**Non-Publication Request:** No

**Early Publication Request:** No
** SMALL ENTITY **

page 1 of 3

DPCC_000279

**Title**

Insect Trap

**Preliminary Class**

D22

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

## LICENSE FOR FOREIGN FILING UNDER

### Title 35, United States Code, Section 184

### Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

DPCC_000280

set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage, facilitate, and accelerate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

DPCC_000281

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.        29/419,910                    Confirmation No:    6900
Filed:                 05/02/2012                    Art Unit:           TBA
Applicant:             Clifford Warren Davis Jr.
Examiner:              TBA
Attorney Docket No:    202399-301002
Title:                 Insect Trap

### RESPONSE TO THE NOTICE TO FILE MISSING PARTS

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Sir:

This is in response to the Notice to File Missing Parts mailed 05/15/2012 ("the

Office Action"). Applicant requests that the accompanying remarks be duly considered.

**Remarks/Arguments** begin on page 2 of this paper.

An Appendix including a fully executed oath and power of attorney is included after page

2 of this paper.

DPCC_000282

Appl. No. 29/419,910                          Attorney Docket No:  202399-301002

## REMARKS

Applicant appreciates the Patent Office's careful attention to this application. Applicant hereby submits a fully executed oath and power of attorney herewith, within the two month response period for filing without an extension request.

Applicant respectfully requests the consideration of the enclosed remarks and entry of the following submission into the record, in response to the Office Action.  Applicant believes that this paper and the appendix fully respond to the Office Action.  If additional action is required that may benefit from a telephone call, Applicant invites a call to his attorney of record, Jeremy A. Smith (Reg. No. 62,730).

Respectfully submitted,
BRADLEY ARANT BOULT CUMMINGS LLP

___06/19/2012_____                    __s/Jeremy A. Smith/_____
Date                                      Jeremy A. Smith
                                          Reg. No. 62,730

2

DPCC_000283

Appl. No. 29/419,910                    Attorney Docket No:   202399-301002

APPENDIX

3

3/257039.13/263575.1

DPCC_000284

Doc Code: Oath
Document Description: Oath or declaration filed

PTO/SB/01 (04-09)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| DECLARATION FOR UTILITY OR DESIGN PATENT APPLICATION (37 CFR 1.63) | | Attorney Docket Number | 202399-301002 |
|---|---|---|---|
| | | First Named Inventor | Clifford Warren Davis Jr. |
| | | *COMPLETE IF KNOWN* | |
| ☐ Declaration Submitted With Initial Filing   **OR**   ☑ Declaration Submitted After Initial Filing (surcharge (37 CFR 1.16(f)) required) | | Application Number | 29/419,910 |
| | | Filing Date | 05/02/2012 |
| | | Art Unit | |
| | | Examiner Name | |

I hereby declare that: (1) Each inventor's residence, mailing address, and citizenship are as stated below next to their name; and (2) I believe the inventor(s) named below to be the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought on the invention titled:

### INSECT TRAP

*(Title of the Invention)*

the application of which

☐   is attached hereto

OR

☑   was filed on (MM/DD/YYYY) 05/02/2012 _____ as United States Application Number or PCT International

Application Number 29/419,910 _____ and was amended on (MM/DD/YYYY) _____ (if applicable).

I hereby state that I have reviewed and understand the contents of the above identified application, including the claims, as amended by any amendment specifically referred to above.

I acknowledge the duty to disclose information which is material to patentability as defined in 37 CFR 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

## Authorization To Permit Access To Application by Participating Offices

☐   If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the above-identified patent application is filed access to the above-identified patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the above-identified patent application is filed to have access to the above-identified patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the above-identified patent application with respect to: 1) the above-identified patent application-as-filed; 2) any foreign application to which the above-identified patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the above-identified patent application; and 3) any U.S. application-as-filed from which benefit is sought in the above-identified patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date of filing the Authorization to Permit Access to Application by Participating Offices.

[Page 1 of 3]

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 21 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/SB/01 (04-09)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## DECLARATION — Utility or Design Patent Application

**Claim of Foreign Priority Benefits**

I hereby claim foreign priority benefits under 35 U.S.C. 119(a)-(d) or (f), or 365(b) of any foreign application(s) for patent, inventor's or plant breeder's rights certificate(s), or 365(a) of any PCT international application which designated at least one country other than the United States of America, listed below and have also identified below, by checking the box, any foreign application for patent, inventor's or plant breeder's rights certificate(s), or any PCT international application having a filing date before that of the application on which priority is claimed.

| Prior Foreign Application Number(s) | Country | Foreign Filing Date (MM/DD/YYYY) | Priority Not Claimed | Certified Copy Attached? | |
|---|---|---|---|---|---|
| | | | | YES | NO |
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |

☐   Additional foreign application number(s) are listed on a supplemental priority data sheet PTO/SB/02B attached hereto.

[Page 2 of 3]

DPCC_000286

PTO/SB/01 (04-09)
Approved for use through 01/31/2014.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## DECLARATION — Utility or Design Patent Application

| Direct all correspondence to: | ☑ | The address associated with Customer Number: | 32009 | | OR | ☐ | Correspondence address below |
|---|---|---|---|---|---|---|---|

| Name | |
|---|---|

| Address | |
|---|---|

| City | State | Zip |
|---|---|---|

| Country | Telephone | Email |
|---|---|---|

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft.  Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application.  If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO.  Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent.  Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14).  Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available. Petitioner/applicant is advised that documents which form the record of a patent application (such as the PTO/SB/01) are placed into the Privacy Act system of records DEPARTMENT OF COMMERCE, COMMERCE-PAT-7, System name: *Patent Application Files*.  Documents not retained in an application file (such as the PTO-2038) are placed into the Privacy Act system of COMMERCE/PAT-TM-10, System name: *Deposit Accounts and Electronic Funds Transfer Profiles*.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| NAME OF SOLE OR FIRST INVENTOR: | ☐ A petition has been filed for this unsigned inventor |
|---|---|

| Given Name (first and middle [if any]) | Family Name or Surname |
|---|---|
| Clifford Warren | Davis, Jr. |

| Inventor's Signature | Date |
|---|---|
| *Clifford Warren Davis Jr.* | 6/11/13 |

| Residence: City | State | Country | Citizenship |
|---|---|---|---|
| Prattville | AL | US | US |

| Mailing Address | |
|---|---|
| 1338 South Memorial Drive | |

| City | State | Zip | Country |
|---|---|---|---|
| Prattville | AL | 36067 | US |

☐ Additional inventors or a legal representative are being named on the ____ supplemental sheet(s) PTO/SB/02A or 02LR attached hereto

[Page 3 of 3]

DPCC_000287

PTO/SB/81 (01-09)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| POWER OF ATTORNEY OR REVOCATION OF POWER OF ATTORNEY WITH A NEW POWER OF ATTORNEY AND CHANGE OF CORRESPONDENCE ADDRESS | | |
|---|---|---|
| Application Number | 29/419,910 | |
| Filing Date | 05/02/2012 | |
| First Named Inventor | Clifford Warren Davis, Jr. | |
| Title | Insect Trap | |
| Art Unit | | |
| Examiner Name | | |
| Attorney Docket Number | 202399-301002 | |

I hereby revoke all previous powers of attorney given in the above-identified application.

☐ A Power of Attorney is submitted herewith.

**OR**

☒ I hereby appoint Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

    32009

**OR**

☐ I hereby appoint Practitioner(s) named below as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

| Practitioner(s) Name | Registration Number |
|---|---|
| | |
| | |
| | |

Please recognize or change the correspondence address for the above-identified application to:

☒ The address associated with the above-mentioned Customer Number.

**OR**

☐ The address associated with Customer Number:

**OR**

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the:

☒ Applicant/Inventor.

**OR**

☐ Assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) (Form PTO/SB/96) submitted herewith or filed on _____

**SIGNATURE of Applicant or Assignee of Record**

| Signature | *Clifford Warren Davis Jr.* | Date | 6/11/13 |
|---|---|---|---|
| Name | Clifford Warren Davis, Jr. | Telephone | 331-788-4667 |
| Title and Company | Inventor | | |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☒ *Total of __1__ forms are submitted.

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450.  DO NOT SEND FEES OR COMPLETED  FORMS TO THIS ADDRESS. SEND TO: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

DPCC_000288

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 29419910 |
| **Filing Date:** | 02-May-2012 |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Attorney Docket Number:** | 202399301002 |

Filed as Small Entity

### Design      Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| Late filing fee for oath or declaration | 2051 | 1 | 65 | 65 |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **65** |

DPCC_000290

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13047328 |
| **Application Number:** | 29419910 |
| **International Application Number:** | |
| **Confirmation Number:** | 6900 |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399301002 |
| **Receipt Date:** | 19-JUN-2012 |
| **Filing Date:** | 02-MAY-2012 |
| **Time Stamp:** | 11:20:16 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $65 |
| RAM confirmation Number | 9353 |
| Deposit Account | 504293 |
| Authorized User | SMITH,JEREMY A. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
|     Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees) | |
|     Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |

Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | Response_Missing_Parts.pdf | 403188<br>1d3dbb5cc51c81691ff876c0ed26174c0a32 6248 | yes | 7 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Applicant Response to Pre-Exam Formalities Notice | 1 | 1 |
| Applicant Arguments/Remarks Made in an Amendment | 2 | 3 |
| Oath or Declaration filed | 4 | 6 |
| Power of Attorney | 7 | 7 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 29704<br>9a585f0b6313a3e16dca2f5e29f5a4712cdcf ff0 | no | 2 |

**Warnings:**

**Information:**

| | | | Total Files Size (in bytes): | 432892 |
|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 29/419,910 | 05/02/2012 | Clifford Warren Davis JR. | 202399301002 |

**CONFIRMATION NO. 6900**

32009
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

**FORMALITIES LETTER**

*OC000000054234754*

Date Mailed: 05/15/2012

# NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

## FILED UNDER 37 CFR 1.53(b)

### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

  • The oath or declaration is missing.
  *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*
  *Note: If a petition under 37 CFR 1.47 is being filed, an oath or declaration in compliance with 37 CFR 1.63 signed by all available joint inventors, or if no inventor is available by a party with sufficient proprietary interest, is required.*

The applicant needs to satisfy supplemental fees problems indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

  • A surcharge (for late submission of filing fee, search fee, examination fee or oath or declaration) as set forth in 37 CFR 1.16(f) of **$65** for a small entity in compliance with 37 CFR 1.27, must be submitted.

**SUMMARY OF FEES DUE:**

Total fee(s) required within **TWO MONTHS** from the date of this Notice is **$65** for a small entity
  • **$65** Surcharge.

page 1 of 2

DPCC_000293

Replies should be mailed to:

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or
visit our website at http://www.uspto.gov/ebc.

If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

/jmilani/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

DPCC_000294

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE RECD | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 29/419,910 | 05/02/2012 | 2913 | 265 | 202399301002 | 1 | 1 |

**CONFIRMATION NO. 6900**

32009
BRADLEY ARANT BOULT CUMMINGS LLP
200 CLINTON AVE. WEST
SUITE 900
HUNTSVILLE, AL 35801

**FILING RECEIPT**

*OC000000054234753*

Date Mailed: 05/15/2012

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**

Clifford Warren Davis JR., Residence Not Provided;
**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**

**Foreign Applications** (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)

**If Required, Foreign Filing License Granted:** 05/11/2012

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 29/419,910**

**Projected Publication Date:** None, application is not eligible for pre-grant publication

**Non-Publication Request:** No

**Early Publication Request:** No
**** SMALL ENTITY ****

page 1 of 3

DPCC_000295

**Title**

Insect Trap

**Preliminary Class**

D22

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

## LICENSE FOR FOREIGN FILING UNDER

### Title 35, United States Code, Section 184

### Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

DPCC_000296

set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

### *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage, facilitate, and accelerate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

DPCC_000297

## Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 12689561 |
| **Application Number:** | 29419910 |
| **International Application Number:** | |
| **Confirmation Number:** | 6900 |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis, Jr. |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399-301002 |
| **Receipt Date:** | 02-MAY-2012 |
| **Filing Date:** | |
| **Time Stamp:** | 17:55:47 |
| **Application Type:** | Design |

05/11/2012 MNGUYEN  00000009 504293   29419910
01 FC:2112          60.00 DA
02 FC:2312          80.00 DA

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $125 |
| RAM confirmation Number | 5068 |
| Deposit Account | 504293 |
| Authorized User | SMITH,JEREMY A. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees) | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |

DPCC_000298

DocCode – SCORE

# SCORE Placeholder Sheet for IFW Content

Application Number: 29419910          Document Date: 05/02/2012

The presence of this form in the IFW record indicates that the following document type was received in electronic format on the date identified above. This content is stored in the SCORE database.

- Design Drawing

Since this was an electronic submission, there is no physical artifact folder, no artifact folder is recorded in PALM, and no paper documents or physical media exist. The TIFF images in the IFW record were created from the original documents that are stored in SCORE.

To access the documents in the SCORE database, refer to instructions developed by SIRA.

At the time of document entry (noted above):
- Examiners may access SCORE content via the eDAN interface.
- Other USPTO employees can bookmark the current SCORE URL (http://es/ScoreAccessWeb/).
- External customers may access SCORE content via the Public and Private PAIR interfaces.

Form Revision Date: February 8, 2006

1

DPCC_000299

DocCode – APPENDIX

# SCORE Placeholder Sheet for IFW Content

Application Number: 29419910          Document Date: 05/02/2012

The presence of this form in the IFW record indicates that the following document type was received in electronic format on the date identified above. This content is stored in the SCORE database.

- Appendix

Since this was an electronic submission, there is no physical artifact folder, no artifact folder is recorded in PALM, and no paper documents or physical media exist. The TIFF images in the IFW record were created from the original documents that are stored in SCORE.

To access the documents in the SCORE database, refer to instructions developed by SIRA.

At the time of document entry (noted above):
- Examiners may access SCORE content via the eDAN interface.
- Other USPTO employees can bookmark the current SCORE URL (http://es/ScoreAccessWeb/).
- External customers may access SCORE content via the Public and Private PAIR interfaces.

Form Revision Date: February 8, 2006

1

DPCC_000300

PTO/SB/18 (08-08)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# DESIGN PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| Attorney Docket No. | 202399301002 |
| First Named Inventor | Clifford Warren Davis, Jr. |
| Title | INSECT TRAP |
| Express Mail Label No. | |

ADDRESS TO:
**Commissioner for Patents**
P.O. Box 1450
Alexandria, VA 22313-1450

*DESIGN V. UTILITY: A "design patent" protects an article's ornamental appearance (e.g., the way an article looks) (35 U.S.C. 171), while a "utility" protects the way an article is used and works (35 U.S.C. 101). The ornamental appearance of an article includes its shape/configuration or surface ornamentation upon the article, or both. Both a design and a utility patent may be obtained on an article of invention resides both in its ornamental appearance and its function. For more information, see MPEP 1502.01.*

## APPLICATION ELEMENTS
*See MPEP 1500 concerning design patent application contents.*

1. [✓] Fee Transmittal Form *(e.g., PTO/SB/17)*

2. [✓] Applicant claims small entity status.
See 37 CFR 1.27.

3. [✓] Specification          *[Total Pages 3 ]*
*(preferred arrangement set forth below, MPEP 1503.01)*
- Preamble
- Cross References to Related Applications
- Statement Regarding Fed sponsored R & D
- Description of the figure(s) of the drawings
- Feature description
- Claim (only one (1) claim permitted, MPEP 1503.03)

4. [✓] Drawing(s) *(37 CFR 1.152) [Total Sheets 6 ]*

5. Oath or Declaration          *[Total Pages _____ ]*

   a. [ ] Newly executed (original or copy)

   b. [ ] A copy from a prior application (37 CFR 1.63(d))
   *(for continuation/divisional with Box 16 completed)*
   *DELETION OF INVENTOR(S)*
      i. [ ] Signed statement attached deleting
      inventor(s) named in the prior application,
      see 37 CFR 1.63(d)(2) and 1.33(b)

6. [ ] Application Data Sheet. See 37 CFR 1.76

## ACCOMPANYING APPLICATION PARTS

7. [ ] Assignment Papers (cover sheet & document(s))

8. [ ] 37 CFR 3.73(b) Statement     [ ] Power of
*(when there is an assignee)*      Attorney

9. [ ] English Translation Document *(if applicable)*

10. [ ] Information Disclosure Statement (IDS)
PTO/SB/08 or PTO-1449
[ ] Copies of foreign patent documents,
publications, & other information

11. [ ] Preliminary Amendment

12. [ ] Return Receipt Postcard (MPEP 503)
*(Should be specifically itemized)*

13. [ ] Certified Copy of Priority Document(s)
*(if foreign priority is claimed)*

14. [ ] Request for Expedited Examination of a Design Application
(37 CFR 1.155) (NOTE: Use "Mail Stop Expedited Design")

15. [✓] Other: Appendix - 10 pages

## 16. If a CONTINUING APPLICATION, check appropriate box, and supply the requisite information below and in the first sentence of the specification following the title, or in an Application Data Sheet under 37 CFR 1.76:

[ ] Continuation     [ ] Divisional     [ ] Continuation-in-part (CIP) of prior application No.: _____

*Prior application information:* Examiner _____     Art Unit: _____

## 17. CORRESPONDENCE ADDRESS

| | | | |
|---|---|---|---|
| [✓] The address associated with Customer Number: | 32009 | **OR** | [ ] Correspondence address below |

| | | | |
|---|---|---|---|
| Name | | | |
| Address | | | |
| City | | State | Zip Code |
| Country | | Telephone | Email |

| | |
|---|---|
| Signature   s/Jeremy A Smith/ | Date May 2, 2012 |
| Name (Print/Type)   Jeremy A Smith | Registration No.  52730 *(Attorney/Agent)* |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

DPCC_000301

Filed:          May 2, 2012
Attorney Docket No.: 202399-301002

# APPLICATION FOR UNITED STATES DESIGN PATENT

# INSECT TRAP

Inventor: Clifford Warren Davis, Jr.

Be it known, that Clifford Warren Davis, Jr. has invented a certain new, original, and ornamental design for a

**Insect Trap**

of which the following is a specification, reference being had to the accompanying drawings, forming a part thereof and wherein:

## DESCRIPTION

[0001]   Figure 1 shows a top perspective view of one embodiment of the trap.

[0002]   Figure 2 shows a side view of the embodiment of the trap shown in Figure 1.

[0003]   Figure 3 shows an alternate side view of the embodiment of the trap shown in Figure 1.

[0004]   Figure 4 shows a top view of the embodiment of the trap shown in Figure 1.

[0005]   Figure 5 shows a bottom view of the embodiment of the trap shown in Figure 1.

[0006]   Figure 6 shows a top perspective view of an alternate embodiment of the trap.

[0007]   Figure 7 shows a side view of the embodiment of the trap shown in Figure 6.

[0008]   Figure 8 shows an alternate side view of the embodiment of the trap shown in Figure 6.

[0009]   Figure 9 shows a top view of the embodiment of the trap shown in Figure 6.

[0010]   Figure 10 shows a bottom view of the embodiment of the trap shown in Figure 6.

[0011]   The dashed lines shown in the drawings illustrate environmental structure and form no part of the claimed design.

Filed:          May 2, 2012
Attorney Docket No.: 202399-301002

I claim:

     The ornamental design for an insect trap as shown and described.

DPCC_000303

Filed:          May 2, 2012
Attorney Docket No.: 202399-301002

## APPENDIX

Attached hereto and submitted herewith are photographs showing an embodiment of the trap design which is the subject of the present application.

Upon allowance of this application, this appendix can be deleted from the application, to remain a part of the file.

DPCC_000304

1/6



FIG. 1



FIG. 2

FIG. 3

3/6

FIG. 4



FIG. 5





FIG. 6

DPCC_000308

5/6



FIG. 7

FIG. 8

6/6

FIG. 9



FIG. 10



DPCC_000310



DPCC_000311



DPCC_000312



DPCC_000313



DPCC_000314



DPCC_000315



DPCC_000316



DPCC_000317



DPCC_000318



DPCC_000319



DPCC_000320

## Electronic Patent Application Fee Transmittal

| Application Number: | |
|---|---|
| Filing Date: | |
| Title of Invention: | Insect Trap |
| First Named Inventor/Applicant Name: | Clifford Warren Davis, Jr. |
| Filer: | Jeremy A. Smith/Wendy Babcock |
| Attorney Docket Number: | 202399-301002 |

Filed as Small Entity

### Design     Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| Design application filing | 2012 | 1 | 125 | 125 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Miscellaneous: | | | | |
| Total in USD ($) | | | | 125 |

DPCC_000322

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 12689561 |
| **Application Number:** | 29419910 |
| **International Application Number:** | |
| **Confirmation Number:** | 6900 |
| **Title of Invention:** | Insect Trap |
| **First Named Inventor/Applicant Name:** | Clifford Warren Davis, Jr. |
| **Customer Number:** | 32009 |
| **Filer:** | Jeremy A. Smith/Wendy Babcock |
| **Filer Authorized By:** | Jeremy A. Smith |
| **Attorney Docket Number:** | 202399-301002 |
| **Receipt Date:** | 02-MAY-2012 |
| **Filing Date:** | |
| **Time Stamp:** | 17:55:47 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $125 |
| RAM confirmation Number | 5068 |
| Deposit Account | 504293 |
| Authorized User | SMITH,JEREMY A. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
|     Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees) | |
|     Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |

DPCC_000323

Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal of New Application | Transmittal.pdf | 121695<br>4542a9b03cf1a9182b64b3af82aa18040aa23d33 | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | | application.pdf | 166250<br>5eee0ad667140e508a96373 5e4b2 3811da7a7d5c | yes | 9 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | Document Description | | Start | End |
| | Specification | | 1 | 1 |
| | Claims | | 2 | 2 |
| | Appendix to the Specification | | 3 | 3 |
| | Drawings-only black and white line drawings | | 4 | 9 |

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Appendix to the Specification | photos.pdf | 933756<br>f95c9f6c4f03cfdce3677730cef060c65861cfaf | no | 10 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 4 | Fee Worksheet (SB06) | fee-info.pdf | 29205<br>12e0fc564d511699 8b3e50e784631e6758558b12 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 1250906 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

DPCC_000325