# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| DAVIS PRODUCT CREATION AND CONSULTING, LLC, dba BEESNTHINGS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 1:19-cv-00848-CLM |
| BRIAN BLAZER, dba CARPENTER BEE SOLUTIONS, ) ) ) | Hon. Corey L. Maze |
| ) | **OPPOSED** |
| Defendant. ) | |

## OPPOSED MOTION OF PLAINTIFF BRIAN BLAZER TO STRIKE THE DECLARATION OF DR. GEORGE L. ROTRAMEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)

Steven M. Brom
Bachus, Brom & Taylor, LLC
3536 Independence Drive
Birmingham, Alabama 35209
Tel: (205) 970-6747
Fax: (205) 970-7776
sbrom@bachusbrom.com

*Counsel for Defendant Brian Blazer d/b/a Carpenter Bee Solutions*

Of Counsel
Joseph J. Jacobi
Hansen Reynolds LLC
150 South Wacker Drive, 24th Floor
Chicago, Illinois 60606
Tel: (312) 265-2252
jjacobi@hansenreynolds.com

Jeremy Adelson
Hansen Reynolds LLC
301 North Broadway, Suite 400
Milwaukee, Wisconsin 53202
Tel: (414) 455-7676
jadelson@hansenreynolds.com

On January 30, 2023, Plaintiff Davis Product Creation and Consulting, LLC, d/b/a BeesNThings ("DPCC") filed a second Declaration of Dr. George L. Rotramel ("Second Rotramel Declaration"), DPCC's technical expert witness in this case. (Dkt. 161-18.) DPCC previously filed a first Declaration of Dr. George L. Rotramel ("First Rotramel Declaration") on July 25, 2022, which it subsequently withdrew on December 8, 2022. The Second Rotramel Declaration is substantively identical to the First Rotramel Declaration. Each was filed in putative support of DPCC's motions for summary judgment of invalidity of U.S. Patent No. RE46,421 ("the '421 patent"), and each includes matter that was not part of Dr. Rotramel's expert report.

Defendant Brian Blazer ("Blazer") respectfully moves this Court to strike and exclude the Second Rotramel Declaration pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. The Second Rotramel Declaration purports to be evidence Dr. Rotramel will offer at trial and, as such, is an unauthorized, untimely expert report—his fourth expert report in this case, It was produced in violation of Rule 26(a) of the Federal Rules of Civil Procedure, in disregard to the deadlines imposed by this Court in its Scheduling Order, and in violation of Appendix II to this Court's Initial Order Governing All Further Proceedings ("Initial Order"). In support of this Motion, Blazer states:

1.  On January 27, 2023, during the deposition of Dr. George Rotramel, counsel for Blazer learned for the first time that DPCC was considering filing a

1

declaration of Dr. Rotramel in support of its motion for partial summary judgment scheduled to be filed three days later on January 30. At that time, counsel for DPCC represented that they had not yet decided whether such a declaration would be filed, but stated on January 27 that if DPCC filed a declaration of Dr. Rotramel and Blazer moved to strike the that declaration, DPCC would oppose that motion. Thereafter, on February 16, 2023, prior to filing this motion and pursuant to the Court's Initial Order, counsel for Blazer notified counsel for DPCC via email of Blazer's intention to file the motion. Counsel for DPCC responded that it would oppose this motion.

2. DPCC served its first expert report of Dr. George Rotramel ("First Rotramel Report") on May 27, 2022. (Dkt. 159-15 at 5-23.) Among his several opinions in this five-and-one-half page report, Dr. Rotramel opined that "Claims 1,2,4,7,8,13,14,15,16,17, and 20 of Blazer's '421 patent are invalid." (*Id.* at 8.) The entirety of his explanation and bases for this opinion consumed fewer than five lines: "In my opinion: The asserted claims of Blazer's '421 patent are not infringed by any of DPCC's patents [*sic*] because they are obvious to a POSITA, obvious in view of the prior art cited in Plaintiff's Preliminary Invalidity Contentions." (*Id.*)

3. Because this was all that Dr. Rotramel's had to say about the alleged invalidity of the claims of the '421 patent, the First Rotramel Report failed to comply with the minimum requirements for expert disclosures under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, which requires that an expert report must include

2

a *complete* statement of opinions, bases, and reasons, as well as the facts or data on which the expert relied to formulate those opinions. Fed. R. Civ. P. 26(a)(2)(B). It cannot be sketchy, vague, or preliminary in nature but rather must include the substance of the testimony the expert intends to provide on direct examination. *See* Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules—1993 Amendment. The purpose for this requirement is to prevent ambushes at trial and to decrease the burden on courts' and parties' resources. *Id.*; *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 741-42 and n.6 (7th Cir. 1998) (citing *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995)). Providing bald conclusory opinions with nothing more—as Dr. Rotramel did in his first expert report—does not satisfy this requirement.

4. Among other things, Dr. Rotramel failed to identify the level of education and experience he believes a person having ordinary skill in the art relevant to the '421 patent ("PHOSITA") would have possessed and any explanation as to whether and how he would have been in a position to understand and apply the knowledge and experience of a PHOSITA at the time Blazer first made his invention.

5. Also missing from Dr. Rotramel's expert report is any identification of the specific prior art references upon which he considered or relied for his opinion that the asserted claims of the '421 patent "are obvious" to a PHOSITA. Instead, Dr. Rotramel stated generally that he believes the claims to be "obvious in view of the

prior art cited in Plaintiff's Preliminary Invalidity Contentions." (Dkt. 159-15 at 8.)

6. Dr. Rotramel also did not explain what each unidentified prior art reference taught a PHOSITA—i.e., the scope and content of the prior art—and failed to identify the differences between that prior art and the claims of the '421 patent, nor did he discuss any motivation by the unidentified PHOSITA to combine the unidentified teachings of the unidentified prior art references to make the invention.

7. In addition, Dr. Rotramel did not discuss, identify, or analyze any of the secondary considerations of non-obviousness that tend to refute his opinion that claims of the '421 patent are invalid as obvious.

8. All of these categories of information missing from the First Rotramel Report are components of a proper analysis of obviousness under 35 U.S.C. § 103, and constitute the bases for an opinion of invalidity, as DPCC acknowledges in its briefs in support of summary judgment and as Dr. Rotramel admitted in his untimely declarations. (Dkt. 129 at 12; Dkt. 162 at 12; Dkt. 123-18, ¶ 24; Dkt. 161-18, ¶ 24.) *See also Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).

9. But Dr. Rotramel did not consider or discuss any of these factors in his expert report, nor did he provide any other bases or reasons for his broad conclusion that claims of the '421 patent are invalid as obvious. Thus, Dr. Rotramel's first expert report failed to comply with the requirements under Rule 26(a)(2)(B)(i).

10. DPCC filed its original motion for summary judgment in this case on

July 25, 2022, requesting, *inter alia*, that the Court enter summary judgment that certain claims of the '421 patent are invalid "for various reasons," including that those claims would have been obvious to a PHOSITA in light of combinations of several prior art references. (Dkt. 122 at 2; Dkt. 129 at 11-16.)

11. On that same date, DPCC filed the First Rotramel Declaration. (Dkt. 123-18.) This amounted to a 146-page (including exhibits[1]) expert report directed solely to Dr. Rotramel's opinion that claims of the '421 patent are invalid as obvious.

12. Blazer moved to strike the First Rotramel Declaration on August 11, 2022, on grounds that (1) this declaration was an untimely and improper expert report, served nearly two months after the deadline set by the Court for such reports and more than a month after the close of all discovery in the case; and (2) by incorporating these additional 146 pages of attorney argument into its summary judgment brief, DPCC had violated this Court's Initial Order with regard to the limitations for briefs in support of motions for summary judgment. (Dkt. 131.)

13. After the U.S. Court of Appeals for the Federal Circuit issued its opinion in *Blazer v. Best Bee Brothers LLC*, Appeal No. 2022-1033, construing the "receptacle adapter" term of the claims of the '421 patent, the Court conferred with the parties about the effect of that new claim construction on these proceedings.

---

[1] The declaration itself is ten-and-one-half pages, but Dr. Rotramel included as exhibits claim charts and prior art references from DPCC's Preliminary Invalidity Contentions, which were prepared by DPCC's counsel, and not by or with the assistance of Dr. Rotramel.

5

14. On December 15, 2022, the Court entered a text order denying as moot the parties' then-pending motions for summary judgment.[2] (Dkt. 153.) On that same date, the Court also entered an Amended Scheduling Order, setting a deadline of January 13, 2023, by which DPCC must serve its Amended/Supplemental Expert Report, which was to be limited only to issues of infringement and validity of Blazer's '421 patent. (Dkt. 152 at 1.) The Court further ordered that the parties may file dispositive motions on January 30, 2023. (*Id.*)

15. On January 13, 2023, DPCC served Dr. Rotramel's second expert report ("Second Rotramel Report"). (Dkt. 159-27 at 5-10.) With regard to his opinion of invalidity of the claims of the '421 patent, Dr. Rotramel once again stated only his conclusory opinion that "claims 1, 2, 4, 5, 7, 8, 13, 14, 15, 16, 17 and 20 of Blazer's '421 patent are invalid," and explained—again—that "[i]n [his] opinion: [t]he asserted claims of Blazer's '421 patent are not infringed by any of DPCC's patents [*sic*] because they are obvious to a POSITA, obvious in view of the prior art cited in Plaintiff's Preliminary Invalidity Contentions and Plaintiff's Amended and/or Supplemental Invalidity Contentions." (Dkt. 159-27 at 8.)

16. With regard to this opinion, then, the Second Rotramel Report was

---

[2] On December 8, 2022, in his email to the Court reflecting the parties' joint proposal for further proceedings in light of the changed claim construction of "receptacle adapater," counsel for DPCC informed the Court that the Court "may treat Dr. Rotramel's declaration (Dkt. 123-18) as withdrawn and the briefing concerning Blazer's motion to strike the same as moot (Dkts. 131, 141, 147)." The Court denied as moot Blazer's motion to strike that first declaration. (Dkt. 153.)

6

substantively identical to the First Rotramel Report, the only difference being the reference to DPCC's Amended and/or Supplemental Invalidity Contentions.[3]

17. Dr. Rotramel once again did not include in his Second Expert Report any discussion or analysis about: (a) the level of education or experience he believes a PHOSITA must have; (b) the specific prior art references and specific combinations upon which he purports to rely for his invalidity opinion; (c) what each unidentified prior art reference would have taught to the undefined PHOSITA; (d) the differences—of which there are several—between the prior art and the '421 patent claims; (e) any motivation to combine elements of those undisclosed prior art references; and (f) any discussion or analysis of any of the secondary considerations of non-obviousness that would tend to refute his opinion of invalidity.

18. These continuing deficiencies in the Second Rotramel Report come despite Dr. Rotramel's admission that he understands his obligations under Rule 26(a)(2)(B), and despite his insistence that this second report includes all of opinions, all of the reasons and bases for those opinions, all of the facts upon which he relied for those opinions, and all assumptions he made to formulate his opinions in this case. (Dkt. 167-6 at 6 and 16 (Dep. Tr. at 16:7-17:17 and 54:7-14.)).)

---

[3] It bears noting here that DPCC's Amended and/or Supplemental Invalidity Contentions are substantially the same as its Preliminary Invalidity Contentions. (*Compare* Dkt. 167-5 with Dkt. 167-2.) The only differences are that the former reflects the new construction by the Federal Circuit of the "receptacle adapter" term. The prior art in DPCC's Amended and/or Supplemental Invalidity Contentions is identical to that cited in its Preliminary Invalidity Contentions.

19. Even though the Court afforded DPCC an opportunity to serve an "Amended/Supplemental Expert Report (only relating to invalidity or non-infringement of the Blazer Patent)" (Dkt. 152 at 1), DPCC and Dr. Rotramel did nothing to cure the deficiencies of the First Rotramel Report or to otherwise meet the obligations under Rule 26(a)(2)(B). The Second Rotramel Report does not include a complete statement of the reasons and bases for his opinion that claims of the '421 patent are invalid or a disclosure of all facts or data on which he relied.

20. Neither did DPCC or Dr. Rotramel incorporate into the Second Rotramel Report any of the information that had previously been included in the First Rotramel Declaration, although this information would not have cured the fatal deficiencies of the Second Rotramel Report.

21. On January 30, 2023, DPCC filed its motion for partial summary judgment (Dkt. 160) and its evidentiary materials in support of that motion (Dkt. 161), including DPCC's Second Rotramel Declaration (Dkt. 161-18).

22. In this latest declaration, Dr. Rotramel states that he understands that to be patent-eligible, an invention must have been "non-obvious to a person of ordinary skill in the art at the time the patent application was filed," and, therefore, promises someday "to offer testimony regarding the level of ordinary skill in the art" of a PHOSITA, although he fails to expound there on the knowledge, education, and experience of such a person. (Dkt. 161-18, ¶¶ 12-13.)

8

23. In addition, Dr. Rotramel identifies those factors a competent expert witness should have considered and analyzed as reasons supporting any opinion that patent claims might be invalid as obvious under 35 U.S.C. § 103. He now professes to understand that an analysis of obviousness "includes consideration of factors (commonly referred to as the Graham factors), such as (1) the scope and content of the prior art, (2) the differences between the prior art and the asserted claims, (3) the level of ordinary skill in the pertinent art at the time of the invention, and (4) the existence of secondary considerations, objective evidence (secondary indicia) or non-obviousness, to the extent such exists." (Dkt. 161-18, ¶ 24 at 6.)

24. None of these factors was identified, addressed, or analyzed in support of his conclusory opinion of invalidity in the Second Rotramel Report. Indeed, even though he now identifies them in the Second Rotramel Declaration as central to the reasons supporting an invalidity opinion, Dr. Rotramel *still* did not provide any analysis there of how, if at all, most of these factors relate to the challenged claims of the '421 patent. If Dr. Rotramel and DPCC viewed this second declaration as a "do-over" to address the deficiencies of his expert report, he still failed to include all of the bases for his opinion of invalidity as required by Rule 26(a)(2)(B).

25. Dr. Rotramel's education on patent law "standards" culminates in his new opinion that any of five combinations of six prior art references renders Claims 1, 2, 4, 7, 8, and 13-17 of the '421 patent invalid as obvious. (*Id.*, ¶ 42.) But he still

9

did not discuss the scope and content of any of the six references, nor did he discuss differences between the references and the claims of the '421 patent, of which there are several significant ones. Dr. Rotramel likewise did not discuss any specific motivation or suggestion found in the references for making any of these combinations. Instead, he repeats generally for each that a "PHOSITA would have been motivated to combine" these references simply because they "all [allegedly] relate to the same field—namely inspect traps" and they would be "expected to maintain their respective properties/functions after they had been combined."[4] (*E.g.*, *id.*, ¶¶ 43-47.) Dr. Rotramel does not, however, identify any specific teaching in any of the references that would have provided such motivation to combine. (*Id.*)

26.   Dr. Rotramel's declaration refers to the claim charts from DPCC's Amended and/or Supplemental Invalidity Contentions, attached as Tab 8 to his declaration, but he did not adopt these as his opinion. (*Id.*, ¶ 48). At most, Dr. Rotramel incorporated these claim chart into his declaration, stating only that they purportedly "show and/or explain where elements of the Asserted Claims can be found in the prior art references" and that he "found them to be accurate." (*Id.*)

27.   This latter assertion is demonstrably false. DPCC's charts repeatedly

---

[4] This supposed "motivation" does not apply to at least two of the references. Page does not relate to insect traps at all, and Pazik teaches a trap with an entrance unit of "clear plastics material" and away from opaque materials (like wood or wood claimed by the '421 patent), meaning Pazik cannot be combined to invalidate any claim of the '421 patent and "maintain[] [its] respective properties/functions." (Dkt. 161-18 at 63-96 (Page); *id.* at 40 (Pazik ¶¶ 0007 & 0009).)

cite Page and Pazik for teaching that "[c]arpenter bee's phototactic behavior was well known in the prior art." (*See e.g.*, *id.* at 124.) But Page discusses only honeybees and Pazik discusses only wasps. (*Id.* at 63-96 (discussing honeybees); *id.* at 41 (Pazik ¶0023 (explaining "wasps" "have a natural tendency to fly towards light.").) Neither reference deals with behavior of carpenter bees as DPCC contends in its claim charts.

28. And despite his professed knowledge that a proper determination of whether patent claims are obvious will include an analysis of secondary indicia of non-obviousness (*see id.*, ¶ 24), Dr. Rotramel still does not discuss any of these considerations according to the circumstances of this matter.

29. Rule 26 requires that a party must disclose the identity of that expert and provide a written report, prepared and signed by the expert witness, including among other requirements, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). *See also Stiefel v. Malone*, 2021 WL 426217 at *2 (N.D. Ala. Feb. 8, 2021) (citing *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008); *Prieto v. Malgor*, 361 F.3d 1313, 1317-18 (11th Cir. 2004)); *Black Warrior River-keeper, Inc. v. Drummond Co., Inc.*, 2019 WL 2008958 at *1 (N.D. Ala. May 7, 2019)

30. Rule 26 further requires that a party disclose its expert and produce its experts' reports "at the times and in the sequence that the court orders," i.e., in accordance with the Court's Scheduling Order. Fed. R. Civ. P. 26(a)(2)(D). *See also*

11

*Steifel*, 2021 WL 426217 at *2; *Black Warrior*, 2019 WL 2008958 at *1.

31.     These requirements are "designed to allow both sides in a case to prepare their cases adequately and to prevent surprise," and as such, are "not merely aspirational." *Reese*, 527 F.3d at 1266 (quoting *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds* by *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457-58 (2006)). Consequently, non-compliance with the requirements of Rule 26(a)(2)(B) subjects that party to severe and significant consequences. *See, e.g.*, *Rembrandt Vision Techs.. L.P. v. Johnson and Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381-82 (Fed. Cir. 2013) (applying Eleventh Circuit law).

32.     Rule 37(c)(1) mandates that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This sanction "is automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless." *Moody v. Physicians Mut. Ins. Co.*, 2018 WL 1898411 at *2 (S.D. Ala. Jan. 31, 2018) (citing *Fuller v. Winn-Dixie Montgomery, LLC*, 2017 WL 3098104 at *2 (S.D. Ala. July 19, 2017); *see also Rembrandt*, 725 F.3d at 1381 (citing Fed. R. Civ. P. 37(c), Advisory Committee Notes) (noting Rule 37(c)(1)'s "self-executing sanction"); *Tokai Corp. v. Easton Enterprises, Inc.*, 632 F.3d 1358, 1365 (Fed. Cir. 2011) ("Rule 37(c)(1) 'gives teeth'

to the written report requirement of Rule 26(a)(2)(B) by forbidding a party's use of improperly disclosed information at trial, at a hearing, or on a motion, unless that party's failure to disclose is substantially justified or harmless.").

33. The burden of justifying its failure to comply with the requirements of Rule 26 and this Court's Scheduling Order rests with DPCC. *See, e.g.*, *Stiefel*, 2021 WL 426217 at *3 (quoting *Mitchell*, 318 Fed. App'x at 824); *Black Warrior*, 2019 WL 2008958 at *1. "In determining whether a failure to disclose was substantially justified or is harmless, the Eleventh Circuit has instructed courts to consider 'the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party.'" *Stiefel*, 2021 WL 426217 at *3 (quoting *Lips v. City of Hollywood*, 350 Fed. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008))).

34. Under the facts and circumstances of the present case, there is no reasonable justification for DPCC's delay in providing Dr. Rotramel's fourth expert report—i.e., the Second Rotramel Declaration—until after the deadline set by the Court for the parties' disclosure of expert reports and after the close of all discovery.

35. DPCC's untimely disclosure of its expert's new report is prejudicial and harmful to Blazer. DPCC waited until the deadline for the parties to file motions for summary judgment—after the close of discovery and after Dr. Rotramel was deposed—to decide to have Dr. Rotramel prepare this declaration espousing new

13

matter in putative support of DPCC's invalidity argument. Blazer has been denied the opportunity to challenge Dr. Rotramel's previously undisclosed bases for his invalidity opinions, and thus, has been deprived a full and fair opportunity to defend against these opinions and bases and against DPCC's summary judgment motion.

36. Besides DPCC's disregard for the requirements of Rule 26 and the deadlines set by the Court in its Amended Scheduling Order, the Court should strike the Second Rotramel Declaration for the separate reason that DPCC is attempting to use this 146-page filing to frustrate the Court's limitation on the length of summary judgment briefs, a further violation of the Amended Scheduling Order.

37. The Court expressly ordered that "[a]ll dispositive motions filed in this action, and all responses thereto, must comply with all requirements of Appendix II to this Court's Uniform Initial Order." (Dkt. 152 at 2; Dkt. 26-1; Dkt. 28-1.) The "Requirements for Motions and Briefs" set out limits for the number of pages for each brief. To ensure parties do not circumvent those limits, the Court stated it "may strike any brief that would exceed the page limits because of attempts to incorporate by reference or include substantive arguments in footnotes." (Dkt. 26-1 at 3.) DPCC flouted these clear requirements for its summary judgment brief. (Dkt. 162.)

38. In that brief, DPCC referred the Court to the 146-page Rotramel Declaration as the basis for its argument that the '421 patent is invalid as obvious. (Dkt. 162 at 13.) DPCC does not discuss in its brief the specific teachings to a

PHOSITA of the several combinations of the six references on which it relies or the differences between each of those references and the invention of the '421 patent, nor does it explain how a PHOSITA might have been motivated to combine those references at the time Blazer first made his invention. Neither did DPCC consider the secondary considerations of non-obviousness, which DPCC and Dr. Rotramel admitted is part of any fulsome analysis of invalidity under 35 U.S.C. § 103.

39. Instead, DPCC simply invites the Court to wade through the 146 pages of Dr. Rotramel's declaration and attachments in the apparent hope that the Court will cobble together on its own arguments that DPCC should have made in its brief.

40. Setting aside that DPCC's invalidity arguments are not supported by Dr. Rotramel's declaration (like DPCC, he also did not conduct and document a proper obviousness analysis), DPCC's incorporation of Dr. Rotramel's declaration is an unabashed attempt to exceed the page limit for its Summary Judgment Brief in violation of this Court's Scheduling Order and Appendix II of its Initial Order.

WHEREFORE, Blazer respectfully requests that this Court enter an order that the Declaration of Dr. George L. Rotramel (Dkt. 161-18) is stricken and may not be used for any purpose in this case; that DPCC and Dr. Rotramel may not rely on that declaration for any purpose on any motion, at any hearing, or at trial; and for all such other and further relief as the Court deems warranted and appropriate under the circumstances.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: February 21, 2022 | /s/ *Joseph J. Jacobi* |

Joseph J. Jacobi (admitted *pro hac vice*)
Hansen Reynolds LLC
150 South Wacker Drive, 24th Floor
Chicago, Illinois 60606
Telephone: (312) 265-2252
jjacobi@hansenreynolds.com

Jeremy Adelson (admitted *pro hac vice*)
Hansen Reynolds LLC
301 North Broadway, Suite 400
Milwaukee, Wisconsin 53202
Telephone: (414) 455-7676
jadelson@hansenreynolds.com

Steven M. Brom (ASB-25410N74B)
Bachus, Brom & Taylor, LLC
3536 Independence Drive
Birmingham, Alabama 35209
Telephone: (205) 970-6747
Facsimile: (205) 970-7776
sbrom@bachusbrom.com

*Counsel for Defendant Brian Blazer
d/b/a Carpenter Bee Solutions*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

>C Gregory Burgess
>Jeremy A. Smith
>L. Franklin Corley, IV
>LANIER FORD SHAVER & PAYNE, P.C.
>2101 West Clinton Avenue, Suite 102
>P O Box 2087
>Huntsville, AL 35805
>cgb@lanierford.com
>jas@lanierford.com
>lfc@lanierford.com
>
>Ambria L Lankford
>KEN PERRY LAW FIRM, LLC
>1615 Financial Center
>505 20th Street North
>Birmingham, AL 35203
>all@kenperrylawfirm.com

          /s/ *Joseph J. Jacobi*
          *Attorney for Defendant Brian Blazer,*
          *d/b/a Carpenter Bee Solutions*